# CANTER LAW FIRM P.C.

ATTORNEYS AT LAW
123 MAIN STREET – 9TH FLOOR
WHITE PLAINS, NEW YORK 10601
www.canterlawfirm.com

Nelson E. Canter*  
Megan L. Cowden  
John D. Megerian**  
*Also admitted in New Jersey  
** Also admitted in Connecticut

TEL:  (914) 948-3011  
FAX:  (914) 948-3066  
ncanter@canterlawfirm.com

November 10, 2010

*Via ECF*

Honorable Madeline C. Arleo  
United States Magistrate Judge  
United States District Court for the District of New Jersey  
Martin Luther King Building & U.S. Courthouse  
50 Walnut Street  
Newark, NJ 07101

Re:   *BanxCorp v. Bankrate, Inc.*, Civ. No.:  07-03398-SDW-MCA

Dear Judge Arleo:

We are writing on behalf of Plaintiff BanxCorp in connection with the following two requests:

1. Plaintiff is seeking leave to file a motion for partial Summary Judgment on some, if not all, causes of action under the Third Amended Complaint, except for the computation of damages.

2. Plaintiff is requesting that the Court modify paragraph 3 of the Discovery Confidentiality Order dated July 28, 2009 (the "Confidentiality Order"), so that "Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action," or any related action (such as *BanxCorp v. LendingTree et al*, and *BanxCorp v. Apax Partners LP, et al*) including any action or investigation pursued by federal or state law enforcement agencies.

The co-branding agreements produced by Defendant Bankrate, and other materials constitute prima facie evidence of *per se* antitrust violations, involving approximately 300 competing websites – more than triple the number originally alleged – that acted in concert with Bankrate, willfully and intentionally, through a *contract, combination and conspiracy in restraint of trade*.  As such, it would be unfair and prejudicial for Plaintiff to have to postpone the filing of partial dispositive motions until the close of discovery.

Furthermore, according to paragraph 14 of the Confidentiality Order, Plaintiff has the right to move for modification or for relief from any of its terms.  The request for modification

Hon. Madeline Cox Arleo, U.S.M.J.                                            November 10, 2010
Page 2

herein is based on the grounds that there are common questions of law or fact in the related actions, Plaintiff has evidence of joint culpability among the various defendants and counterparties to the contracts, and such harmless modification of the Confidentiality Order would conserve significant judicial resources.

For example, some of Bankrate's co-branding contracts explicitly list the websites of the other co-branding partners as each other's competitors. However, while the competition among CNN, FOXNews, CBS, ABC, NBC, CNBC, MSNBC, The Wall Street Journal, Bloomberg, CBSMarketwatch.com, USA Today, Los Angeles Times, Forbes, SmartMoney, MSN, The New York Times, AOL and Yahoo is publicly and widely known, Bankrate is attempting to cover up the evidence under the false pretense of *confidentiality* designations.

Notwithstanding, paragraph 13 of the Confidentiality Order specifically states as follows:

> No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

In light of the foregoing, we respectfully seek the Court's assistance with these matters, and would be available for a conference call or an in-camera inspection of the evidence, if necessary. Thank you in advance for Your Honor's cooperation.

Respectfully submitted,

*/s/ Nelson E. Canter*

Nelson E. Canter

cc:   Hon. Susan D. Wigenton, U.S.D.J. (via ECF)
      R. Scott Thompson, Esq. (via ECF)
      Michael J. Hahn, Esq. (via ECF)