# ⌐⌐ CANTER LAW FIRM P.C.

ATTORNEYS AT LAW
123 MAIN STREET – 9TH FLOOR
WHITE PLAINS, NEW YORK 10601
www.canterlawfirm.com

Nelson E. Canter*
Megan L. Cowden
John D. Megerian**
*Also admitted in New Jersey
** Also admitted in Connecticut

TEL:  (914) 948-3011
FAX:  (914) 948-3066
ncanter@canterlawfirm.com

November 15, 2010

*Via ECF*

Honorable Madeline C. Arleo
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> Re:    ***BanxCorp v. Bankrate, Inc.***, Civ. No.:  **07-03398-SDW-MCA**

Dear Judge Arleo:

We represent Plaintiff BanxCorp in the above-referenced matter and respectfully request that the Court order Defendant Bankrate to remove the improper Attorney's Eyes Only ("AEO") and Confidential designations in its document production forthwith or deem the documents de-designated, for the following reasons:

1. At the October 5, 2010 Rule 16 Conference, Your Honor admonished Defendant concerning the applicability of the law in this district and the comments to Rule 5.3, making clear that maybe there is "a word or two" that needs to be redacted.

2. Notwithstanding, Bankrate appears to have completely disregarded the Court's directives by designating in sweeping fashion approximately 10,000 documents as AEO and approximately 9,000 or more documents as Confidential, of which more than 2/3 have been blanked out or erased.

3. Such improperly designated evidentiary documents and information go to "the heart of the matter," are crucial to the resolution of this case, may serve as the basis for Plaintiff's upcoming depositions on November 29th and 30th in Courtroom 2A, and for dispositive motions in this action or related actions.

4. Where a party's use of the Attorneys' Eyes Only designation is sweeping it can be a form of discovery abuse and result in the blanket modification of a protective order as well as the imposition of sanctions on the designating party. [1]

---

[1] *See Team Play, Inc. v. Boyer*, No. 03 C 7240 (N.D. Illinois, 2005).

Hon. Madeline Cox Arleo, U.S.M.J.                                    November 15, 2010
Page 2

5. The confidentiality provisions in the co-branding contracts between Bankrate and its competitors provide that "the terms of the Agreement[s]" are not required to be kept confidential, if they are "required to be disclosed by law or judicial process." That is also the case with respect to Bankrate's acquisition agreements with MMIS/Interest.com and Blackshore Properties Inc. d/b/a Bankaholic.com.

6. Bankrate may not assert confidentiality privileges or otherwise attempt to hide a "contract, combination and conspiracy in restraint of trade" with its direct competitors. The co-branding contracts that Bankrate wants to cover up constitute *prima facie* evidence of *per se* antitrust violations under Section 1.

7. In Bankrate's Rule 26(e)(1)(A)(i) disclosures, under the subject of "contracts entered into between Bankrate and co-branding partners," Bankrate failed to disclose the name, title and contact information of persons likely to have discoverable information, by stating instead as follows: "All persons identified as counterparties on contracts bearing bates numbers BR00002766 to BR00004364 | Contact information included in contracts." Nevertheless, the documents produced by Bankrate to date and labeled BR00001 to BR00023113 were improperly designated as AEO or Confidential.

8. It has been well settled by the Supreme Court that "[i]nformation that is public knowledge or that is generally known in an industry cannot be a trade secret … If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." [2]

9. For over a decade Bankrate has publicly disclosed on its website, S.E.C. filings, public offering prospectuses, Quarterly Earnings Conference Calls, investor presentations, and thousands of press releases, the names of its board members, customers, partners and competitors (all of which are material witnesses), rate table price listing practices and predatory price increases, website traffic and revenue. Consequently, since none of this information may be considered a trade secret, Bankrate may not now conveniently designate it AEO or Confidential simply to cover up evidence of inculpatory conduct.

10. Moreover, in its August 2, 2007, Second Quarter 2007 Earnings Call, Bankrate publicly acknowledged that "[s]ome of the guys that are our partners, they're also competitors." [3]

11. Similarly, Bankrate publicly declared during its Q2-2006 and Q4-2006 Earnings Calls that "we split the revenues 50-50 … we do rev share with our partners basically 50-50." [4] Therefore, since this information was publicly announced it can no longer be claimed to be a trade secret.

12. Nor does Bankrate have the right to designate thousands of pages of inculpatory cost-per-click revenue share allocation and traffic reports as AEO or Confidential.

---

[2] *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984).

[3] *See* Third Amended Complaint, page 81 (Document No. 84).

[4] *Id.*, ¶¶ 213-214.

Hon. Madeline Cox Arleo, U.S.M.J.                                           November 15, 2010
Page 3

13. To the extent that the Federal Trade Commission and/or the Department of Justice may require any and all of these documents in order to conduct or complete their investigations, such improper AEO and Confidential designations should not serve as a shield for Bankrate's civil or criminal liabilities.

In conclusion, Bankrate's sweeping AEO and Confidential designations are inconsistent with the letter and spirit of Local Rule 5.3 and the Court's specific instructions as outlined above. Accordingly, attached for Your Honor's consideration are proposed Orders modifying the existing Discovery Confidentiality Order, and granting Plaintiff leave to file dispositive motions as previously requested.

Since the parties are scheduled to be in Courtroom 2A on November 29th, we would be available for a conference on or before that date in accordance with Your Honor's availability.

Thank you for your cooperation in this matter.

Respectfully submitted,

Nelson E. Canter

cc.     Hon. Susan D. Wigenton, U.S.D.J. (via ECF)
        R. Scott Thompson, Esq. (via ECF)
        Michael J. Hahn, Esq. (via ECF)


Encls.

| | UNITED STATES DISTRICT COURT |
|---|---|
| **BANXCORP,** | **DISTRICT OF NEW JERSEY** |
| **Plaintiff(s),** | |
| | **Hon. Susan D. Wigenton** |
| **-vs-** | **Civil Action No. 07-3398 (SDW)** |
| **BANKRATE, INC.,** | |
| | **SUPPLEMENTAL PRETRIAL** |
| **Defendant(s),** | **SCHEDULING ORDER** |

**THIS MATTER** having come before the Court at the request of Plaintiff BanxCorp for modification of the Pretrial Scheduling Order, dated October 6, 2010; and for good cause shown:

**IT IS on this _____ day of November, 2010,**

**ORDERED THAT:**

1.      This Order supplements the Pretrial Scheduling Order, dated October 6, 2010.

2.      Defendant Bankrate shall immediately remove all Attorney's Eyes Only and Confidential designations from any and all co-branding contracts, acquisition agreements, traffic reports and revenue allocation reports, including all previously produced contracts with LendingTree, and produce all such re-designated documents, on or before **November 22, 2010**, or the Court will deem them de-designated.

3.      Plaintiff BanxCorp is granted leave to move for summary judgment at any time until thirty (30) days after the close of Discovery.

4.      Defendant Bankrate will file an amended Rule 26(e)(1)(A)(i) disclosure, providing the name, title and contact information of all persons identified as counterparties on co-branding contracts, on or before **November 22, 2010**.


_____
**MADELINE COX ARLEO, U.S.M.J.**

**BANXCORP,**

         **Plaintiff(s),**

    **-vs-**

**BANKRATE, INC.,**

         **Defendant(s),**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**Hon. Susan D. Wigenton
Civil Action No. 07-3398 (SDW)**

**SUPPLEMENTAL DISCOVERY
CONFIDENTIALITY ORDER**

    **THIS MATTER** having come before the Court at the request of Plaintiff BanxCorp for

modification or for relief from some of the terms, as provided under paragraph 14 of the

Discovery Confidentiality Order dated July 28, 2009; and for good cause shown:

    **IT IS** on this _____ day of November, 2010,

    **ORDERED THAT:**

    This Order supplements and modifies paragraph 3 of the Discovery Confidentiality

Order, dated July 28, 2009, as follows:

    All Confidential material shall be used by the receiving party solely for purposes of the

prosecution or defense of this action <u>or any related action, including any action or investigation</u>

<u>pursued by federal or state law enforcement agencies</u>, shall not be used by the receiving party for

any business, commercial, competitive, personal or other purpose, and shall not be disclosed by

the receiving party to anyone other than those set forth in Paragraph 4, unless and until the

restrictions herein are removed either by written agreement of counsel for the parties, or by

Order of the Court. It is, however, understood that counsel for a party may give advice and

opinions to his or her client solely relating to the above-captioned action based on his or her

evaluation of Confidential material, provided that such advice and opinions shall not reveal the

content of such Confidential material except by prior written agreement of counsel for the

parties, or by Order of the Court.

                                      _____

                                       **MADELINE COX ARLEO, U.S.M.J**

2