

**Lowenstein Sandler**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm
Tel 973 597 2532
Fax 973 597 2533
sthompson@lowenstein.com

November 22, 2010

**VIA CM/ECF & FEDERAL EXPRESS**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:  **BanxCorp v. Bankrate, Inc.**
     **Civil Action No. 07-3398 (SDW) (MCA)**

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the above referenced case. I am writing in response to plaintiff BanxCorp's letter to Your Honor of earlier today, as well as to seek leave of Court to file a motion for a protective order and to quash subpoenas (*see* Ex. 3).

On Friday, November 19, 2010, the parties met and conferred regarding all discovery disputes as ordered by the Court. Today, plaintiff filed a status letter on its own, despite Your Honor's clear directive that the parties submit a joint letter. *See* Doc. No. 154 ("Trial Counsel are directed to meet and confer in an attempt to resolve them [discovery disputes]. The parties shall report to the court *via Joint Status Letter* by November 24, 2010.") (emphasis added).

Plaintiff's unilateral action this morning is the latest episode in what can safely be described as a series of bizarre and erratic actions taken by Plaintiff in this case. At the conclusion of Friday's Court ordered meet and confer, Nelson Canter, plaintiff's counsel, requested that my colleague Michael Hahn send him a draft of the Joint Status Letter requested by the Court. Mr. Hahn sent the draft to Mr. Canter within a couple of hours. *See* Ex. 1. Instead of commenting on the letter or attempting to communicate in good faith, Mr. Canter simply filed his own status letter with the patently invented rationale that: "Regretfully under the circumstances any effort to draft a timely Joint Status Letter became moot due to Defendant's unreasonable and uncompromising position." (Doc. No. 155). It goes without saying that Mr. Canter could have simply provided his comments to the draft Joint Status Letter this morning, or offered to take the laboring oar in drafting a joint letter, rather than making its own unilateral submission.

Plaintiff's disregard for the Court's November 15th Order is part of a continuing pattern of plaintiff's refusal to meet and confer, its assumption of extreme positions and rhetoric in

Hon. Madeline Cox Arleo, U.S.M.J.  November 22, 2010
Page 2

discovery disputes, and its endless stream of requests for Court intervention without any good faith effort to resolve the purported dispute. For example, on October 18, 2010, Your Honor entered an Order that required the parties to "meet and confer regarding Defendant's Attorneys' Eyes Only designations of co-branding contracts, acquisition closing documents, and the forthcoming traffic statistics and revenue allocation reports." (Doc. No. 143). Despite that Order, plaintiff refused to meet and confer, choosing instead to demand that Bankrate meet certain preconditions (which included manufactured tasks that were never discussed at the October 5, 2010 hearing) before plaintiff was willing to participate in a meet and confer conference call.[1] Plaintiff finally acknowledged our repeated requests[2] for a meet and confer conference call without preconditions only two days before the scheduled document production deadline. *See* Ex. 2 at Plaintiff's November 2, 2010 e-mail. In other words, plaintiff only agreed to meet and confer after defendant already spent voluminous hours preparing its documents production.

Inexplicably, plaintiff's current position, as set forth in its letter of today, is that the Court should order defendant to "remove all ***AEO and Confidential designations*** from all co-branding, contracts ... acquisition agreements of MMIS/Interest.com and Bankaholic, and co-branding revenue allocation and traffic reports." (Doc. No. 155) (emphasis added). Thus, plaintiff essentially requests that the Court dissolve all protections provided by the Discovery Confidentiality Order, without making any showing with respect to any document, and despite the fact that we have done exactly what the Court asked it to do at the October 5, 2010 hearing -- redact limited sensitive information from co-branding contracts as AEO with the remainder designated as Confidential. Characteristically, plaintiff's current position that no information can be designated as AEO or Confidential is completely inconsistent with its statement at the October 5, 2010 hearing that: "No problem, Judge, that can be redacted." Tr. 17:11-12. *See also* Tr. 17:25-18:6 ("THE COURT: . . . I would venture to say that there is legitimate confidential information in those contracts that you're not entitled to show your client at this juncture. MR. CANTER: Understood."). In sum, plaintiff requests that the Court provide extraordinary relief that contradicts positions it took at the October 5th hearing and do so without any record

---

[1] *See* Ex. 2 at Plaintiff's October 21, 2010 correspondence to defendant ("We are available for a meet and confer to discuss all pending discovery matters as soon as you respond to our requests below [including] "that you promptly provide the Master List of all co-branding agreements and the respective companies in alphabetical order, including the name, title and contact information of all counterparties. This Master List should indicate in a separate column what contracts were produced, and their respective bates stamp numbers."); Ex. 2 at Plaintiff's October 27 letter ("[W]e are available for a meet and confer ... as soon as you respond unambiguously point by point, by inserting your respective responses after each of the requests below.").

[2] Bankrate specifically and repeatedly requested that plaintiff participate in a meet and confer telephone conference on: October 19, 27, and 28 and November 4, 5, and 12. *See* Ex. 2

**Lowenstein Sandler**
ATTORNEYS AT LAW

Hon. Madeline Cox Arleo, U.S.M.J.  November 22, 2010
Page 3

whatsoever -- *i.e.*, without submission of any of the documents that are the subject to the dispute or any briefing.

Defendant respectfully submits that the attached draft letter we provided to plaintiff's counsel on Friday provides an accurate summary of open discovery issues -- including the issues that plaintiff has conveniently left out of its letter concerning the deficiencies in its document production and responses to interrogatories.[3]  *See* Ex. 1. With respect to one issue in particular -- plaintiff's refusal to withdraw improper deposition notices and subpoenas for testimony -- Bankrate respectfully requests leave of Court to file the attached motion for protective order and to quash subpoenas. *See* Ex. 3. Defendant also respectfully requests that the Court establish a briefing schedule concerning the remaining issues, so they can be adjudicated on a complete record.

Thank you.

Respectfully submitted,

*R. Scott Thompson /EJ*

R. Scott Thompson

20928/2
11/22/10 16173017.2

cc:   Nelson E. Canter, Esq. (via CM/ECF & first class mail)
      Michael J. Hahn, Esq.
      Eric Jesse, Esq.

---

[3] Plaintiff's supplemental responses to defendant's interrogatories and document requests remain deficient. Plaintiff's response to the defendant's First Request for Production of Documents includes only 45 e-mails -- 15 from electronic sources and 30 that are scanned paper -- and was the product of a search of only two custodians. In addition, plaintiff continues to obfuscate issues concerning the relevant market in its interrogatory responses.

**Lowenstein Sandler**
ATTORNEYS AT LAW

3