# CANTER LAW FIRM P.C.

ATTORNEYS AT LAW
123 MAIN STREET – 9TH FLOOR
WHITE PLAINS, NEW YORK 10601
www.canterlawfirm.com

| | |
|---|---|
| Nelson E. Canter* | TEL: (914) 948-3011 |
| John D. Megerian** | FAX: (914) 948-3066 |
| *Also admitted in New Jersey | ncanter@canterlawfirm.com |
| ** Also admitted in Connecticut | |

November 23, 2010

*Via ECF*

Honorable Susan D. Wigenton, U.S.D.J.
United States District Court
District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Honorable Madeline C. Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: *BanxCorp v. Bankrate, Inc.*, Civ. No. 07-03398-SDW-MCA
      *BanxCorp v. LendingTree LLC, et al.*, Civ. No. 10-2467-SDW-MCA
      *BanxCorp v. Apax Partners LP, et al.*, Civ. No. 10-4769-SDW-MCA

Dear Judge Wigenton and Judge Arleo:

  We represent Plaintiff BanxCorp in the above-referenced actions.

  Plaintiff respectfully requests that the Court consolidate the related actions *BanxCorp v. LendingTree LLC, et al.* and *BanxCorp v. Apax Partners LP, et al.,* with the underlying *BanxCorp v. Bankrate, Inc.* action, under Rule 42(a) of the Federal Rules of Civil Procedure.

  Rule 42(a) empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay, and to facilitate the administration of justice. *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir. 1964), *cert. denied*, 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965).

  The Court should consider the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the

Hon. Susan D. Wigenton, U.S.D.J.                                                          November 23, 2010
Hon. Madeline Cox Arleo, U.S.M.J.
Page 2

relative expense to all concerned of the single-trial, multiple-trial alternatives. *See, e.g., Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d at 1495 (11th Cir.1985).

Documents disclosed by Defendant Bankrate during discovery, include hundreds of agreements between horizontal competitors, providing explicit and incontrovertible evidence of agreements between competitors at the same level of market structure, entered into willfully and intentionally, in violation of § 1 of the Sherman Act.

The Supreme Court held that, "[o]ne of the classic examples of a *per se* violation of 1 is an agreement between competitors at the same level of the market structure. . ." *United States v. Topco Associates, Inc.*, 405 U.S. 596, 608 (1972). *See also United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 223-24, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *Pace Elecs., Inc. v. Canon Computer Sys., Inc.*, 213 F.3d 118, 123 (3d Cir. 2000) ("[the per se] standard, which is based on considerations of 'business certainty and litigation efficiency,' allows a court to presume that certain limited classes of conduct have an anticompetitive effect without engaging in the type of involved, market-specific analysis ordinarily necessary to reach such a conclusion.").

The exclusionary and anticompetitive partnership agreements, and merger and acquisition agreements between competitors are ongoing, in combination with the support of Apax Partners since 2009[1]. These agreements, including those between Bankrate and Dow Jones & Co., The New York Times, CNBC, CNN, MSNBC, Fox News, AOL, LendingTree, Move Inc., MMIS/Interest.com and Bankaholic, list each other as competitors.

Plaintiff will gladly submit for the Court's review copies of these contracts and exhibits – which have been improperly designated *Confidential* and *For Attorney's Eyes Only* in sweeping fashion – as it intends to do so anyway in the context of Plaintiff's upcoming summary judgment and discovery-related filings.

In light of the foregoing, Plaintiff respectfully requests that the three related actions be consolidated accordingly.

                                            Respectfully submitted,

                                            Nelson E. Canter

cc.    All Counsel of Record (*via ECF*)

---

[1] It should be noted that according to Bankrate's Rule 7.1 Amended Corporate Disclosure Statement, there is no parent company-subsidiary relationship between Apax Partners and Bankrate, and as such these parties do not fall under the single economic entity doctrine. *See BanxCorp v. Bankrate, Inc.,* Document No. 137 filed on October 4, 2010.