# CANTER LAW FIRM P.C.

ATTORNEYS AT LAW
123 MAIN STREET – 9TH FLOOR
WHITE PLAINS, NEW YORK 10601
www.canterlawfirm.com

Nelson E. Canter*  
John D. Megerian**  
*Also admitted in New Jersey  
** Also admitted in Connecticut

TEL: (914) 948-3011  
FAX: (914) 948-3066  
ncanter@canterlawfirm.com

November 29, 2010

*Via ECF*

Honorable Madeline C. Arleo, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *BanxCorp v. Bankrate, Inc.*, Civ. No.: 07-03398-SDW-MCA

Dear Judge Arleo:

We represent Plaintiff BanxCorp in the above-referenced matter. Defendant Bankrate has refused to proceed with depositions of three key witnesses properly noticed more than a month ago.

Defendant's arguments for a protective order to prevent the depositions of Peter Morse, Mitchell Truwit and Elisabeth DeMarse will further delay the prosecution of this action and are baseless for the following reasons:

1. As stated in our letter to Your Honor dated October 21, 2010[1], depositions were specifically contemplated in Paragraph 3 of the Pretrial Scheduling Order dated October 6, 2010;

2. Defendant's most critical and inculpatory documents have finally been produced – albeit with sweeping and improper AEO and Confidential designations – consisting of (a) exclusionary co-branding contracts between Bankrate and over 130 competitors encompassing a price-fixing and market allocation cartel of approximately 500 websites; and (b) the acquisition contracts of Bankrate's competitors MMIS/Interest.com and Bankaholic;

3. The deposition of Peter Morse is necessary to this litigation[2] as he has at all times been Bankrate's longest serving board member, chairman and controlling shareholder, and the

---

[1] See Document No. 146.

[2] *See TWA v. Hughes*, 449 F.2d 51 (2d Cir. 1971) (Howard Hughes's testimony was absolutely essential because of his extraordinary secretive methods of doing business. Convoluted and protracted pre-trial maneuvers culminated in the failure of Hughes to appear for a deposition, resulting in a default judgment).

Honorable Madeline C. Arleo, U.S.M.J.                                                November 29, 2010
Page 2

guiding light behind Defendant's major transactions and monopolization scheme. He therefore possesses "unique knowledge of the facts at issue";

     4.     Both Mr. Morse and Elisabeth DeMarse (Bankrate's CEO until August 10, 2004, and CreditCards.com's CEO until June 2010 upon its acquisition by Bankrate) met in person on separate occasions with BanxCorp's CEO Norbert Mehl, in the context of formal merger discussions between Bankrate and BanxCorp. As such they each possess "unique knowledge of the facts at issue" and direct knowledge of Plaintiff's claims, far superior to any other corporate officer or director of Defendant;

     5.     The due diligence investigation conducted by Mitchell Truwit in the context of Bankrate's acquisition by Apax Partners in 2009, puts him in a unique position to identify Bankrate's competitors, market power, and monopolization of the relevant market. Coupled with his role as a Bankrate director during the past year, he gained a unique inside and outside knowledge of the facts at issue, which are simply irreplaceable;

     6.     Despite Defendant's assertions, federal courts do not recognize the apex doctrine[3]; depositions of high-level executives are routinely allowed when their conduct and knowledge are relevant to the case. There are no extraordinary circumstances prohibiting depositions of Peter Morse and Mitchell Truwit, and Plaintiff does not anticipate the need to secure testimony from lower-level Bankrate officials with limited, compartmentalized knowledge; and

     7.     In light of Plaintiff's anticipated motions for partial summary judgment, Plaintiff would suffer significant prejudice if depositions of these witnesses are postponed until the close of document discovery.

Plaintiff therefore respectfully requests that the Court order the depositions of Peter Morse, Mitchell Truwit and Elisabeth DeMarse accordingly.

                                                Respectfully submitted,

                                                Nelson E. Canter

cc:     R. Scott Thompson, Esq. (via ECF)
        Michael J. Hahn, Esq. (via ECF)

---

[3] *See, e.g., Gauthier v. Union Pacific Railroad Co.*, Civil Action No. 1:07-CV-12 (TH/KFG) (E.D. Texas, 2008).