# CANTER LAW FIRM P.C.

ATTORNEYS AT LAW
123 MAIN STREET – 9TH FLOOR
WHITE PLAINS, NEW YORK 10601
www.canterlawfirm.com

Nelson E. Canter*  
John D. Megerian**  
*Also admitted in New Jersey  
** Also admitted in Connecticut  

TEL:  (914) 948-3011  
FAX:  (914) 948-3066  
ncanter@canterlawfirm.com  

December 1, 2010

*Via ECF*

Honorable Susan D. Wigenton, U.S.D.J.
United States District Court
District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Honorable Madeline C. Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    **Re:**    *BanxCorp v. Bankrate, Inc.*, Civ. No.  07-03398-SDW-MCA
             *BanxCorp v. LendingTree LLC, et al.*, Civ. No.  10-2467-SDW-MCA
             *BanxCorp v. Apax Partners LP, et al.*, Civ. No.  10-4769-SDW-MCA

Dear Judge Wigenton and Judge Arleo:

    We write to further support Plaintiff BanxCorp's request to consolidate the above-referenced actions, for the reasons set forth below.

1. FRCP Rule 42(a) empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay, and to facilitate the administration of justice.[1] In all the cases at bar common legal and factual issues predominate.

2. The Court should consider the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as

---

[1] *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir. 1964), *cert. denied*, 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965).

Hon. Susan D. Wigenton, U.S.D.J.  December 1, 2010
Hon. Madeline Cox Arleo, U.S.M.J.
Page 2

   against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.[2]

3. Even if there were slight variations in the allegations against the defendants in all three actions, such actions need not be identical before they may be consolidated.[3]

4. Consolidation may be ordered where different damage claims are filed if the commonality requirement is satisfied.[4]

5. Where enough common and related issues exist such that "it would needlessly waste both time and manpower to require separate trials," the parties need not be the same.[5]

6. Generally, consolidation is appropriate when "any confusion or prejudice does not outweigh efficiency concerns."[6]  Absent consolidation, there is a greater risk of prejudice, confusion, inconsistent adjudications of factual and legal issues with separate trials, and inefficient management of the Court's docket.

7. Discovery in one action is relevant to all related actions.  As such, discovery is probative of the common issues of law and fact.

8. No depositions have been held, no prejudice would be incurred by any party, no trial date has been set, and after years of protracted discovery proceedings, earnest discovery has just begun.

9. Such discovery to date reveals a much broader monopolization scheme and antitrust violations by all the defendants, which is precisely what prompted the filing of the related actions against Bankrate's counterparties.

10. Since the judicial proceedings in the *Bankrate* action and "matters of which a court may take judicial notice"[7] have been specifically incorporated by reference in the related actions, consolidation would be timely and appropriate.

11. Consolidation will conserve judicial resources and will avoid the necessity of duplicative pleadings, motions, discovery proceedings, hearings and trials.

---

[2] *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d at 1495 (11th Cir. 1985).

[3] *In re Cendant Corp. Litigation,*182 F.R.D. 476, 478 (D.N.J. 1998).

[4] *Id.*

[5] *Waldman v. Electrospace Corp.,* 68 F.R.D. 281, 284 (S.D.N.Y. 1975).

[6] *Primavera Familienstiftung v. Askin,* 78 F.R.D. 405, 411 (S.D.N.Y. 1998).

[7] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Hon. Susan D. Wigenton, U.S.D.J.                                                   December 1, 2010
Hon. Madeline Cox Arleo, U.S.M.J.
Page 3

12. Consolidation would neither cause further delay nor possible prejudice, and is certainly not premature, since it would actually encourage and "facilitate the administration of justice."

Considering the foregoing, Plaintiff respectfully requests that consolidation of the actions be so ordered.

Respectfully submitted,

Nelson E. Canter

cc.      All Counsel of Record (*via ECF*)