# CANTER LAW FIRM P.C.

ATTORNEYS AT LAW
123 MAIN STREET – 9TH FLOOR
WHITE PLAINS, NEW YORK 10601
www.canterlawfirm.com

Nelson E. Canter*  
John D. Megerian**  
*Also admitted in New Jersey  
** Also admitted in Connecticut

TEL:   (914) 948-3011  
FAX:   (914) 948-3066  
ncanter@canterlawfirm.com

December 16, 2010

*Via ECF – Exhibits e-Filed Under Seal*

Hon. Susan D. Wigenton, U.S.D.J.  
United States District Court for the District of New Jersey  
M.L. King, Jr. Building & U.S. Courthouse  
50 Walnut Street  
Newark, NJ 07101

Honorable Madeline C. Arleo, U.S.M.J.  
United States District Court for the District of New Jersey  
M.L. King, Jr. Building & U.S. Courthouse  
50 Walnut Street  
Newark, NJ 07101

      Re:    *BanxCorp v. Bankrate, Inc.*, Civ. No.:  07-03398-SDW-MCA

Dear Judge Wigenton and Judge Arleo:

    After nearly four years of litigation, Plaintiff BanxCorp has finally obtained documents through numerous subpoenas and other sources, constituting incontrovertible and overwhelming proof of Defendant Bankrate's violations of Section 1 and 2 of the Sherman Act, Section 7 of the Clayton Act, and the New Jersey Antitrust Act, which render every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade, unlawful.

    Plaintiff therefore respectfully requests leave to file a motion for partial summary judgment pursuant to Rule 56(a) and (b) on issues of liability.

    Plaintiff's proof in support of its request includes, but is not limited to, the following examples:

1. Bankrate's secretive anticompetitive contracts with approximately 130 competing counterparties, included allocation of markets, traffic, customers and revenues, in *per se* violation of Section 1 of the Sherman Act; [1]

---

[1] *See, e.g.,* Exhibit 1: contracts with Move, Inc., a defendant in *BanxCorp v. LendingTree LLC, et al.*, Civ. No. 10-2467-SDW -MCA (the "LendingTree Action"); Exhibit 2: contract with Tribune Media.

Hon. Susan D. Wigenton, U.S.D.J.
Hon. Madeline C. Arleo, U.S.M.J.
December 16, 2010
Page 2

2. Pursuant to the above contracts, Bankrate had the exclusive right to sell cost-per-click ("CPC") rate table listings on behalf of hundreds of competing co-branded Bank Rate Websites at the same price, in *per se* violation of Section 1 of the Sherman Act; [2]

3. The CPC rate table listing prices charged to banks by Bankrate on behalf of its own websites *Bankrate.com*, *Interest.com* and *Bankaholic.com*, as well as a cartel of hundreds of Bank Rate Website partners, were consistently fixed across Bankrate's "network" and ranged from $3 per click at the end of 2005, to more than $9 per click in 2010 (an unchallenged series of price increases in excess of 300%), in *per se* violation of Section 1 of the Sherman Act; [3]

4. Bankrate and its "partners" secretly fixed CPC prices although their websites competed with and among each other for traffic and revenue through the sale of Internet-based advertisements products, including CPC rate table listings, in *per se* violation of Section 1 of the Sherman Act; [4]

   For example, these secretive contracts state as follows:

   > "Bankrate's Sale of Advertisements on the Co-Branded Pages. Bankrate shall have the sole authority to sell advertisements, sponsorships and other promotional materials and to charge and collect fees for advertisements, sponsorships and other promotional materials placed on the Co-Branded Pages, including, without limitation, the Rate Center Pages.
   >
   > Bankrate shall sell such advertisements, sponsorships and other promotional materials *on a network basis*…"

5. Bankrate's monopolized and/or attempted to monopolize the relevant market, as a result of which there are virtually and effectively no independent competitors left in the relevant market, in violation of Section 2 of the Sherman Act.

   Plaintiff's documentary proof includes a statement by Bankrate's CEO Tom Evans made on June 17, 2009 in the presence of Bankrate's Chairman Peter Morse and other board

---

[2] *See, e.g.,* Exhibit 3: *quid-pro-quo* contracts with LendingTree LLC, a defendant in the LendingTree Action.

[3] *See, e.g.,* Exhibit 4: Bankrate's S.E.C 8-K filings and Excerpts of Quarterly Earnings Call Transcripts, Pricing data is based on Bankrate's public announcements and internal extrapolations; Exhibit 5: Bankrate's 2005-2010 CPC fixed prices charged to Ally Bank, Citibank's ad agency JWT, and Banco Popular/E-Loan.

While not required to prove *per se* violations of Section 1, the CPC price increases and inelasticity of demand further prove the existence of a relevant market for Bank Rate Websites. Plaintiff is not waiving its rights to de-designate any pricing information provisionally filed under seal.

[4] *See, e.g.,* Exhibit 6: excerpts from Bankrate's Q2-07 Earnings Call Transcript and 10-K for 2001-2006; Exhibit 7: a CNN contract schedule and contracts with Dow Jones and CNBC list other cartel members as their respective competitors (CNN, Dow Jones and CNBC are also defendants in the LendingTree Action), and contracts with BCRS/*BankCD.com* and *Ratecatcher.com* acknowledge competition upfront in the respective "Whereas" sections.

Hon. Susan D. Wigenton, U.S.D.J.
Hon. Madeline C. Arleo, U.S.M.J.
December 16, 2010
Page 3

members, that ***"Bankrate does not have direct competitors"***, explicitly confirming Bankrate's monopoly while willfully and knowingly negotiating an illegal contract in combination and conspiracy with Apax Partners, the defendant in the related action *BanxCorp v. Apax Partners LP, et al.,* Civ. No. 10-4769-SDW-MCA, executed a month later with the intent of restraint of trade; [5] and

6. Bankrate's contracts to acquire its competitors MMIS/Interest.com in 2005, and Bankaholic in 2008, after first entering into a co-branding and price-fixing agreement, were in violation of Section 7 of the Clayton Act. [6]

Plaintiff's motion as discussed herein will include additional evidence in support of its claims, including over 130 contracts and exhibits.

Accordingly, attached is a proposed Order granting Plaintiff leave to file a motion for partial summary judgment as set forth above.

Thank you for your consideration.

    Respectfully submitted,

    CANTER LAW FIRM P.C.

By: *[signature]*
    Nelson E. Canter

cc.     All Counsel of Record (*via ECF*)

Encls.

---

[5] *See, e.g.,* Exhibit 8: Minutes of Bankrate's June 17, 2009 Board Meeting.

[6] *See, e.g.,* Exhibit 9: MMIS contract and related Bankrate Board Meetings, including Bankrate's inculpatory responses to a Yahoo Request for Proposal (RFP); Exhibit 10: BANKAHOLIC contracts.

|  |  |
|---|---|
| **BANXCORP,**<br><br>           **Plaintiff(s),**<br><br>   **-vs-**<br><br>**BANKRATE, INC.,**<br><br>           **Defendant(s),** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Hon. Susan D. Wigenton**<br>**Civil Action No. 07-3398 (SDW)**<br><br>**SUPPLEMENTAL PRETRIAL**<br>**SCHEDULING ORDER** |

**THIS MATTER** having come before the Court at the request of Plaintiff BanxCorp for modification of the Pretrial Scheduling Order, dated October 6, 2010; and for good cause shown:

**IT IS** on this _____ day of December, 2010,

**ORDERED THAT:**

1.   This Order modifies and supplements paragraph 6 of the Pretrial Scheduling Order, dated October 6, 2010, as follows: Plaintiff is granted leave to move for summary judgment at any time until thirty (30) days after the close of Discovery.

_____
**MADELINE COX ARLEO, U.S.M.J.**