

**Lowenstein Sandler**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm

Tel  973 597 2532
Fax  973 597 2533

sthompson@lowenstein.com

December 20, 2010

**VIA CM/ECF & FEDERAL EXPRESS**

Hon. Susan D. Wigenton, U.S.D.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:    BanxCorp v. Bankrate, Inc.**
**Civil Action No. 07-3398 (SDW)(MCA)**

Dear Judge Wigenton and Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced matter. I am writing in response to Plaintiff BanxCorp's letter dated December 16 (Doc. No. 168) seeking leave to file a motion partial summary judgment motion "on issues of liability."

I will not address in any detail the substantive allegations made in BanxCorp's December 16 letter other than to emphasize, again, that plaintiff's claims are not based upon any principle of antitrust law recognized by any court in this country. For example, plaintiff has never identified any legal support for its claim that Bankrate's co-branding agreements with online partners are *per se* unlawful. No such authority exists because those co-branding agreements -- which are a common form of business arrangement in which on-line entities charge a single price for a single product -- simply do not implicate the concerns addressed by antitrust law's prohibition on agreements to fix prices.

There are a number of other problems with plaintiff's proposed summary judgment motion. First, plaintiff apparently intends to seek summary judgment with respect to claims not made in any version of the complaint in this case. None of the claims described in the first numbered paragraph of plaintiff's December 16 letter is actually pled in the Third Amended Complaint.

Hon. Susan D. Wigenton, U.S.D.J.
Hon. Madeline Cox Arleo, U.S.M.J.                    December 20, 2010
Page 2

Second, it is inconceivable that plaintiff could actually succeed on a motion for summary judgment on claims that *are* pled in the Third Amended Complaint. Plaintiff cannot prove antitrust injury arising out of the claims alleged, so it will not even be able to show that it has standing to assert those claims. Plaintiff has steadfastly refused to respond to interrogatories and other discovery requests seeking the basis for its claim of antitrust injury, making it clear that it recognizes its lack of standing.

Even if standing were not an issue, there are issues of fact as to which plaintiff will never be able to carry its burden of proof, let alone on summary judgment. Plaintiff has adduced no evidence establishing the contours of the relevant market or harm to competition in that market. As the Court is aware, the parties are likely to have markedly different views concerning the scope of the relevant market. Similarly, there is absolutely nothing in the record to support plaintiff's claim that Bankrate's 130 co-branding partners were competitors, a necessary predicate for plaintiff's Section 1 price fixing claims. In short, even if the law provided a basis for plaintiff's claims (which it does not), plaintiff would have a long, long way to go before it could make any non-frivolous dispositive motion.

Bankrate would like nothing better than to have this case decided on the law, immediately and without further discovery. In the event that the Court is inclined to hear motions for summary judgment, Bankrate respectfully requests that it be permitted to file dispositive motions at the same time. A number of plaintiff's claims are ripe for disposition.

For example, we are serving plaintiff today with the notice required under Fed. R. Civ. P. 11 demanding that plaintiff withdraw its claims that Bankrate engaged in exclusive dealing in violation of Sections 1 and 2 of the Sherman Act. Judge Wigenton has held in this case that "[e]xclusive dealing exists when a buyer and seller enter into an agreement in which the buyer will only purchase goods and services from that one seller and the agreement forecloses competition." September 14, 2009 Opinion at page 7. In the Third Amended Complaint, plaintiff claimed that Bankrate entered into vertical exclusive dealing arrangements where Bankrate was the seller and its co-branding partners were the buyers. Plaintiff recently admitted (in responses to requests for admission) that Bankrate's co-branding partners are not its "customers." By plaintiff's own admission, and under the plain terms of this Court's rulings, plaintiff's exclusive dealing claims are patently invalid, and we are demanding that plaintiff withdraw them.

If the Court grants BanxCorp leave to file a motion for summary judgment, Bankrate requests that it be permitted to make an appropriate motion directed at plaintiff's exclusive dealing claims (if they are not withdrawn), among other claims.



Hon. Susan D. Wigenton, U.S.D.J.
Hon. Madeline Cox Arleo, U.S.M.J.                    December 20, 2010
Page 3


We apologize to the Court for this imposition, and thank the Court for its time and attention.

Respectfully submitted,

*R. Scott Thompson /Ef*

R. Scott Thompson


20928/2
12/20/10 16260251.1

cc:     Nelson E. Canter, Esq. (via CM/ECF)
        Michael J. Hahn, Esq.

