**~~JOINT~~ STATUS LETTER**

January 17, 2011

**VIA CM/ECF & FEDEX**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

    Re:    *BanxCorp v. Bankrate, Inc.*, Civ. No. 07-3398 (SDW)(MCA)

Dear Judge Arleo:

    Plaintiff BanxCorp ("BanxCorp") ~~and Defendant Bankrate, Inc. ("Bankrate") jointly~~ submits this letter in advance of the January 20, 2011 status conference (the "Status Conference") before Your Honor, as required by the October 6, 2010 Pretrial Scheduling Order (the "October 6 Order").  Pursuant to Paragraph 19 of the October 6 Order, this letter addresses the status of discovery, any requested modifications to the existing discovery schedule and any anticipated discovery disputes.  [Defendant refused to co-sign this letter.]

**STATUS OF DISCOVERY**

    The parties have exchanged requests for the production of documents and interrogatories.  Defendant has served, and Plaintiff has provided responses to, requests for admission.  Plaintiff's requests for admission, a second request for the production of documents and re-stated interrogatories are pending service.  Plaintiff served subpoenas for the production of documents on third parties issued by other District Courts, and also served notices of deposition on three witnesses.  Defendant requested permission to file an application with this Court to quash and/or for a protective order with respect to these subpoenas and deposition notices.  Unresolved disputes between the parties and proposed motions are described below.

**MODIFICATIONS TO EXISTING DISCOVERY SCHEDULE**

I. Plaintiff requested modification of the October 6 Order granting Plaintiff leave to file a motion for partial summary judgment on issues of liability, at any time until thirty (30) days after the close of discovery, in accordance with Rule 56(b).  Defendant requested permission to file dispositive motions if Plaintiff's request is granted, and requests that any dispositive motions be made in accordance with a briefing schedule to be set by the Court.

II. Plaintiff requests modification of the October 6 Order specifically authorizing depositions.

III. The parameters for the search required to produce certain e-mails have not been set as contemplated in Paragraph 11 of the Supplemental Pretrial Scheduling Order (the "October 18 Order"), and will be set before or during the Status Conference.  Accordingly, Defendant will produce the e-mails resulting from these searches on or before February 25, 2011.

## DISCOVERY DISPUTES

A. **Issues Identified by Plaintiff BanxCorp**

1. **Request for Consolidation and Modification of Confidentiality Order.**

   Plaintiff's request to consolidate the related actions is pending. Plaintiff separately requested that the July 28, 2009 Discovery Confidentiality Order ("Confidentiality Order") be modified to allow the use of discovery materials in any related action or government investigation. Defendant opposes these requests.

2. **Defendant's "AEO" and "Confidential" Designations.**

   Plaintiff requested that Defendant remove AEO and Confidential designations covering more than 37,000 pages. Plaintiff claims that Defendant continues to be in violation of Local Rule 5.3, failed to cure all previous designations and continues to produce documents with improper designations, impeding Plaintiff's ability to effectively prosecute this action. Plaintiff is requesting that the Court direct Defendant to de-designate its document production. Defendant claims that it has appropriately designated documents under the Confidentiality Order and this Court's directions and opposes the request.

3. **Defendant's Violation of the Confidentiality Order.**

   Defendant violated the Confidentiality Order by publicly disclosing Confidential Document Nos. 177-6 and 177-7 related to Plaintiff's pricing. Plaintiff requests that sanctions be imposed on Defendant. Defendant claims that the documents were subsequently sealed and opposes this request.

4. **Defendant's Unmarked Deletions.**

   Plaintiff requested that sanctions be imposed on Defendant due to Defendant's unmarked deletions and/or alterations of documents, which required a page by page comparison between thousands of documents marked both Confidential and AEO in order to ascertain what was deleted. Defendant claims that it has appropriately redacted information under the Confidentiality Order and this Court's directions.

5. **Depositions of Three Noticed Witnesses.**

   Plaintiff noticed the depositions of Bankrate's chairman Peter Morse, director Mitch Truwit, and former CEO Elisabeth DeMarse, for November 29-30, 2010 in Courtroom 2A, and subsequently re-noticed those depositions for January 12, 2011. Defendant refused to produce such witnesses, and requested leave to move for a protective order. Plaintiff proposes to replace the deposition of Mr. Truwit, with Bankrate's director and CEO Tom Evans.

6. **Plaintiff's Subpoenas to Third-Parties.**

   Plaintiff served subpoenas, issued by other District Courts, on certain banks, advertising agencies and co-branding partners of Bankrate, as well as on the Department of Justice and the Federal Trade Commission. Plaintiff claims that Defendant improperly interfered with such subpoenas by seeking leave to quash the subpoenas with this Court and writing to the subpoenaed third parties accordingly, and enclosing copies of Defendant's proposed motion with this Court. Defendant's request for leave to file a motion for a protective order with respect to those subpoenas with this Court remains open.

7. **Defendant's Responses to Document Requests.**

   a. Pursuant to the October 18 Order, Defendant was required to produce on or before November 4, 2010, board minutes, reports and presentations from January 1, 2005 to the present. Plaintiff claims that Defendant produced incomplete minutes with numerous gaps, unsigned and in draft format. Defendant claims that it has produced all relevant, responsive information in its possession, custody and control.

   b. Pursuant to the October 18 Order, Defendant was required to produce on or before December 6, 2010, insertion orders (i.e., purchase orders) and contracts with the top five customers purchasing rate table listings per year for the years 2004, 2005, 2006 and 2007. Plaintiff claims that Defendant has not complied with this requirement. Defendant claims that it has produced all relevant, responsive information in its possession, custody and control.

   c. Pursuant to the October 18 Order, Defendant was required to produce on or before January 10, 2011, all responsive e-mails sent and received for the period of January 1, 2003 through December 31, 2007 that pertain to the claims in Plaintiff's Third Amended Complaint ("TAC") between Tom Evans (Bankrate's CEO) and Peter Morse (Bankrate's Chairman). Plaintiff claims that Defendant's document production is deficient and incomplete.

8. **Defendant's Responses to First Interrogatories.**

   Plaintiff claims that Defendant's responses to Plaintiff's first interrogatories are deficient and inadequate.

9. **Defendant's Rule 26(e) Disclosure.**

   Plaintiff requested that Defendant disclose the name, title and contact information of "all persons identified as counterparties on contracts" in its Rule 26(e) statement, without any confidentiality restriction. Defendant claims that it has provided the information by referring to co-branding contracts designated Confidential, and opposes this request.

B. **Issues Identified by Defendant Bankrate**

1. **Plaintiff's Responses to Interrogatories and Document Requests.**

   a. Defendant claims that Plaintiff failed to identify in its interrogatory responses which, if any, of the 100 plus co-branding partners actually sold "Internet-based hyperlinked interest rate table listings with interactive functionality" prior to entering into co-branding agreements with Defendant. Plaintiff claims that it has provided adequate responses to the interrogatories based on all relevant, responsive information in its possession, custody and control.

   b. Defendant claims that Plaintiff's document production is deficient and claims that Plaintiff must perform more comprehensive searches of its electronic information in order to comply with its obligations. Plaintiff claims that it has provided all responsive information based on all relevant, responsive information in its possession, custody and control.

   c. Defendant claims that Plaintiff has not responded adequately to interrogatories that seek the factual basis for Plaintiff's claim in the TAC that it suffered an antitrust injury. Plaintiff claims that it has provided adequate responses to these interrogatories based on all relevant, responsive information in its possession, custody and control, on the grounds that its computation of damages is based on its Loss of Going Concern Value, and on the grounds that it is prematurely seeking information about which an expert will opine at a later point in discovery..

2. **Plaintiff's Responses to Requests for Admission (RFAs).**

   Defendant claims that Plaintiff failed to admit or deny approximately 73 RFAs. Some of the RFAs seek answers from Plaintiff concerning Plaintiff's allegations related to (1) Defendant's pricing as to which Defendant claims that Plaintiff is making inconsistent allegations of fact, and (2) which, if any, of Defendant's 100-plus co-branding partners identified in the TAC ever sold "Internet-based hyperlinked interest rate table listings with interactive functionality" prior to entering into agreements with Defendant.

   Plaintiff claims that it has provided adequate responses and valid objections to the RFAs based on all relevant, responsive information in its possession, custody and control; (1) on the grounds that they call for an expert opinion, and to the extent that Defendant has designated its pricing information as AEO; and (2) on the grounds that it presumes that website operators only competed for the sale of advertising on rate tables, and to the extent that prior to entering into or renewing their partnership agreements, website operators competed with Bankrate.

3. **Copies of Documents to and from Subpoenaed Third Parties.**

   Plaintiff has obtained certain documents from third parties by way of subpoena and has not produced those documents despite Defendant's requests. Plaintiff will produce copies of the subpoenaed documents upon which it intends to rely at trial. Plaintiff requested

copies of any and all communications between Defendant and such third parties concerning the subpoenas.

## PROPOSED MOTIONS

1. **Defendant's Proposed Motion to Quash or for a Protective Order With Respect to Plaintiff's Deposition Notices and Third-Party Subpoenas:** Defendant requested permission to file a motion to quash or for a protective order with respect to what it claims to be improper deposition notices and third-party subpoenas served by Plaintiff. Plaintiff opposes this request, and requests leave to move for sanctions unless Defendant withdraws its application in this Court, to quash or for a protective order with respect to the subpoenas issued by other District Courts, by the conclusion of the Status Conference.  See A.5 and A.6 above.

2. **Defendant's Proposed Motion for Sanctions under Rule 11:**  Defendant served Plaintiff with a proposed motion for sanctions for continuing to prosecute an allegedly frivolous claim, on the grounds that Plaintiff admits that media outlets are not Defendant's "customers."  Plaintiff requests leave to file amended pleadings, in which the exclusive dealing claim will be re-pled or withdrawn (see No. 6 below).

3. **Defendant's Proposed Motion for an Order to Compel:**  Defendant requested permission to file an application for an order directing BanxCorp to comply with its discovery obligations unless alleged deficiencies are cured by the conclusion of the Status Conference.  Plaintiff responds that this request and Defendant's proposed Rule 11 motion as set forth above, will be the subject of a cross-motion by Plaintiff for sanctions and counsel fees under 28 U.S.C. § 1927, Fed. R. Civ. P. Rule 11, *N.J.S.A.* 2A:15-59.1 and/or R. 1:4-8, unless withdrawn by Defendant by the conclusion of the Status Conference.

4. **Plaintiff's Proposed Motion for Sanctions under Fed. R. Civ. P. Rules 16(f), and 37:** Plaintiff requests leave to move for sanctions under Rules 16(f) and 37 with respect to alleged deficiencies in Defendant's compliance with its discovery obligations, unless the alleged deficiencies are cured by the conclusion of the Status Conference.

5. **Plaintiff's Proposed Motion for Partial Summary Judgment:** See I above.

6. **Plaintiff's Proposed Amended Pleadings:** Plaintiff requests leave to file amended pleadings based on new issues of fact and relevant information in its possession.

Respectfully submitted,

| | |
|---|---|
| /s/ *Nelson E. Canter* | **[DECLINED TO SIGN]** |
| Nelson E. Canter | R. Scott Thompson |
| CANTER LAW FIRM PC | LOWENSTEIN SANDLER PC |
| *Attorneys for Plaintiff BanxCorp* | *Attorneys for Defendant Bankrate, Inc.* |