

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax  973 597 2533
sthompson@lowenstein.com

January 18, 2011

**VIA CM/ECF & FEDERAL EXPRESS**
Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:  BanxCorp v. Bankrate, Inc., Civil Action No. 07-3398 (SDW) (MCA)

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced case. A status conference is scheduled with Honor for January 20, 2011 at 11:00 a.m. In the Scheduling Order dated October 6, 2010, Your Honor directed the parties to submit a joint letter of no more than five pages in advance of the conference setting forth certain information and identifying anticipated discovery disputes. The parties were not able to agree upon a joint letter.

I enclose a draft letter reflecting an attempt to provide the court with the information requested, stripped of characterization, argument, and posturing by either side. It was the end result of a process in which the parties exchanged numerous drafts; each time we proposed a draft in which we attempted to describe the issues that we expected to raise with Your Honor, Plaintiff rewrote the draft to present its own view on each issue. On Saturday, I provided counsel for the plaintiff with two alternative draft letters, one with the parties' descriptions of their own issues intact, and a second (the enclosed draft), from which I had attempted to excise all advocacy. I did not hear back from plaintiff's counsel until yesterday afternoon, at which time he presented a markup of this draft in which he had, for the fourth time, rewritten every issue to present the plaintiff's views of each issue. He then filed a version of that draft yesterday afternoon.

We have been unable to work with Plaintiff or its counsel in this case. After plaintiff's owner (Norbert Mehl) and plaintiff's counsel became abusive in meet and confer sessions, we insisted that meet and confer sessions be held on the record. Since that time, Plaintiff has refused to meet and confer. Moreover, Plaintiff does not communicate to us perceived deficiencies in our responses to discovery requests; instead, Plaintiff files letters with the Court.

It is therefore not surprising that Plaintiff raised several issues for the first time in the document filed with the Court yesterday afternoon. For example, Plaintiff complains that our responses to interrogatories are deficient, a complaint that we have never heard from Plaintiff in the many

Hon. Madeline Cox Arleo, U.S.M.J.  January 18, 2011
Page 2

months since we served our responses to interrogatories in May 2009. Other issues -- such as Plaintiff's intention to serve new written discovery requests, and Plaintiff's request for leave to file an amended pleading -- are raised for the first time in the document filed with the Court yesterday. These issues were not mentioned in the many drafts of the joint letter that the parties exchanged last week.

Plaintiff's request for leave to file a fourth amended pleading bears special attention. In response to written discovery requests, Plaintiff admitted that Defendant Bankrate's co-branding partners were not its customers. This admission made it factually impossible for Plaintiff to maintain its claim that Bankrate engaged in unlawful exclusive dealing (which, under controlling law, requires anticompetitive agreements between a seller and its customers). On December 22, 2010, we served Plaintiff with a demand to withdraw the claim and notice that we would move under Fed. R. Civ. P. 11 for sanctions for frivolous pleading if the claim is not withdrawn. Plaintiff's response -- in filings with the Court -- was that it would cross-move for sanctions if such a motion were made. In each draft of the joint letter exchanged between the parties last week, Plaintiff recited its threat to cross-move for sanctions if we are permitted to move under Rule 11. In the document filed yesterday afternoon, however, Plaintiff announced, for the first time, that it would withdraw the claim. Inexplicably, Plaintiff still informs the Court that it intends to cross-move for sanctions with respect to our proposed Rule 11 motion. This issue, and Plaintiff's new, informal, and unexplained request to amend its pleading yet again will be raised with the Court on January 20.

Your Honor asked the parties to submit a joint letter in advance of the status conference on January 20. Preparation of such letters, while occasionally contentious, is a routine undertaking that parties accomplish in virtually every case in federal court. In this case, we have been unable to submit a single such letter. The enclosed draft letter sets forth the information requested by Your Honor with minimal "spin." I apologize for the parties' inability to provide the Court with what it required.

Respectfully submitted,

R. Scott Thompson

cc:   Nelson E. Canter, Esq. (via CM/ECF and first class mail)
      Lawrence Hersh, Esq. (via CM/ECF and first-class mail)
      Michael J. Hahn, Esq.
      Eric Jesse, Esq.



# JOINT STATUS LETTER

January 17, 2011

**VIA CM/ECF & FEDEX**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

      Re:    *BanxCorp v. Bankrate, Inc.*, Civ. No. 07-3398 (SDW)(MCA)

Dear Judge Arleo:

Plaintiff BanxCorp ("BanxCorp") and Defendant Bankrate, Inc. ("Bankrate") jointly submit this letter in advance of the January 20, 2011 status conference before Your Honor, as required by the October 6, 2010 Pretrial Scheduling Order (the "October 6 Order"). Pursuant to Paragraph 19 of the October 6 Order, this letter addresses the status of discovery, any requested modifications to the existing discovery schedule and any anticipated discovery disputes.

## STATUS OF DISCOVERY

The parties have exchanged requests for the production of documents and interrogatories. Defendant has served, and Plaintiff has provided responses to, requests for admission. Plaintiff served subpoenas for the production of documents on third parties issued by other District Courts, and also served notices of deposition on three witnesses. Defendant requested permission to file an application with this Court to quash and/or for a protective order with respect to these subpoenas and deposition notices. Unresolved disputes between the parties and proposed motions are described below.

## MODIFICATIONS TO EXISTING DISCOVERY SCHEDULE

I. Plaintiff requested modification of the October 6 Order granting Plaintiff leave to file a motion for partial summary judgment on issues of liability, at any time until thirty (30) days after the close of Discovery. Defendant requested permission to file dispositive motions if Plaintiff's request is granted, and requested that any dispositive motions be made in accordance with a briefing schedule to be set by the Court.

II. Plaintiff requested modification of the October 6 Order specifically authorizing depositions.

III. Defendant will need additional time to meet the February 15, 2011 due date for the production of certain documents because the parameters for the search required to produce those documents have not been set as contemplated by the October 6 Order.

## DISCOVERY DISPUTES

A.  **Issues Identified by Plaintiff BanxCorp**

1. **Modification of the July 28, 2009 Discovery Confidentiality Order.**

   Plaintiff requested that the existing Confidentiality Order be modified so as to allow the use of discovery materials in any related action or government enforcement agency investigation. Separately, Plaintiff filed requests and motions to consolidate the related actions with this action. Defendant opposes these requests.

2. **Defendant's "AEO" and "Confidential" Designations.**

   Plaintiff requested that Defendant remove AEO and Confidential designations covering. Plaintiff claims that Defendant failed to cure all previous designations and continues to produce documents with improper designations. Plaintiff is requesting that the Court deem the foregoing de-designated. Defendant believes that it has appropriately designated documents under the confidentiality order and this Court's directions and opposes the request.

3. **Defendant's Redactions**

   Plaintiff claims that Defendant produced documents with unmarked deletions and/or alterations. Defendant believes that it has appropriately redacted information under the Confidentiality Order and this Court's directions.

4. **Depositions of Three Noticed Witnesses.**

   Plaintiff noticed the depositions of Bankrate's chairman Peter Morse, director Mitch Truwit, and former CEO Elisabeth DeMarse, for November 29-30, 2010 in Courtroom 2A, and subsequently re-noticed those depositions for January 12, 2011. Defendant has requested leave to move for a protective order and believes that any deposition of Mr. Truwit would be inappropriate under any circumstances.

5. **Plaintiff's Subpoenas to Third-Parties.**

   Plaintiff served subpoenas, issued by other District Courts, on certain banks, advertising agencies and co-branding partners of Bankrate, as well as on the Department of Justice and the Federal Trade Commission. Plaintiff claims that Defendant wrote to the subpoenaed third parties advising them not to produce the subpoenaed documents on the grounds that a "motion to quash the subpoenas" is pending in this Court. Defendant denies Plaintiff's factual assertions. Defendant's request for leave to file a motion for a protective order with respect to those subpoenas with this Court remains open.

6. **Defendant's Responses to Document Requests**

   a. Pursuant to the October 18, 2010 Supplemental Pretrial Scheduling Order (the October 18 Order") Defendant was required to produce on or before November 4,

  2010, board minutes, reports and presentations that pertain to additional claims that the Court allowed to proceed, from January 1, 2005 to the present. Plaintiff claims that Defendant produced incomplete minutes with numerous gaps, unsigned and in draft format. Defendant believes that it has produced all relevant, responsive information in its possession, custody and control.

  b. Pursuant to the October 18 Order, Defendant was required to produce on or before December 6, 2010, insertion orders (i.e., purchase orders) and contracts with the top five customers purchasing rate table listings per year for the years 2004, 2005, 2006 and 2007. Plaintiff claims that Defendant has not complied with this requirement. Defendant believes that it has produced all relevant, responsive information in its possession, custody and control.

7. **Defendant's Rule 26(e) Disclosure.**

Plaintiff requested that Defendant fully and explicitly disclose the name, title and contact information of "all persons identified as counterparties on contracts" in its Rule 26(e) statement, without any confidentiality restriction. Defendant believes that it has provided the information and opposes this request.

B. **Issues Identified by Defendant Bankrate**

1. **Plaintiff's Responses to Interrogatories and Document Requests.**

  a. Defendant believes that Plaintiff failed to identify in its interrogatory responses which, if any, of the 100 plus co-branding partners actually sold "Internet-based hyperlinked interest rate table listings with interactive functionality" prior to entering into co-branding agreements with Defendant. Plaintiff claims that it has provided adequate responses to the interrogatories based on all relevant, responsive information in its possession, custody and control.

  b. Defendant believes that Plaintiff's document production is deficient and believes that Plaintiff must perform more comprehensive searches of its electronic information in order to comply with its obligations. Plaintiff claims that it has provided all responsive information based on all relevant, responsive information in its possession, custody and control.

  c. Defendant believes that Plaintiff has not responded adequately to interrogatories that seek the factual basis for Plaintiff's claim in the Third Amended Complaint ("TAC") that it suffered an antitrust injury. Plaintiff claims that it has provided adequate responses to these interrogatories.

2. **Inadequacies in Plaintiff's Responses to Requests for Admission (RFAs).**

Defendant believes that Plaintiff failed to admit or deny approximately 73 RFAs. Some of the RFAs seek answers from Plaintiff concerning Plaintiff's allegations related to (1) Defendant's pricing as to which Defendant believes that Plaintiff is making inconsistent allegations of fact, and (2) which, if any, of Defendant's 100-plus

-3-

co-branding partners identified in the TAC ever sold "Internet-based hyperlinked interest rate table listings with interactive functionality" prior to entering into agreements with Defendant. Plaintiff claims that it has provided adequate responses and valid objections to the RFAs based on all relevant, responsive information in its possession, custody and control, on the grounds that they call for an expert opinion, and to the extent that Defendant has designated its pricing information as AEO.

3. **Copies of Documents to and from Subpoenaed Third Parties.**

   Plaintiff has obtained copies of documents from third parties by way of subpoena and has not produced those documents to Defendant despite Defendant's requests.

## PROPOSED MOTIONS

1. **Defendant's Proposed Motion to Quash or for a Protective Order With Respect to Plaintiff's Deposition Notices and Third-Party Subpoenas:** Defendant requested permission to file a motion to quash or for a protective order with respect to what it claims to be improper deposition notices and third-party subpoenas served by Plaintiff. Plaintiff opposes this request, and seeks leave to move for sanctions unless Defendant withdraws its application in this Court to quash the subpoenas issued by other District Courts. See A.6 above.

2. **Defendant's Proposed Motion for Sanctions under Rule 11:** Defendant served Plaintiff with a proposed motion for sanctions for continuing to prosecute a frivolous claim, on the grounds that Plaintiff's admission that media outlets are not Defendant's "customers" renders Plaintiff's claim of "exclusive dealing" in the TAC frivolous. Plaintiff has refused to withdraw this claim.

3. **Defendant's Proposed Motion for an Order to Compel.** Defendant requested permission to file an application for an order directing BanxCorp to comply with its discovery obligations unless alleged deficiencies are cured by the conclusion of the status conference on January 20, 2011. Plaintiff responds that this request and Defendant's proposed Rule 11 motion as set forth above will be the subject of a cross-motion by Plaintiff for sanctions and counsel fees under 28 U.S.C. § 1927, Fed. R. Civ. P. Rule 11, *N.J.S.A.* 2A:15-59.1 and/or R. 1:4-8.

4. **Plaintiff's Proposed Motion for Sanctions under Fed. R. Civ. P. Rules 16(f), and 37.** Plaintiff will seek leave to move for sanctions under Rules 16(f), and 37 with respect to alleged deficiencies in Defendant's compliance with its discovery obligations.

-5-

5. **Plaintiff's Proposed Motion for Partial Summary Judgment.** See I above.

Respectfully submitted,

/s/ _____  
Nelson E. Canter  
CANTER LAW FIRM PC  
*Attorneys for Plaintiff BanxCorp*

/s/ _____  
R. Scott Thompson  
LOWENSTEIN SANDLER PC  
*Attorneys for Defendant Bankrate, Inc.*