# CANTER LAW FIRM P.C.

ATTORNEYS AT LAW
123 MAIN STREET – 9TH FLOOR
WHITE PLAINS, NEW YORK 10601
www.canterlawfirm.com

Nelson E. Canter*  
John D. Megerian**  
*Also admitted in New Jersey  
** Also admitted in Connecticut  

TEL:  (914) 948-3011  
FAX:  (914) 948-3066  
ncanter@canterlawfirm.com  

January 19, 2010

*Via ECF*

Honorable Madeline C. Arleo, U.S.M.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *BanxCorp v. Bankrate, Inc.*, Civ. No.:  07-03398-SDW-MCA

Dear Judge Arleo:

We represent Plaintiff BanxCorp and are writing to request leave to amend Plaintiff's pleadings pursuant to F.R.C.P. Rule 15(a)(2), and to respond to Defendant Bankrate's letter dated January 18, 2011 (the "Letter").

First, the Letter claims that Defendant enclosed a draft "with minimal 'spin.'"  However, Defendant deliberately refused to co-sign the Joint Status Letter, so that it could exceed the 5-page limit authorized under paragraph 19 of the October 6, 2010 Scheduling Order (the "Order"), and unilaterally inject his two-page "spin" and baseless *ad-hominem* attacks against Plaintiff's owner and CEO Norbert Mehl and its counsel, in violation of Court's directives.

Second, it should be noted that Defendant's improper wholesale AEO designations and unmarked deletions covering tens of thousands of pages of documents produced to date, are a transparent and calculated attempt to prevent the examination of these essential evidentiary documents by Mr. Mehl, who for more than two decades is considered to be one of the foremost experts in the industry that is the subject of this litigation; which is impeding Plaintiff's ability to effectively participate in and prosecute this action.

Third, Defendant's Letter claims that Defendant "never heard from Plaintiff" that Defendant's "responses to interrogatories are deficient."  However, these deficiencies which remain uncured were memorialized in correspondence between the parties' counsel on July 29, 2010 and August 5, 2010.  Moreover, these deficiencies had been previously documented in greater detail in Plaintiff's motion to compel filed on November 12, 2009.[1]

---

[1] *See* Document No. 88, Appendix at 11-62.

Hon. Madeline C. Arleo, U.S.M.J.
January 19, 2011
Page 2

Fourth, Defendant's Letter claims that Plaintiff has refused to meet and confer. However, in an e-mail dated January 15th, Defendant's counsel specifically stated the he removed "the reference to meet and confer (<u>since you have now agreed to meet and confer in the presence of a stenographer, there is no issue as far as we know</u>)." (emphasis added)  This was in reference to a sub-section in Plaintiff's previous draft of the Joint Status Letter which stated as follows: "**Meet and Confer Proceedings.**  Plaintiff has requested that meet and confer proceedings be held in Courtroom 2A.  Defendant has agreed to meet and confer with Plaintiff in the presence of a stenographer." Such stenographer will be at Defendant's expense.

Fifth, Plaintiff's intention to serve new discovery requests based upon recently obtained evidence certainly does not require Defendant's consent.  Indeed, Defendant cannot credibly argue that it had the right to serve two sets of hundreds of requests for admission, supplemental interrogatories, and a second set of requests for documents, but Plaintiff is not entitled to do so.

Sixth, as previously stated, during oral argument on July 13, 2010, Hon. Judge Wigenton stated that "if you look at the third amended complaint, paragraph 22, clearly identifies who the customers or the purchasers are. So I don't see there to be any ambiguity whatsoever..." Moreover, on September 9, 2009 this Court held that "BanxCorp provides statements from multiple publications referencing "an exclusive deal with Bankrate" and also alleges that competition was foreclosed."  Therefore, Defendant's Rule 11 motion is not only frivolous and another intimidation tactic, but is a rather thinly veiled attempt to reargue the merits of a claim.[2]

Seventh, Plaintiff respectfully requests leave to file amended pleadings pursuant to F.R.C.P. Rule 15(a)(2) and paragraph 2 of the Order, which requires that such request be filed no later than February 10, 2011.  Justice so requires, based upon recently obtained evidence, such as for example, (a) Defendant's 130 co-branding agreements granting Defendant the sole authority or exclusive right to sell Internet rate table listings at the same price on a network basis; (b) allocation of markets, customers and revenues among hundreds of competing websites; and (c) a statement made in June 2009 by Defendant's CEO Tom Evans to the board expressly acknowledging that "*Bankrate does not have direct competitors,*" confirming Defendant's monopoly while willfully and knowingly negotiating and entering into an illegal contract in combination and conspiracy in restraint of trade with Apax Partners.

        Respectfully submitted,

        CANTER LAW FIRM P.C.

By: *[signature]*

        Nelson E. Canter

cc.    All Counsel of Record (*via ECF*)

---

[2] *See* Document No. 174.