

**R. Scott Thompson**
Member of the Firm
Tel  973 597 2532
Fax  973 597 2533
sthompson@lowenstein.com

March 3, 2011

VIA CM/ECF & FEDEX

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **BanxCorp v. Bankrate, Inc.**
    **Civil Action No. 07-3398 (SDW)**

Dear Judge Arleo:

This firm represents Bankrate, Inc. in the referenced matter. We respectfully submit this reply letter-brief in further support of our motion to compel production of documents [Doc. No. 187-2] and in response to plaintiff BanxCorp's February 10, 2011 submission [Doc. No. 192]. Oral argument on the motion is scheduled for March 29, 2011 at 2:00 pm.

## INTRODUCTION

BanxCorp's document production is inadequate. Bankrate's moving papers describe the categories of documents sought, their absence from BanxCorp's document production, and plaintiff's explanations for their absence. BanxCorp's February 10 submission offers no opposition to the motion to compel, or any explanation for BanxCorp's failure to produce more documentary evidence. Bankrate respectfully requests that the Court grant its motion to compel.

## ARGUMENT

Bankrate requested production of several categories and types of documents. Bankrate requested documents relating to BanxCorp's contracts with co-brand partners and customers, accounts receivable and financial documents, investments in BanxCorp, invoices, insertion orders, and traffic reports, and pricing information. Most notably, however, Bankrate requested communications with BanxCorp's co-brand partners and potential and actual customers from approximately a ten year period that pertain to a number of relevant topics (such as pricing, solicitations, and products sold). In response, BanxCorp provided only 45 emails, of which 17

Hon. Madeline Cox Arleo, U.S.M.J.                                                       March 3, 2011
Page 2

are from an electronic source[1] and 28 are scanned paper copies. BanxCorp's February 10 submission does not address this glaring deficiency and offers absolutely no explanation as to why customer and co-brand email communications were not provided. The following chart breaks BanxCorp's production of email down by year:

| YEAR | NUMBER OF EMAILS PRODUCED | YEAR | NUMBER OF EMAILS PRODUCED |
|---|---|---|---|
| 1998 | 2 | 2005 | 3 |
| 1999 | 1 | 2006 | 26 |
| 2000 | 6 | 2007 | 3 |
| 2001 | 0 | 2008 | 3 |
| 2002 | 0 | 2009 | 0 |
| 2003 | 0 | 2010 | 0 |
| 2004 | 0 | 2011 | 1[2] |

In its opposition to this motion to compel, BanxCorp offered no explanation for its failure to produce records of correspondence with customers, potential customers, and business partners. Instead, BanxCorp submitted a letter from counsel certifying that BanxCorp's records are "properly kept," a statement that is of little use under these circumstances. Documents reflecting communications with customers, potential customers, and business partners existed at one time; either they exist today or they do not exist today. If they exist today, then they must be located and produced. If they do not exist today, then BanxCorp must explain the circumstances surrounding their disappearance, including how, when and why they disappeared.

Moreover, if BanxCorp intends to claim that the documents "disappeared due to technical problems" (as BanxCorp's former counsel has stated it was told), BanxCorp has some explaining

---

[1] Several e-mails that BanxCorp has produced contain useful evidence that we believe undermines BanxCorp's lawsuit. If the small sampling of e-mails BanxCorp produced is any indication, its failure to produce all the e-mails Bankrate requests results in significant prejudice because Bankrate is deprived of the necessary evidence to defend this lawsuit.

[2] On February 9, 2011, BanxCorp provided one additional e-mail from 2011.

Hon. Madeline Cox Arleo, U.S.M.J.  March 3, 2011
Page 3

to do. First, disappearance of documents due to technical problems cannot be squared with BanxCorp's letter to this Court claiming that BanxCorp's records are intact and properly kept. Second, it would appear that only *some* documents disappeared, as BanxCorp has produced a few emails from many years. For example, BanxCorp produced three e-mails from 2005. Because it was able to produce three emails from 2005, an argument by BanxCorp that emails from 2005 "disappeared" would be suspect.

The chart above also begs the question: What was BanxCorp doing from 2001 to 2004, when it apparently claims to have had a sales force? BanxCorp has not produced a single email for that period of time. Clearly, "technical problems" cannot be the answer because BanxCorp was able to produce emails for the period from 1998 to 2000.

BanxCorp's opposition papers make it clear that it has not even attempted to comply with its discovery obligations. BanxCorp stated that it only searched two custodians – Norbert Mehl and Roy Adams – even though BanxCorp maintained a larger sales force until at least "mid-2003." BanxCorp has not provided a single email from (unidentified) members of that sales force and has never confirmed that it searched those email databases as Bankrate requested. Similarly, until recently BanxCorp's website stated that "[s]ince 1989, Diana Mehl has been a senior management officer of the company, responsible for maintaining its high standards of quality and for the development and launch of new products and services." However, BanxCorp provides no email communications from Ms. Mehl and does not represent that her email database was searched. This is plainly deficient.

In short, BanxCorp's representations that it produced all responsive documents and that none are being withheld cannot be trusted. It is worth noting that BanxCorp's's counsel represented in August 2010 that BanxCorp's production was complete, and BanxCorp thereafter produced additional documents, which makes its statements on the subject highly suspect. Most of the post-August productions remain cluttered with non-responsive and irrelevant documents (i.e. publicly available documents, etc.), and what was responsive was incomplete. While BanxCorp did, for example, produce tax returns, it did not produce *complete* back-up financial documents used to create the tax returns, which is encompassed by Bankrate's document demands. *See*, *e.g.*, Second Set of Request for Production of Documents Nos. 28, 29 at Ex. A.4 [Doc. No. 187-2].

Based on BanxCorp's failure to produce e-mail communications, its failure to search relevant custodians, its misrepresentations as to the completeness of its production, and its failure to provide additional responsive documents, judicial relief is necessary for Bankrate to defend this lawsuit.



Hon. Madeline Cox Arleo, U.S.M.J.  March 3, 2011
Page 4

## CONCLUSION

In our opening brief, Bankrate respectfully requested that the Court order BanxCorp to (i) provide the names of present and former employees, officers and directors and applicable titles; (ii) provide the total volume of (in gigabytes) of all BanxCorp electronic data, as well as providing volumes broken down by custodian; (iii) identify where all electronic data of BanxCorp is stored and in what form (e.g., hard drives, etc.); (iv) produce a copy of all of BanxCorp's electronically stored data to Bankrate so that Bankrate can conduct an appropriate search (with only privileged documents being withheld); (v) produce a copy of BanxCorp's accounting database; (vi) provide Bankrate with a descriptive index of all hard copy files and produce those documents requested by Bankrate; and (vi) overrule all objections entered by BanxCorp in response to Bankrate's First and Second Requests for Production of Documents. In light of the positions taken by BanxCorp in opposition to this motion to compel, Bankrate respectfully requests that the Court order that BanxCorp produce Norbert Mehl and Mordechai Lipkis on behalf of the corporation for depositions concerning BanxCorp's information retention policies and procedures, and matters relating to BanxCorp's compliance with its discovery obligations pursuant to Fed. R. Civ. P. 30(b)(6).

Respectfully submitted,

R. Scott Thompson

20928/2
03/03/2011 16768411.1

cc:   Nelson E. Canter, Esq. (via CM/ECF)
      Lawrence Hersh, Esq. (via CM/ECF)
      Michael J. Hahn, Esq.
      Eric Jesse, Esq.



Lowenstein Sandler
ATTORNEYS AT LAW