

R. Scott Thompson
Member of the Firm
Tel 973 597 2532
Fax 973 597 2533
sthompson@lowenstein.com

March 15, 2011

**VIA CM/ECF & HAND DELIVERY**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **BanxCorp v. Bankrate, Inc.**
    **Civil Action No. 07-3398 (SDW)**

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced case. I write in response to BanxCorp's letters dated March 10, 2011 and March 14, 2011.

In BanxCorp's March 10, 2011 letter, BanxCorp asks that the court consolidate the motion return date scheduled in this case with a status conference scheduled for April 4, 2011 in BanxCorp v. LendingTree LLC, Civ. No. 10-02467. We oppose this request. There are no common issues on the agendas of the two appearances as far as we know. Consolidation of the two appearances will mean that we will be required to sit through what may be a lengthy status conference in which we have absolutely no interest. We respectfully request that our client be spared that expense.

In BanxCorp's March 14, 2011 letter, it seeks permission to file a motion for partial summary judgment, despite the pendency of a motion to amend the pleadings . This request is yet another effort on the part of BanxCorp to make this litigation more vexatious and costly.

As Your Honor may recall, BanxCorp requested leave to file a motion for partial summary judgment on December 16, 2010. During the January 20, 2011 hearing, Your Honor clearly stated that there will not be any summary judgment motions until more progress is made in discovery. Tr. 49:24-50:1. BanxCorp's most recent request ignores this Court's clear directive, again asking the Court to entertain a partial summary judgment motion with respect to a subset of the very same contracts that BanxCorp identified as the basis for its December 16 request. That is precisely the type of conduct that has made this litigation vexatious and expensive.

Lowenstein Sandler PC    In California, Lowenstein Sandler LLP                    www.lowenstein.com

Hon. Madeline Cox Arleo, U.S.M.J.   March 15, 2011
Page 2

BanxCorp's March 14, 2010 letter includes an unsupported and unsupportable allegation that Bankrate somehow "colluded" with LendingTree regarding a subpoena served on LendingTree, which it contends has "been held up for review by its counsel since December 15, 2010." We have done nothing to influence LendingTree concerning its response to the subpoena. BanxCorp's allegation of collusion is made in bad faith.

Moreover, BanxCorp's purported reliance upon U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72 (1988), is silly. In that case, the Supreme Court held that nonparty witnesses who were held in civil contempt for failing to respond to subpoenas could "challenge the court's lack of subject matter jurisdiction . . . notwithstanding the absence of a final judgment in the underlying action." Id. at 76. The Court further noted that it disagreed with the Second Circuit that allowing a non-party subject to civil contempt to challenge subject matter jurisdiction would invite collusion with a party to the action for the purpose of avoiding limitations on interlocutory appeals. The Court stated that there are "ample protections against collusive appeals. If the Court of Appeals finds that the witness and the party acted in collusion to appeal in order to gain an interlocutory ruling on jurisdiction, it can decline to treat the witness as a nonparty for the purposes of the question. Id. These holdings have no conceivable application here, even if Bankrate and LendingTree were colluding, which they are not.

Unfortunately, BanxCorp appears to have returned to the pattern established last fall of making unwarranted, unnecessary and repetitive applications to the Court. We respectfully request that (1) the Court maintain the current, separate scheduled appearances in the *Bankrate* and *LendingTree* cases, and (2) deny, at least for the time being, BanxCorp's request for leave to file a motion for partial summary judgment. If the Court is inclined to entertain motions for summary judgment, Bankrate requests leave to file motions for summary judgment at the same time.

Respectfully submitted,

R. Scott Thompson

20928/2
03/14/2011 17000899.1

cc: Nelson E. Canter, Esq. (via CM/ECF)
    Lawrence Hersh, Esq. (via CM/ECF)
    Michael J. Hahn, Esq.
    Eric Jesse, Esq.

