# Exhibit A

```
 1                       UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY
 2

 3   BANXCORP,                           .
                                         .
 4          Plaintiff,                   .
                                         . Case No. 07-cv-03398
 5   vs.                                 .
                                         . Newark, New Jersey
 6   BANKRATE, INC.,                     . January 28, 2011
                                         .
 7          Defendant.                   .
                                         .
 8

 9                         TRANSCRIPT OF HEARING
10            BEFORE THE HONORABLE MADELINE COX ARLEO
                   UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For the Plaintiff:      NELSON E. CANTER, ESQ.
13                           Canter Law Firm P.C.
                             123 Main Street - 9th Floor
14                           White Plains, NY 10601
                             (914) 948-3011
15                           Email: Ncanter@canterlawfirm.com

16                           Mr. Norbert Mehl

17   For the Defendant:      R. SCOTT THOMPSON, ESQ.
                             Lowenstein Sandler PC
18                           65 Livingston Avenue
                             Roseland, NJ 07068-1791
19                           (973) 597-2500
                             Email: Sthompson@lowenstein.com
20
                             MICHAEL J. HAHN, ESQ.
21                           Lowenstein Sandler PC
                             65 Livingston Avenue
22                           Roseland, NJ 07068
                             (973) 597-2500
23                           Email: Mhahn@lowenstein.com

24

25
```

```
 1                            ERIC JESSE, ESQ.
                             Lowenstein Sandler PC
 2                           65 Livingston Avenue
                             Roseland, NJ 07068
 3                           (973) 597-2576
                             Email: Ejesse@lowenstein.com
 4

 5

 6

 7

 8   Audio Operator:

 9   Transcription Service:     KING TRANSCRIPTION SERVICES
                                65 Willowbrook Boulevard
10                              Wayne, New Jersey 07470
                                (973) 237-6080
11

12
     Proceedings recorded by electronic sound recording; transcript
13   produced by transcription service.

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              And, Mr. Thompson, how much do you need to oppose

 2    it.

 3              MR. THOMPSON:  Uh --

 4              THE COURT:  Three weeks?

 5              MR. THOMPSON:  Three -- three weeks.

 6              THE COURT:  So February 10th, one, two, three --

 7    March 3rd?

 8              MR. CANTER:  And could we have --

 9              THE COURT:  March 10th reply.

10              MR. MEHL:  That's fine.

11              MR. CANTER:  Thank you, Your Honor.  That's what I

12    was going to ask for.

13              THE COURT:  We'll talk about it -- argument in a

14    minute.

15              Okay.  Let's go on to the other issues.

16              MR. CANTER:  Okay.  So then, simultaneously with

17    that filing, Your Honor, we were going to withdraw without

18    prejudice the exclusive dealings claim because it will be

19    replead in our -- in our amended pleading.  So hopefully that

20    will -- entire issue will be limited.

21              THE COURT:  And that issue was related to some

22    discovery demands of -- of Bankrate?

23              MR. MEHL:  No.

24              THE COURT:  No?

25              MR. CANTER:  No, Your Honor.
```

```
 1              THE COURT:  So you're just going to withdraw it

 2   now?

 3              MR. CANTER:  Well, we were going to simultaneously

 4   with the submission.

 5              THE COURT:  What if your motion -- okay.  Okay.

 6   What if your motion to amend is not granted?  In other words,

 7   usually -- is your -- you want to dismiss your pending -- one

 8   of pending claims without prejudice?  With prejudice?

 9              MR. CANTER:  Without prejudice, Your Honor.

10              THE COURT:  Why don't you just wait to see if your

11   motion to amend is granted?

12              MR. CANTER:  Fine.  That's fine.

13              And then the next item we had --

14              THE COURT:  And then you can decide at that point

15   if it's -- if the motion to amend is denied, you may -- may

16   want to -- may or may not want at that point dismiss the

17   claim you have as it is.  I don't know.

18              MR. CANTER:  Sure.  That's fine, Your Honor.

19              THE COURT:  But, Mr. Thompson, you seem confused?

20              MR. THOMPSON:  Well, the -- the only thing is,

21   Your Honor, it's maybe form over substance, but they've

22   admitted they don't have a -- they don't have a good-faith

23   basis for the claim at this point.  And so the reason -- the

24   whole -- the issue arose because we -- we served them with

25   notice that their motion --
```

```
 1              THE COURT:  Well, then, it's up -- then I'm not
 2  getting involved.  If you're going -- you want to dismiss it
 3  right now?
 4              MR. CANTER:  Well, we were --
 5              THE COURT:  I mean --
 6              MR. CANTER:  We were just going to do it when we
 7  file our amend- -- our motion for amended pleading,
 8  Your Honor.
 9              MR. MEHL:  Or after --
10              MR. CANTER:  Or after, like, you're -- your
11  suggestion about waiting till it's decided, Your Honor.
12              THE COURT:  But let me just make a point.  One
13  shouldn't depend on the other.
14              MR. CANTER:  It should not.
15              THE COURT:  It shouldn't depend.  If you have a
16  claim that you can't support, you should dismiss it.
17              MR. CANTER:  Well, the problem is, Your Honor, the
18  exclusive dealing claim is -- is -- it's an exclusive selling
19  claim in essence, so it's -- the -- we agree with counsel
20  that the exclusive dealing claim on a substantive basis on a
21  vertical level with the financial institutions being the
22  customers, is not what this -- the facts are revealing in
23  this case.  That's not what it is.
24              The customers are indeed the banks.  The
25  competitors are indeed the ones who are the 130 co-branding
```

1  partners.  So there's an exclusive horizontal relationship

2  with these horz- -- are these competitors, and that's why we

3  wanted to wait until ultimately -- it's -- it's going to be

4  replead, Your Honor, in a different context in terms of

5  market allocation under -- under the Sherman Act § 1.  But in

6  terms of form over substance, it's -- we don't disagree with

7  counsel on this issue.  So ...

8            THE COURT:  Okay.  Then dismiss it.

9            MR. CANTER:  So it's -- we could do it without

10 prejudice.  We would prefer to do it when we submit the

11 motion at the same time, but however Your Honor wants --

12           THE COURT:  However you want to do it.  It's your

13 case.  Not mine.

14           MR. CANTER:  We would -- we would, then, adopt

15 Your Honor's suggestion of waiting until it's decided.

16           THE COURT:  But you do it at your own -- I mean,

17 listen, this is like a circular argument.

18           MR. CANTER:  Okay.

19           THE COURT:  They're at -- Mr. Thompson doesn't have

20 to speak.  He's going to say you're repleading an entire new

21 theory.  And it's not the same thing.  And you're -- you're

22 being -- you're -- it's a new claim.

23           MR. CANTER:  If it's withdrawn, Your Honor, without

24 prejudice.

25           THE COURT:  So what he's saying is the one you have

 1              THE COURT:  Would you be willing to clarify that?

 2              MR. MEHL:  Of course.  Especially for the -- we're

 3  not claiming that it's the price fixing that drove us out of

 4  the market.  It's the predatory pricing that drove us out.

 5              THE COURT:  Isn't that the same thing?  When you

 6  say predatory pricing --

 7              MR. MEHL:  It's not the same thing.

 8              THE COURT:  Tell me how it's different.

 9              MR. MEHL:  Actually --

10              THE COURT:  Tell me how it's different.

11              MR. MEHL:  I'll explain.  What we're claiming is

12  that they used price fixing to lower the price first.  We're

13  not claiming that they drove us out of the market by raising

14  the price.  They drove us out of the market by lowering the

15  price. Below cost.  For years.  Until they drove us out of

16  the market, and that's actually predatory pricing as well.

17  They continued to raise the prices after they drove everybody

18  out of the market to recoup the prior losses.  They had

19  losses of more than $53 million.  It's in all of their 10-Ks.

20              THE COURT:  Any reason why it's not in this answer?

21              MR. MEHL:  I'm sorry?

22              THE COURT:  Any reason why that's not in this

23  answer?

24              MR. MEHL:  I believe it is.

25              THE COURT:  Where?  Show me where it is.

```
 1                        Certification

 2        I, SARA L. KERN, Transcriptionist, do hereby certify

 3   that the 42 pages contained herein constitute a full, true,

 4   and accurate transcript from the official electronic

 5   recording of the proceedings had in the above-entitled

 6   matter; that research was performed on the spelling of proper

 7   names and utilizing the information provided, but that in

 8   many cases the spellings were educated guesses; that the

 9   transcript was prepared by me or under my direction and was

10   done to the best of my skill and ability.

11        I further certify that I am in no way related to any of

12   the parties hereto nor am I in any way interested in the

13   outcome hereof.

14

15

16

17

18    S/  Sara L. Kern                        February 1, 2011

19    Signature of Approved Transcriber              Date

20

21
     Sara L. Kern, CET**D-338
22   King Transcription Services
     65 Willowbrook Boulevard
23   Wayne, NJ 07470
     (973) 237-6080
24

25
```