

**LOWENSTEIN Sandler**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm
Tel 973 597 2532
Fax 973 597 2533
sthompson@lowenstein.com

April 22, 2011

**VIA CM/ECF & FEDEX**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **BanxCorp v. Bankrate, Inc.**
Civil Action No. 07-3398 (SDW)

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced matter. On April 18, 2011 plaintiff BanxCorp filed a motion for summary judgment in violation of the specific prohibition on such motions set forth in this Court's October 8, 2010 Order. Plaintiff also filed motions seeking bifurcation of the case, and for consolidation of this case with BanxCorp v. LendingTree LLC, No. 10-2467 without first seeking leave. Plaintiff has refused to withdraw any of these motions despite our repeated demands.

In addition, by Order dated April 4, 2011, this Court directed plaintiff to file a sworn statement by Norbert Mehl (plaintiff's owner) attesting to, among other things, "the search methodology undertaken by BanxCorp to review and produce documents responsive to Bankrate's request for production of documents and required by Fed. R. Civ. P. 26 . . . any documents previously maintained by BanxCorp that have been lost or destroyed, if any, and identifying how and when any such documents were lost or destroyed and the circumstances of such loss or destruction . . . [and] identifying which of [its former employees'] electronic databases have been searched." Plaintiff submitted a declaration of Mr. Mehl on April 15, 2011 that does not make the required disclosures. Plaintiff has refused to provide the required information despite our repeated demands.

I am writing to seek leave to file a motion for an order seeking sanctions for these violations of this Court's explicit orders, and for Plaintiff's continuing refusal to provide adequate responses to interrogatories to which this Court has specifically ordered Plaintiff to respond.

Hon. Madeline Cox Arleo, U.S.M.J.  April 22, 2011
Page 2

**<u>Plaintiff's Unauthorized Motions</u>**

The Scheduling Order in this case entered by this Court on October 8, 2010 (copy attached as Exhibit A) states that no motions are to be filed without leave of Court, and that "[i]f a party wishes to file a motion, he or she should write a letter to the Magistrate Judge explaining the basis of the motion and the Court will advise as to how to proceed." Ex. A, October 8, 2010 Order ¶ 5. In addition, ¶ 6 states: "Dispositive motions shall not be filed until thirty (30) days after the close of Discovery. Failure to file dispositive motions within that time frame shall result in their dismissal as untimely." The October 8, 2010 Order clearly states, in ¶ 20, that failure to follow the provisions of the Order will result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

Over the last several months, Plaintiff has repeatedly sought to file a motion for summary judgment, leading this Court to state specifically during a status conference on January 20, 2011 "No one's moving [for] . . . summary judgment." Ex. B, Jan. 20 (excerpted) Hr'g Tr. 49:24-50:1.

During an appearance on March 31, 2011, this Court granted Plaintiff's motion for leave to file a Fourth Amended Complaint ("4AC"), and set an expedited briefing schedule for Bankrate to file a motion to dismiss the 4AC. On April 5, the 4AC was filed, and on April 11, Bankrate filed its motion to dismiss the new claims set forth in the 4AC. Bankrate's reply brief is due on April 25.

On April 18, Plaintiff filed its opposition to the motion to dismiss. At the same time -- without seeking leave of court or consent of Bankrate -- it filed a so-called "Cross-Motion for Bifurcation and Summary Judgment of *Per Se* Claims, and Consolidation of LendingTree Claims." Copies of its Notice of Motion and Brief are attached as Exhibit C.

By letter dated April 18, 2011, I wrote to counsel for BanxCorp reminding him of the provisions in this Court's October 8, 2010 Order concerning the filing of motions, of the prohibition on dispositive motions, and of the provision in the October 8, 2010 Order for sanctions for violation of the Order. I requested that he withdraw the unauthorized cross-motions. A copy of my letter to counsel is attached as Exhibit D. During a meet and confer telephone conference yesterday, attended by Nelson Canter (counsel for BanxCorp) and Norbert Mehl, Plaintiff refused to withdraw the unauthorized motions.

We request that we be given leave to file a motion for an order (1) striking the unauthorized "cross-motions," and (2) directing Plaintiff, pursuant to Fed. R. Civ. P. 16(f), to pay fees and costs incurred in addressing the prohibited motions.



Hon. Madeline Cox Arleo, U.S.M.J.                                                               April 22, 2011
Page 3

### Plaintiff's Refusal to Provide Information Required by April 4, 2011 Order

Plaintiff failed to provide documents in response to document demands served over the course of two years, which led us to file a motion to compel. That motion to compel was heard by this Court on March 31, 2011. During the March 31, 2011 hearing, it became clear that Plaintiff had made no effort to comply with its obligation to provide documents, and also that there are potentially serious issues concerning Plaintiff's destruction of evidence. By Order dated April 4, 2011, this Court directed Plaintiff to produce a sworn statement by Norbert Mehl attesting to its document retention policies and procedures, identifying with specificity any documents that have been destroyed, identifying with specificity the efforts made to produce documents, and setting forth additional information. This Court directed Mr. Mehl to specifically identify, among other things, "the search methodology undertaken by BanxCorp to review and produce documents responsive to Bankrate's request for production of documents and required by Fed. R. Civ. P. 26 . . . any documents previously maintained by BanxCorp that have been lost or destroyed, if any, and identifying how and when any such documents were lost or destroyed and the circumstances of such loss or destruction . . . [and] identifying which of [its former employees'] electronic databases have been searched." A copy of this Court's April 4, 2011 Order is attached as Exhibit E. This information is essential in order to determine whether Plaintiff has complied with its obligations and whether it has destroyed evidence.

Plaintiff provided a declaration of Norbert Mehl dated April 12, 2011 that ignores this Court's directive with respect to these categories of information. In his declaration, Mr. Mehl does not state what search methodology was employed in Plaintiff's response to Bankrate's document requests, and he does not state which of Plaintiff's former employees' files were searched for responsive documents. Most importantly, Mr. Mehl failed to identify any documents "previously maintained by BanxCorp that have been lost or destroyed" or the circumstances of their destruction. And, instead of attaching copies of document retention policies, Mr. Mehl attached copies of documents he printed from online sources last week, claiming that they were the bases for BanxCorp's document retention policies. A copy of Mr. Mehl's declaration is attached as Exhibit F.

On April 15, 2011, I wrote to counsel for BanxCorp demanding that the deficiencies be remedied. A copy of my April 15, 2011 letter is attached as Exhibit G. During yesterday's meet and confer telephone conference, Messrs. Canter and Mehl refused to provide the information required by this Court in its April 4, 2011 Order, stating that they would not provide the information required by this Court's April 4, 2011 Order.

### BanxCorp's Pattern of Violation of Court Orders and Rules

BanxCorp has violated this Court's orders and the Federal Rules of Civil Procedure repeatedly throughout this case. It has refused to provide responses to interrogatories seeking the bases of

**Lowenstein Sandler**
ATTORNEYS AT LAW

its claims despite directives from this Court. It continues to refuse to identify the specific form of antitrust injury it claims to have suffered or the basis for any claim of injury, and it refuses to provide the factual bases of its claim that Bankrate engaged in predatory pricing.

Its responses to requests for admission ("RFAs") illustrate its refusal to provide information required. On March 17, 2011, BanxCorp agreed to amend responses to RFAs that it had served on February 7, 2011. Bankrate's RFAs had posed a number of questions asking BanxCorp to admit or deny that BanxCorp "is not aware of any facts" concerning a variety of issues; BanxCorp responded by stating that it had insufficient information to respond, clearly not a valid response to a question concerning its knowledge. After subsequently agreeing to provide valid responses, BanxCorp yesterday served responses that are unchanged, again violating the rules of civil procedure, its own commitments, and this Court's directives. For example, in response to requests asking BanxCorp to "Admit . . . that BanxCorp is not aware of any circumstances where AOL sold hyperlinked interest rate table listings as its core product," BanxCorp responded ". . . the information known to or readily obtainable by [BanxCorp] is insufficient to enable it to admit or deny this request."

In the amended responses to requests for admission served yesterday, BanxCorp employed this device to avoid responding to dozens of requests for admission directed at central components of BanxCorp's claims, such as whether it was injured by specific aspects of Bankrate's alleged conduct, whether specific alleged "competitors" in the relevant market ever sold a competing product, and even whether BanxCorp itself alleged in the Third Amended Complaint that Bankrate sold rate table listings below Bankrate's cost (an essential element of BanxCorp's predatory pricing claims). BanxCorp's conduct is specifically designed to obstruct discovery of the bases of its claims.

BanxCorp's refusal to comply with this Court's Orders and the Rules of Civil Procedure is making it impossible to make progress in this case, and has resulted in needless waste of time and money. We seek permission to file a motion for sanctions with respect to BanxCorp's most recent violations of this Court's orders. In our motion, we will seek an order directing BanxCorp to pay for all fees and costs expended in connection with its most recent violations, and for an order striking those parts of the 4AC for which BanxCorp is refusing to provide discovery.

We will also ask that this Court strike BanxCorp's "cross-motions." Because those motions were filed in violation of unambiguous language in this Court's October 8, 2010 Scheduling Order (as well as subsequent directions from this Court), we will not respond to them on Monday (the due date set by this Court for our reply on the motion to dismiss the 4AC), or at all, unless we are directed to respond by this Court.

We understand that sanctions are an extreme remedy. Here, however, there is no other action that this Court can take to enforce its Orders. This Court has repeatedly admonished BanxCorp

**Lowenstein Sandler**
ATTORNEYS AT LAW

concerning its failure to comply with the Federal Rules of Civil Procedure and this Court's Orders. BanxCorp's steadfast refusal to observe the rules has resulted in exponentially increased confusion and cost. We respectfully request that BanxCorp be required to pay for its unjustifiable, and plainly intentional, conduct.

I enclose a form of order setting a schedule for briefing of Bankrate's proposed motion. We will make ourselves available at the Court's convenience for a conference or telephone conference to address these issues should the Court conclude that further information would be helpful.

Respectfully submitted,

R. Scott Thompson

Enclosure

20928/2
04/22/2011 17319260.3

cc: Hon. Susan D. Wigenton, U.S.D.J. (via ECF and Fedex w/encs.)
    Nelson E. Canter, Esq. (via ECF and email w/ encs.)
    Mordechai Lipkis, Esq. (via ECF and email /w encs.)
    Michael J. Hahn, Esq.
    Eric Jesse, Esq.

