Roberto Cuan
John G. Balestriere*†
Brandon J. Page*
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, New York 10007
Telephone:     (212) 374-5401
Facsimile:      (212) 208-2613
john.balestriere@balestriere.net
*Former Attorneys for Plaintiff*
\*Admitted in New York
†*Previously Admitted Pro Hac Vice in This Matter*

**UNITED STATES DISTRICT COURT
DISCTRICT OF NEW JERSEY**

| | |
|---|---|
| **BANXCORP**, | |
| Plaintiff, | Civil Action No. 07-3398 (SDW)(MCA) |
| - against - | |
| **BANKRATE, INC.**, | |
| Defendant. | |

**MEMORANDUM OF LAW OF PLAINTIFF'S FORMER COUNSEL
IN SUPPORT OF ITS MOTION TO QUASH
AND FOR A PROTECTIVE ORDER**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

PRELIMINARY STATEMENT ............................................................................... 1

FACTUAL BACKGROUND .................................................................................... 3

ARGUMENT ............................................................................................................. 3

    I.    Applicable Legal Standard ............................................................................ 3

    II.   The Subpoeana Should Be Stricken .............................................................. 4

        a.   The Subpoena Should be Stricken Because it Subjects the Firm to an Undue Burden ............................................................................... 4

        b.   The Subpoena Should be Stricken Because it Calls for the Production of Privileged Information ..................................................................... 6

    III.  A Protective Order Should Be Issued Against Defendant ............................ 7

CONCLUSION ......................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*DIRECTV, Inc. v. Richards*, 2005 WL 1514187, at *2 (D.N.J. June 27, 2005) ............... 3

*Fisher v. U.S.*, 425 U.S. 391 (1976) ................................................................................. 5

*Great American Assur. Co. v. Boeing Co.*, 2006 WL 1027433 (N.J. Super. April 12, 2006) ............................................................................................................................ 7

*Horon Holding Corp. v. McKenzie*, 341 N.J. Super. 117 (App. Div. 2001) ................... 5

*Jones v. DeRosa*, 238 F.R.D. 157 (D.N.J. 2006) ............................................................. 7

*Leibholz v. Hariri*, 2008 WL 2697336 (D.N.J. June 30, 2008) ....................................... 2

*Norfolk Southern Ry. Co. v. Emjay Environmental Recycling Ltd.*, 2010 WL 3259834 (D.N.J. Aug. 17 2010) ................................................................................................. 3

*Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395 (D.C. Cir. 1984) ............... 3

*Nye v. Ingersoll Rand Co.*, 2011 WL 253957 (D.N.J. Jan. 25, 2011) .............................. 3

*Raritan Bay Federal Credit Union v. CUMIS Ins. Soc., Inc.*, 2010 WL 4292175 (D.N.J. Oct. 21, 2010) ............................................................................................................... 5

*Regency Oldsmobile, Inc. v. General Motors Corp.*, 1988 WL 133436 (D.N.J. Dec. 13, 1988) ............................................................................................................................ 6

*State v. Schubert*, 235 N.J. Super. 212 (App. Div. 1989) ................................................ 5

*U.S. v. Nobles*, 422 U.S. 225 (1975) ................................................................................ 5

*Wasserstein v. Swern and Co.*, 84 N.J.Super. 1 (App. Div. 1964) ................................... 7

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir.2004) ................................ 3

**Rules**

Fed.R.Civ.P. 26 ............................................................................................................ 2, 6

Fed.R.Civ.P. 45 ........................................................................................................ 2, 3, 5

**Treatises**

James W. Moore et al., Moore's Federal Practice (3d ed. 2008) ............................... 2, 3

## PRELIMINARY STATEMENT

On March 23, 2011, Defendant in the above-captioned action served a subpoena duces tecum (the "Subpoena") on the former counsel to Plaintiff-BanxCorp, Balestriere Fariello (the "Firm"). (*See* Declaration of John G. Balestriere ("JGB Decl.") ¶ 11) (true copy of the Subpoena.) The Subpoena should be quashed and a protective order issued because all of the documents and communications requested are either not in the Firm's possession, more appropriately obtained from Plaintiff, unrelated to the merits of the instant action, or subject to attorney-client privilege and work product doctrine protection.

On March 29, 2011, current counsel for Plaintiff-BanxCorp sent a letter to Judge Arleo requesting leave to file a motion pursuant to Federal Rule of Civil Procedure 26(c) and 45 for a Protective Order and to quash the Subpoena. (*See* JGB Decl. ¶ 8, 11.) The Firm joins in that request, but writes separately to articulate a more defined basis for the relief sought.

The presumptive basis for the Subpoena is the Firm's prior status as counsel of record for Plaintiff-BanxCorp in the instant matter (the "New Jersey Action"), as well as the work it provided in two related actions. (*See* JGB Decl. ¶ 2) (discussing the Lending Tree Action and the Apax Action.) The Firm is now involved in litigation with Plaintiff and its principal, Norbert Mehl, (the "New York Action") over unpaid fees arising from the Firm's prior representation.

1

The Subpoena served on the Firm contains five numbered paragraphs, each requesting a variety of documents and communications from the Firm. None of the material sought should be disclosed:

- Subpoena Request one seeks documents "prepared by Norbert Mehl in the New Jersey Action." (*See* JGB Decl. ¶ 11.) There is no basis for seeking these from Plaintiff's former counsel because the Firm did not prepare them.

- Subpoena Request two seeks all documents relied upon to prepare complaint drafts. (*See* JGB Decl. ¶ 11.) This is unnecessarily burdensome to seek from the Firm when it no longer represents Plaintiff.

- Subpoena Request three seeks all documents evidencing communications regarding the New Jersey Action. (*See* JGB Decl. ¶ 11.) This is a fishing expedition that, if allowed, would be incredibly burdensome on the Firm, as it would require individual examination of every single communication over a three year period.

- Subpoena Request four seeks documents relating to a statement made by Plaintiff's principal, Norbert Mehl. (*See* JGB Decl. ¶ 11.) Plaintiff's former counsel is not an appropriate recipient for a request seeking documents to support something another person said.

- <u>Subpoena Request five</u>, via its three subparts, seek documents relating to an entirely separate case, the New York Action, which is the Firm's action for fees against Plaintiff.  (*See* JGB Decl. ¶ 11.) These responses would include privileged information, and moreover, could not lead to the discovery of admissible evidence as the merits in this case, and are thus are wholly unrelated.

Because there is a basis not to disclose all material sought, the Firm requests the Court issue a protective order suspending the disclosure of the materials sought and that the Subpoena be stricken in its entirety.

## FACTUAL BACKGROUND

The facts relevant to the instant motion are set forth in the accompanying declaration of John G. Balestriere ("JGB Decl.") and the Exhibits thereto, which are incorporated herein by reference, and, for the sake of brevity, will not be restated herein.

## ARGUMENT

### I.  Applicable Legal Standard

Federal Rule of Civil Procedure 45 ("FRCP 45") instructs the Court to "quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter[,]" or "subjects a person to an undue burden."  Fed.R.Civ.P. 45(c)(3)(A)(iii) & (iv).  In addition, upon a showing of good cause, a court may enter a protective order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ."  Fed.Riv.P. 26(c).

3

"A motion to quash is similar to a motion for a protective order that discovery not be had under Rule 26(c), and is judged under similar standards." *Leibholz v. Hariri*, 2008 WL 2697336, at *2 (D.N.J. June 30, 2008) (citing 9 James W. Moore et al., Moore's Federal Practice § 45.50[2] (3d ed. 2008)).

## II. The Subpoeana Should Be Stricken

### a. The Subpoena Should be Stricken Because it Subjects the Firm to an Undue Burden

The Court should quash the Subpoena in its entirety because, in violation of FRCP 45(c)(3)(A)(iv), it seeks documents from a third-party, the Firm, which are readily obtainable through standard pre-trial discovery devices from parties to the action.

FRCP 45(c)(3)(A)(iv) instructs a court to quash a subpoena where it subjects a person to an undue burden. "A subpoena causes an undue burden if the request 'is unreasonable or oppressive.'" *DIRECTV, Inc. v. Richards*, 2005 WL 1514187, at *2 (D.N.J. June 27, 2005) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984)). Although the burden of demonstrating the undue burden is on the subpoenaed party, "[no authority] suggests that a court must require documentary evidence of the specific cost or burden of production where a subpoena is facially overbroad or the information sought is irrelevant, privileged, or more readily obtainable from other sources." *Nye v. Ingersoll Rand Co.*, 2011 WL 253957, at *6 (D.N.J. Jan. 25, 2011). "The court may consider the expense and inconvenience to the non-party." *Norfolk Southern Ry.*

4

*Co. v. Emjay Environmental Recycling Ltd.*, 2010 WL 3259834, at *2 (D.N.J. Aug. 17 2010) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004)).

Defendant seeks documents admittedly prepared by Plaintiff-BanxCorp (Subpoena Request No. 1) ("drafts . . . prepared by Norbert Mehl in the New Jersey Action."), all documents relied upon for four different versions of the complaint in the New Jersey Action (Subpoena Request No. 2), all communications concerning the New Jersey Action (Subpoena Request No. 3), documents relating to a statement made by Plaintiff (Subpoena Request No. 4), and, finally, documents ostensibly held by Plaintiff along with privileged communications relating thereto (Subpoena Request No. 5). More outlandish is the fact that Request No. 5 covers an entirely separate case, the New York Action – a fee dispute – which is materially unrelated to this action.

Asking the Firm, Plaintiff-BanxCorp's former counsel, to cull through thousands upon thousands of documents that are more readily obtainable from Plaintiff, a party in this action, is unreasonable and oppressive. This process will require individual examination of each document and communication in three years of labor intensive litigation, amounting to tens of thousands of pages of documents, in order for the Firm to protect attorney-client and work product privileges. Considering the expense and inconvenience of these requests, as the Court may do, this Court should quash the Subpoena in its entirety.

### b. The Subpoena Should be Stricken Because it Calls for the Production of Privileged Information

Subpoena Request No. 5 seeks information protected by attorney-client privilege and the work product doctrine, and should be quashed pursuant to FRCP 45(c)(3)(A)(iii).

"Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. U.S.*, 425 U.S. 391, 403 (1976). The attorney-client privilege extends to communications between an attorney and his or her former client. *Cf. Horon Holding Corp. v. McKenzie*, 341 N.J. Super. 117, 130 (App. Div. 2001) (acknowledging the privilege applies to former clients by virtue of questioning whether the communications are subject to a claim of privilege). "Since the protection of the privileged communication is not for the attorney, but rather for the client, not only may the client alone waive the privilege, but the attorney, if called upon to divulge confidential communications, must assert it." *State v. Schubert*, 235 N.J. Super. 212, 220 (App. Div. 1989).

"Like the attorney-client privilege, the work product doctrine protects certain material from discovery. The work product doctrine, however, is 'distinct from and broader than the attorney-client privilege.'" *Raritan Bay Federal Credit Union v. CUMIS Ins. Soc., Inc.*, 2010 WL 4292175, at *11 (D.N.J. Oct. 21, 2010) (quoting *U.S. v. Nobles*, 422 U.S. 225, 238 (1975)). It protects "documents and

6

tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]" Fed.R.Civ.P. 26(b)(3).

Therefore, even if the Court determines quashing the Subpoena on the grounds that it is an undue burden is not warranted, the Court must modify it to prevent disclosure of privileged information. Request No. 5 inappropriately seeks privileged correspondence between the Firm and Plaintiff-BanxCorp, as well as encompasses documents subject to the attorney work product doctrine. Such correspondence or documents should not be disclosed.

### III.    A Protective Order Should Be Issued Against Defendant

A protective order should be issued pursuant to FRCP 26(c) because the Subpoena requests documents that could not be and are not in the Firm's possession, and that contain utterly irrelevant information. Moreover, the requests impose an undue burden and expense on Plaintiff's *former* counsel, and this Court should enter a protective order which prevents Defendants from seeking this and this type of information from the Firm.

"Under Rule 26(c), a party or a nonparty from whom discovery is sought may apply to the Court for 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' Such protective orders may include an order that the discovery not be had." *Regency Oldsmobile, Inc. v. General Motors Corp.*, 1988 WL 133436, at *2 (D.N.J. Dec. 13, 1988) (quoting Fed.R.Civ.P. 26(b)(1)). "[S]ubpoenas that oblige a party to produce on short notice data that is ascertainable through routine

7

pretrial discovery are 'unreasonable and oppressive.'"  *Great American Assur. Co. v. Boeing Co.*, 2006 WL 1027433, at *1 (N.J. Super. L. April 12, 2006) (quoting *Wasserstein v. Swern and Co.*, 84 N.J.Super. 1, 8 (App. Div. 1964)).  A protective order is also appropriate to protect confidential information.  *See Jones v. DeRosa*, 238 F.R.D. 157, 166 (D.N.J. 2006).

To the extent the Firm even has any documents responsive to these demands, they should first be sought through the routine devices provided to Defendants through discovery with persons party to the action.  *Cf. Great American*, 2006 WL 1027433, at *1.  The documents requested regarding the New Jersey Action are more properly the subject of discovery requests between the Defendant and Plaintiff, not Plaintiff's former counsel which is *no longer involved* in the case.  Under these circumstances, Defendant's request constitutes an undue burden and expense.  Defendant fails to provide information which demonstrates the documents its seeks have been sought as against Plaintiff, and that it was then claimed unavailable.  As such, the Subpoena is unreasonable and oppressive.

Furthermore, Defendant has no right to seek documents relied upon, prepared by, and sent by the Firm in a fee dispute action, the New York Action, which shares merely tangential facts and no common questions of law or fact.  These requests are plain and simple fishing expeditions.  A protective order should be issued.

8

Justice requires that this Court issue a protective order preventing Defendant from seeking the requested documents and communications as the circumstances and known facts dictate they are unduly burdensome and an undue expense.

## CONCLUSION

Defendant's Subpoena is an inappropriate and unduly burdensome attempt to get documents from Plaintiff's former counsel when they are more readily accessible from Plaintiff itself.  Furthermore, it seeks documents from an unrelated dispute, and others prepared by the Firm which are subject to the work product doctrine as well as correspondence between the Firm and Plaintiff which is subject to attorney-client privilege.  For these and all the foregoing reasons, this Court should grant the Firm's motion to quash the subpoena and issue a protective order suspending the disclosure of any of these materials.

Date:   April 22, 2011
        New York, New York

/s/ Roberto Cuan
Roberto Cuan
John G. Balestriere*†
Brandon J. Page*
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:   (212) 208-2613
john.balestriere@balestriere.net
*Former Attorneys for Plaintiff*
*Admitted in New York
†*Previously Admitted Pro Hac Vice in This Matter*

9