# Exhibit A

Case 2:07-cv-03398-SDW -MCA   Document 218-3   Filed 04/22/11   Page 1 of 14 PageID: 11140

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| BanxCorp<br>　　　　　Plaintiff,<br>v.<br>Bankrate, Inc.<br>　　　　　Defendant. | Civil Action No. 07-3398 (SDW)(MCA)<br><br>(If the action is pending in another district, state where: 　　　) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   John G. Balestriere
　　　Balestriere Fariello PLLC
　　　225 Broadway, Suite 2900
　　　New York, New York 10007

☒ *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place:<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, New Jersey 07068-1791<br>ATTN: Michael J. Hahn, Esq. | Date and Time:<br><br>April 22, 2011<br>5:00 p.m. |
|---|---|

☐ *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: March 23, 2011

　　　　　　　CLERK OF COURT

　　　　　　　_____   OR   _/s/ signature/_
　　　　　　　Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing (name of party) __Bankrate, Inc.__
　　　　　　　　　　　　　　　　　　　　　　　　　　, who issues or requests this subpoena, are:

Michael J. Hahn, Esq.
Eric Jesse, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
mhahn@lowenstein.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                                                    *Server's signature*

                                                  _____
                                                                                    *Printed name and title*

                                                  _____
                                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS

1. "Revealing," "Concerning," and/or "Reflecting," means referring to, revealing, pertaining to, discussing, connected with, commenting on, responding to, supporting, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, compromising, and/or constituting.

2. "Document" or "Documents" refers to any papers, writings, and/or electronically stored information including, but not limited to, notes, contracts, memoranda, reports, financial records, computer or other business machine records, communications sent via any electronic means, including but not limited to internet and extranet compilations or written or graphic material stored in a tangible, electronic, mechanical or electric form, or any representation of any kind, including but not limited to, materials stored on or in computer disks, networks, mainframes, hard drives, CD-ROM, tapes or other forms of memory as well as back-up and deleted files of any computer storage device or media, whether located on or off site, from which the information can be obtained, as well as any draft, non-identical copy, and/or translation of the foregoing.

3. "Draft" refers to any document in its preliminary or initial stage of development or preparation.

4. "The New Jersey Action" refers to the litigation filed by BanxCorp against Bankrate, Inc. in the District of New Jersey and is captioned, BanxCorp v. Bankrate, 07-CV-03398.

5. "The New York Action" refers to the litigation filed by Balestriere PLLC against BanxCorp and Norbert Mehl and counterclaims filed by BanxCorp and

Norbert Mehl in the Supreme Court of the State of New York, County of New York and is captioned, Balestriere PLLC v. BanxCorp, No. 650919/2010.

6. "You" or "Your" refers to Balestriere Fariello PLLC.

## INSTRUCTIONS

1. If any part of the request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, the part should be specified.

2. Each request and subparagraphs or subdivisions thereof shall be construed independently, and no request, subparagraph, or subdivision shall be construed as creating a limitation upon any other request, subparagraph, or subdivision.

3. The documents to be produced in response to these requests are all responsive documents in Your possession, custody, or control, or known to be available to You, regardless of whether such documents are possessed directly by You or Your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on Your behalf or subject to Your control, and whether they are maintained at any of Your locations, offices, or in archives or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to You.

4. Any reference in these document requests to an individual or person includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

5. Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants, and all other persons acting or purporting to act on behalf of such corporation, partnership, association, or entity and any of their parent corporations, holding companies subsidiaries, affiliates, divisions, departments, predecessors and/or successors-in-interest.

6. Where a request calls for information that is not available to You in the form requested, but is available in another form, or can be obtained, in whole or in part, from other data in Your possession or control, You must state so and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

7. You shall produce the original and all non-identical copies, including all drafts, of each responsive document. If You are unable to produce the original of any document, You shall produce the best available copy and all non-identical copies, including all drafts.

8. If any requested document is not or cannot be produced in full, You shall produce it to the extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

9. In accordance with FRCP 45(d)(1)(A), all documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in this subpoena, and identifying the name of the person from whose files the documents were produced.

10. No part of a document request may be left unanswered merely because an objection is interposed to another part of the document request. If You object to any *document request or sub-part thereof*, You must state with specificity Your objection and all grounds therefore. Any ground not stated will be waived.

11. If any document is withheld under any claim of privilege, including without limitation, the work product doctrine or attorney-client privilege, You should provide a privilege log.

12. Any requests propounded in the disjunctive shall also be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall also be read as if propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

13. These document requests are continuing in nature, and Your responses thereto shall be supplemented if and as additional responsive information or documents become known to You after service of Your responses hereto. Supplemental responses shall be served and additional documents shall be made available promptly upon discovery of such information

14. Bankrate requests continuing supplementation with respect to Document Request No. 3.

## DOCUMENTS REQUESTED

1. All drafts of the Complaint, First Amended Complaint, Second Amended Complaint and Third Amended Complaint that were prepared by Norbert Mehl in the New Jersey Action.

2. All documents that were relied upon in preparation of the Complaint, First Amended Complaint, Second Amended Complaint and Third Amended Complaint filed in the New Jersey Action.

3. All documents reflecting or revealing any non-privileged communications concerning the New Jersey Action.

4. All non-privileged documents relating to Norbert Mehl's alleged statement that "few [documents] existed [relating to the New Jersey Action] or that they had disappeared due to technical problems." (First Amended Complaint ¶ 29, New York Action)

5. All of the following documents in the New York Action:
   a. Documents relied upon in preparation of the Complaint and First Amended Complaint;
   b. All of the parties' discovery responses; and
   c. All related correspondence between the parties.

# Exhibit B

**MORDECHAI I. LIPKIS, ESQ.**
50 WALKER STREET, SUITE 2A
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

March 29, 2011

*Via ECF and FedEx*

Hon. Madeline C. Arleo, U.S.M.J.
United States Court for the District of New Jersey
M.L.K., Jr. Building & U.S. Courthouse
50 Walnut Street Room
Newark, NJ 07101

      Re:    *BanxCorp v. Bankrate, Inc.*, **Civ. No. 07-03398-SDW-MCA**

Dear Judge Arleo:

      We write on behalf of Plaintiff BanxCorp to respectfully request leave to file a motion pursuant to Fed. R. Civ. P. 26(c) and 45, for a Protective Order forbidding the disclosure or discovery of privileged attorney-client communications between Plaintiff and its former attorney John G. Balestriere ("Balestriere") and his firm Balestriere PLLC (the "Firm"), and to quash a subpoena issued on March 23, 2011 at Defendant's request (the "Subpoena") demanding disclosure of materials and communications between Plaintiff and its former attorney.

      On July 12, 2010 Balestriere and his Firm filed a notice of a fee dispute with this Court, misrepresenting their "intent to file a complaint and any appropriate lien, relying on the *New Jersey* lien statue." [*See* Doc. No. 123-1].

      "The district courts' supervisory jurisdiction over contingent fee contracts for services rendered in cases before them is well-established." *Schlesinger v. Teitelbaum*, 475 F.2d 137 (3d Cir.), *cert. denied*, 414 U.S. 1111, 94 S.Ct. 840, 38 L.Ed.2d 738 (1973); see *also Elder v. Metropolitan Freight Carriers, Inc.*, 543 F.2d 513, 518 (3d Cir.1976). These cases control here.[1]

      It is also well settled that "<u>to protect the client</u>" [BanxCorp] the former attorney's application and action should have been brought "***at the close of the litigation***", and as a "step in the main cause." *Martin v. Martin*, 762 A.2d 246, 253 (2000).

      Nevertheless, despite its representations to this Court and to circumvent its jurisdiction and New Jersey court rules, the Firm filed a Complaint in New York the next day, i.e., on July 13, 2010, followed by a First Amended Complaint dated August 2, 2010 (the "New York Action"), to recover its alleged legal fees while the underlying antitrust action is pending. *See Balestriere PLLC vs. BanxCorp et al,* Index No. 650919/2010, Sup Ct, NY County, Doc. No. 4.

---

[1] A separate application by Plaintiff requesting that this Court exercise its jurisdictional, supervisory and disciplinary powers with respect to Balestriere and his Firm is pending.

Case 2:07-cv-03398-SDW-MCA Document 203-3 Filed 03/29/11 Page 2 of 14 PageID: 6724
Case 2:07-cv-03398-SDW-MCA Document 208-3 Filed 03/29/11 Page 2 of 4 PageID: 11151

Hon. Madeline C. Arleo, U.S.M.J.
March 29, 2011
Page 2

As a threshold matter, on or about January 22, 2008 in his application to be admitted *pro hac vice* in the underlying antitrust action, Balestriere swore under oath that he would abide by all rules of this jurisdiction. [*See* Doc. No. 16].

Accordingly, as a result of their representation of BanxCorp before this Court, Balestriere and his Firm subjected themselves to this Court's rules. Thus, their complaint for attorney's fees was maliciously and improperly filed in New York, while the underlying antitrust action is still in the midst of the discovery stage, and resting upon the fundamentally flawed legal premise that this Court has no jurisdiction over the attorney's contingent fee dispute herein.

The Third Circuit has reaffirmed the "unquestioned principle" that all federal courts have "the power both to prescribe requirements for admission to practice before [them] and to discipline attorneys who have been admitted to practice before [them]." *In re Abrams*, 521 F.2d 1094, 1099 (3d Cir.), *cert. denied*, 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975).

The disposition of a fee dispute between attorney and client under N.J.S.A. 2A:13-5 may serve the interests of judicial economy and efficiency by placing the dispute before the same judge who presided over the underlying action, rather than requiring another judge to review a trial record with which that judge has no prior familiarity. *See Levine v. Levine*, 381 N.J. Super. 1, 9-10 (App. Div. 2005) (quoting *Salch v. Salch*, 240 N.J. Super. 441, 444-45, 573 A.2d 520 (App. Div. 1990)).

The device of charging a contingent fee above that allowable under New Jersey rules and then hiring "local counsel" to avoid direct application of New Jersey court rules, as was done by Balestriere and his Firm in this case, is frequently employed by out-of-state firms. New Jersey courts have recognized that "[t]he frequency of the use of this device does not lend it credibility. The abrogation of our court rules in this manner by out-of-state attorneys will no longer be tolerated." *Anderson v. Conley*, 206 N.J. Super. 132, 140, 501 A.2d 1057 (Law Div. 1985). Therefore, the device employed by Balestriere does not operate to remove this matter from under this Court's jurisdiction.

In their First Amended Answer and Counterclaim filed on February 24, 2011 ("Counterclaims"), BanxCorp and its CEO Norbert Mehl ("Mehl") counterclaimed that the the Firm and Balestriere were discharged for cause based on at least *eighteen factors* and therefore are not entitled to any fees (*see Balestriere, supra,* Doc. No. 44 and 44-1, Counterclaims ¶¶ 30-37).

It is axiomatic, of course, that Balestriere must show that he is or will become entitled to a fee before he is entitled to a lien. However, as set forth in the Counterclaims, because Balestriere has been discharged for cause and further because the condition precedent to his right to a fee as provided under his Engagement Agreement – a cash recovery – has not occurred, he simply would not be entitled to either a fee or a lien. *See Industry Network Sys., Inc. v. Armstrong World Indus., Inc.*, 54 F.3d 150, 154 (3d Cir. 1995).

Hon. Madeline C. Arleo, U.S.M.J.
March 29, 2011
Page 3

The Counterclaims further allege that BanxCorp was fradulently induced by the Firm and Balestriere to enter into a contingency-based risk sharing attorney-client relationship which they never intended to honor. Balestriere himself admitted in an affirmation that a contingency fee is typical of his engagament arrangements, and the Firm's website clearly states that it is "rarely paid by the hour." *See* www.balestriere.net and www.risksharingattorney.com.

In addition, the Counterclaims accuse the Firm and Balestriere of negligence and culpable conduct, as well as libel, slander and defamation.

The Firm and Balestriere concocted and drafted certain portions of the New York Action, such as for example Paragraphs 29 through 33, specifically to avail themselves of the privileges associated with court proceedings, with the express purpose of using the pleadings as a device to protect their false, defamatory and prejudicial statements in a veiled attempt to harm BanxCorp's and Mehl's reputation.

"Once filed, the complaint is a public document with access to it available to the public and the news media. But for [a party], purposely and maliciously, to stimulate press coverage and wide publicity of a complaint with its allegedly false and malicious statements is beyond the pale of protection." *See Bridge C.A.T. Scan*, 608 F. Supp. at 1195; *see also Wise v. Consolidated Edison Co. of NY*, 282 AD2d 335 (1st Dept 2001); *HéLIE v. McDermott, Will & Emery*, 2007 NY Slip Op 27523.

The New York Appellate Division's First Department further supports the proposition that a current or former client may invoke DR 4-101 (B) as a ground to prevent an attorney from taking legal action against the client, if such action would lead to a violation of DR 4-101 (B), which imposes a *continuing obligation on attorneys to protect their clients' confidences and secrets, even after representation has concluded*. *HéLIE v. McDermott, Will & Emery*, 2007 NY Slip Op 27523. [Emphasis added]

It is also settled law that even after representation has concluded, a lawyer may not reveal information confided by a former client, or use such information to the disadvantage of the former client or the advantage of a third party. In essence, by needlessly making false and defamatory statements against BanxCorp and Mehl and publicly disclosing privileged attorney-client secrets in total disregard for the most basic Rules of Professional Conduct, Balestriere's actions are tantamount to blackmail and extortion, which have no bearing in a *quantum meruit* dispute.

More specifically, on September 28, 2010 Balestriere sent a copy of the New York Action containing the alleged false, libelous, slanderous and defamatory statements to this Court, with copies to numerous attorneys representing third parties including some of the largest news media in the United States, i.e., Dow Jones & Co., The Wall Street Journal, The New York Times, CNN, Fox News, MSNBC, NBC, and AOL, in separate antitrust actions in which neither Balestriere nor his Firm ever acted as BanxCorp's attorney of record, namely *BanxCorp v. Lending Tree LLC et al*, and *BanxCorp v. Apax Partners L.P. et al* (the "Separate Antitrust Actions"). A subsequent notice was served on the above by Balestriere on February 18, 2011.

Hon. Madeline C. Arleo, U.S.M.J.
March 29, 2011
Page 4

    Moreover, although they knew or should have known that they are not entitled to a lien in the Separate Antitrust Actions since they never acted as BanxCorp's attorney of record, the Firm and Balestriere maliciously threatened these third parties by stating as follows: " I write to follow up on my previous letter dated July 14, 2010, to reiterate that if you participate in any payment of funds to BanxCorp or Mehl related in any way to the Actions without our involvement and consent that you or your client may expose yourself to tort liability."

    The Firm and Balestriere engaged in a deliberate plan to destroy the credibility, business and reputations of BanxCorp and Mehl through false statements and other illegal means which may result in great and irreparable harm. The prejudicial matter unnecessarily inserted in the New York Action, and the prejudicial false statements and communications to this Court and third parties were made by the Firm and Balestriere in a deliberate attempt to interfere with the underlying antitrust action herein and with unrelated judicial proceedings.

    Accordingly, Plaintiff respectfully requests that the Court grant a Protective Order forbidding the disclosure or discovery of any privileged attorney-client communications or information subject to protection as trial-preparation material between Plaintiff and Balestriere and his Firm, and quash Defendant's Subpoena.

    Respectfully submitted,

    Mordechai I. Lipkis
    *Admitted Pro Hac Vice*

    s/*Lawrence C. Hersh*
    Lawrence C. Hersh

cc:    All Counsel of Record