

**LOWENSTEIN
Sandler**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm
Tel 973 597 2532
Fax 973 597 2533
sthompson@lowenstein.com

April 28, 2011

**VIA CM/ECF & FEDEX**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   **BanxCorp v. Bankrate, Inc.**
      **Civil Action No. 07-3398 (SDW)**

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced matter. By letter dated April 22, 2011, I wrote to Your Honor asking Your Honor for leave to file a motion for an order imposing sanctions upon the plaintiff for violation of this Court's orders. Yesterday, plaintiff made additional filings in violation of your Scheduling Order of October 8, 2011 (the "Scheduling Order"), and I am writing to reiterate Bankrate's request for leave to file a motion for sanctions.

Paragraph 6 of the Scheduling Order states: "Dispositive motions shall not be filed until thirty (30) days after the close of Discovery. Failure to file dispositive motions within that time frame shall result in their dismissal as untimely." The Scheduling Order also clearly states, in paragraph 20, that failure to follow the provisions of the Order will result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

Despite this clear language, on April 18, 2011 (in connection with its response to Bankrate's motion to dismiss new claims set forth in the Fourth Amended Complaint), plaintiff filed a cross-motion for summary judgment. We immediately demanded, twice, that plaintiff withdraw the summary judgment motion. Plaintiff explicitly refused. By letter dated April 22, 2011, we sought leave to file a motion for an order imposing sanctions against plaintiff for a number of violations of this Court's orders. Later that day, Nelson Canter (lead counsel for plaintiff) filed a notice of motion withdrawing the summary judgment motion along with a letter declaring as "moot" our request for leave to seek sanctions.

While the request for leave to seek sanctions was not mooted by the withdrawal of the summary judgment motion (we had spent hours addressing the improper motion and are entitled to be

Hon. Madeline Cox Arleo, U.S.M.J.                                                      April 28, 2011
Page 2

reimbursed for that cost, and there were other violations raised in my April 22 letter), I would not be writing today if the matter ended there. The matter did not end there.

Yesterday, different counsel for plaintiff filed a new proposed notice of summary judgment motion. Under cover of a letter from Mordechai Lipkis -- a New York attorney admitted *pro hac vice* in this case -- plaintiff effectively reinstated its improper summary judgment motion. The motion is both unintelligible and defective in a number of respects. More importantly, it is clearly in violation of this Court's scheduling Order prohibiting dispositive motions until after the close of discovery. Mr. Lipkis' letter is co-signed by Lawrence Hersh, Esq., who has appeared in this case as local counsel but who (like Mr. Lipkis) has not appeared in court. Mr. Canter, who has appeared in court and who withdrew the original summary judgment motion last week, did not sign either the letter or the Notice of Motion.

Plaintiff obviously does not believe that it is bound by this Court's orders or by the rules governing procedure in this Court. Its conduct is resulting in exponentially increased cost to bring this case to conclusion. Bankrate is entitled to be compensated for time spent as a result of plaintiff's conduct that plainly violates this Court's orders and the rules governing practice in this Court.

We therefore respectfully request leave to file a motion imposing sanctions on plaintiff and Mr. Lipkis. Specifically, at a minimum, we would seek an order (1) awarding Bankrate the cost of attorneys' fees attendant to addressing the improper summary judgment motions, and (2) revoking Mr. Lipkis' *pro hac vice* admission for willful violation of this Court's orders.

Respectfully submitted,

R. Scott Thompson

Enclosure

20928/2
04/28/2011 17319260.3

    cc:     Hon. Susan D. Wigenton, U.S.D.J. (via ECF and Fedex w/ encs.)
               Nelson E. Canter, Esq. (via ECF and email w/ encs.)
               Mordechai Lipkis, Esq. (via ECF and email /w encs.)
               Michael J. Hahn, Esq.
               Eric Jesse, Esq.



|  | : | **UNITED STATES DISTRICT COURT** |
|---|---|---|
| **BANXCORP,** | : | **DISTRICT OF NEW JERSEY** |
|  | : |  |
| Plaintiff(s), | : |  |
|  | : | **Hon. Susan D. Wigenton** |
| -vs- | : | **Civil Action No. 07-3398 (SDW)** |
|  | : |  |
| **BANKRATE, INC.,** | : | <u>**PRETRIAL SCHEDULING ORDER**</u> |
|  | : |  |
| Defendant(s), | : |  |
|  | : |  |

**THIS MATTER** having come before the Court for a status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 4, 2010; Canter Law Firm, PC (Nelson E. Canter, Esq., appearing) on behalf of Plaintiff;  Lowenstein Sandler (R. Scott Thompson, Esq. and Michael Hahn, Esq., appearing) on behalf of Defendant;  and for good cause shown:

**IT IS on this 6th day of October, 2010,**

**ORDERED THAT:**

**I.  DISCOVERY AND MOTION PRACTICE**

1. Discovery is to remain open through **June 1, 2011**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. Any motion to amend pleadings must be filed not later than **February 10, 2011**.

3. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.

4. Any discovery dispute shall be brought to the Court's attention in the first instance by letter e-filed, a copy to Chambers, immediately after the parties' good faith attempt to resolve the dispute has failed.  See L. Civ. R. 16.1(f)(1).

5.  Other than as set forth in paragraph 6, no motions shall be filed without leave of Court. If a party wishes to file a motion, he or she should write a letter to the Magistrate Judge explaining the basis of the motion and the Court will advise as to how to proceed. Discovery disputes shall be raised in the first instance by letter to the Court, efiled with a copy to chambers.

6.  Dispositive motions shall not be filed until thirty (30) days after the close of Discovery. Failure to file dispositive motions within that time frame shall result in their dismissal as untimely.

## II. EXPERTS

7.  All affirmative expert reports shall be delivered by **July 1, 2011**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. See Fed. R. Civ. P. 26(b)(4)(A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

8.  All responding expert reports shall be delivered by **August 15, 2011,** with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. Any such report shall be in the form and content as described above.

9.  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## III. FINAL PRETRIAL CONFERENCE

10. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

11. Pursuant Judge Wigenton's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

12. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

13. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

14. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

### IV.  MISCELLANEOUS

15. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **Done,    2010**.

16. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

17. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

18. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.

19. There shall be an in person status conference before the undersigned on **Thursday, January 20, 2011 at 11:00 a.m.** Three days prior to the conference the parties are directed to submit a joint letter, not to exceed five pages. The letter shall address the status of discovery, any requested modifications to the existing discovery schedule and any anticipated discovery disputes.

20. **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Original:  Clerk of the Court
cc:       All Parties
          Deputy Clerk
          File

**RIDER ON LENGTH OF BRIEFS**

The attention of the parties is directed to L. Civ. R. 7.2(b), as amended by Order filed September 3, 1991. Briefs "shall not exceed 40 <u>ordinary</u> typed pages***" (emphasis added). This page limitation shall be <u>strictly enforced</u>.

When submitting a brief in accordance with General Rule 27B, a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument. This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's General Rule 27B brief and letter.

The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.