# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP,<br><br>         Plaintiff,<br><br>vs.<br><br>BANKRATE, INC.,<br><br>         Defendant. | Civil Action No. 07-3398<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br><br><br>Document Electronically Filed<br><br><br>Oral Argument Requested |

## BANKRATE INC.'S BRIEF IN OPPOSITION TO BANXCORP'S CROSS-MOTIONS FOR BIFURCATION AND CONSOLIDATION

**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
   *Attorneys for Defendant Bankrate, Inc.*

Of Counsel and on the Brief:
   R. Scott Thompson, Esq.
   Michael J. Hahn, Esq.

On the Brief:
   Eric Jesse, Esq.

-i-

# TABLE OF CONTENTS

Page No.

INTRODUCTION ..................................................................................................1

PROCEDURAL HISTORY...................................................................................2

LEGAL ARGUMENT ...........................................................................................5

I.  BANXCORP FAILS TO MEET IS BURDEN FOR BIFURCATION
    OF CLAIMS PURSUANT TO FED. R. CIV. P. 42(B)................................5

II. BANXCORP'S MOTION FOR CONSOLIDATION SHOULD BE
    DENIED BECAUSE THE TWO CASES ARE AT SEPARATE
    STAGES OF LITIGATION .........................................................................7

CONCLUSION.....................................................................................................11

-ii-

# **TABLE OF AUTHORITIES**

**Pages**

**CASES**

A.F.I.K. Holding SPRL v. Fass,
    216 F.R.D. 567 (D.N.J. 2003) ..................................................................................9

Atlantic Richfield Co. v. USA Petroleum Co.,
    495 U.S. 328 (1990) ...............................................................................................11

Blue Cross & Blue Shield United v. Marshfield Clinic,
    65 F.3d 1406 (7th Cir. 1984) .................................................................................11

Bruno v. Borough of Seaside Park,
    No. 04-5085, 2006 U.S. Dist. LEXIS 56758 (D.N.J. Aug. 11, 2006) ....................8

In re: Consol. Parlodel Litig.,
    182 F.R.D. 441 (D.N.J. 1998) .............................................................................8, 9

Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,
    149 F.R.D. 65 (D.N.J. 1993) ...............................................................................8, 9

Rodin Prop.-Shore Mall, N.V. v. Cushman & Wakefield of Penn., Inc.,
    40 F. Supp. 2d 709 (D.N.J. 1999) ...........................................................................5

**RULES**

Fed. R. Civ. P. 42(a) .........................................................................................2, 4, 8

Fed. R. Civ. P. 42(b) .........................................................................................1, 2, 5, 7

Defendant Bankrate, Inc. respectfully submits this Brief in Opposition to the Cross-Motion of plaintiff BanxCorp for Bifurcation and Consolidation.

## INTRODUCTION

BanxCorp has once again filed unsupported and procedurally improper motions, this time for bifurcation and consolidation. These motions were filed in violation of the October 8, 2010 Scheduling Order governing motions in this case, and are now a subject of Bankrate's request for leave to file a motion for sanctions, which is pending before Magistrate Judge Madeline Cox Arleo. By its motion, BanxCorp seeks bifurcation of so-called "per se claims" pursuant to Fed. R. Civ. P. 42(b) as well as consolidation of this lawsuit with <u>BanxCorp v. LendingTree LLC</u>, No. 10-2467 (the "LendingTree Action").

While BanxCorp purports to file a bifurcation motion pursuant to Fed. R. Civ. P. 42(b), the substance of the motion actually seeks a ruling from the Court that Bankrate's co-brand contracts are <u>per se</u> unlawful. The motion is a back-door request for partial summary judgment -- not bifurcation of the claims at trial. The Scheduling Order also bars summary judgment motions until 30 days after the close of discovery. BanxCorp should not be permitted to circumvent the Scheduling Order's timing of summary judgment by simply styling its motion as a request made pursuant to Fed. R. Civ. P. 42(b). Moreover, because BanxCorp does not really seek bifurcation at trial, it has made no effort in its moving brief to

explain how bifurcation is appropriate pursuant to Fed. R. Civ. P. 42(b). BanxCorp has not even attempted to satisfy its burden under Rule 42.

BanxCorp also filed an unauthorized motion for consolidation under Fed. R. Civ. P. 42(a). In addition to being procedurally improper and in violation of a court order, the motion should be denied because this lawsuit and the LendingTree Action are at nearly at opposite ends of the discovery spectrum. Discovery in the LendingTree Action recently commenced; this lawsuit, on the other hand, is closing in on the end of discovery (fact discovery closes on June 1, 2011). Consolidation would significantly delay the conclusion of this case through summary judgment following the impending close of fact discovery because the parties in the LendingTree Action will inevitably engage in protracted discovery (which BanxCorp will almost certainly further delay with the same obstruction practiced in this case). Delaying the close of fact discovery and ultimate resolution of this action on summary judgment (which may serve to also resolve the LendingTree action through issue preclusion) will not serve judicial economy or the administration of justice.

## PROCEDURAL HISTORY

These motions for bifurcation and consolidation are unauthorized motions filed in violation of the Court's express orders. Unfortunately, such conduct by

BanxCorp and its counsel is nothing new[1] and instead represents a pattern of abuse of judicial process. BanxCorp has made it clear through its conduct that it believes that the rules governing proceedings in this Court do not apply to it.

By Order dated April 5, 2011 Judge Arleo granted Bankrate leave to file a motion to dismiss the Fourth Amended Complaint filed by BanxCorp on April 1 and set forth a briefing schedule on that motion. RST Decl. Ex. A. Bankrate filed its motion on April 11. Instead of simply filing a brief in opposition to the motion to dismiss -- as had been contemplated when the Court discussed setting a briefing schedule at a March 31, 2011 hearing -- BanxCorp filed unauthorized "cross-motions" for summary judgment, bifurcation, and consolidation along with a brief that barely addressed any of the issues raised in Bankrate's motion to dismiss.

We wrote to BanxCorp on April 18 to advise that BanxCorp's cross-motions violated Court orders and to request that they be withdrawn. See RST Decl. Ex. B. The October 8, 2010 Pretrial Scheduling Order provides that "no motions should

---

[1] For example, in October 2010 BanxCorp served deposition notices on Bankrate and subpoenaed a third-party for deposition. This was in violation of the Court's March 20, 2009 Order [Doc. No. 58], which stated "Only written and document discovery shall proceed until further order of the Court." After being advised of the Court's express prohibition on depositions, the Plaintiff still insisted on conducting depositions and Bankrate sought leave to move for a protective order. At the January 20, 2011 hearing, Judge Arleo admonished BanxCorp for failing to comply with the Court's orders. RST Decl. Ex. C at Tr. 8:6-10 ("there's an order of the Court saying, 'Don't proceed with depositions,' and … then there's a Rule 16 where I orally tell you, 'Let's put depositions on hold until we get through the documents for now.'").

be filed without leave of Court. If a party wishes to file a motion, he or she should write a letter to the Magistrate Judge explaining the basis of the motion and the Court will advise as to how to proceed." RST Decl. Ex. D ¶ 5. In addition, the Scheduling Order provides that "Dispositive motions shall not be filed until thirty (30) days after the close of discovery." Id. ¶ 6. The Order specifies that sanctions would be imposed for violations of its provisions. Id. ¶ 20.

Despite these clear instructions, BanxCorp refused to withdraw its three motions during a meet and confer telephone conference held on April 21, 2011. As a result, Bankrate wrote to Judge Arleo on April 22 to request permission to file a motion for sanctions for the attorneys' fees associated with addressing these unauthorized motions. BanxCorp's lead counsel immediately withdrew BanxCorp's summary judgment motion, but not its motions for bifurcation and consolidation. See RST Decl. Ex. E.[2] Bankrate believes that this Court should refuse to hear the motions because they were made in violation of Judge Arleo's Scheduling Order. Bankrate respectfully submits this brief in opposition to BanxCorp's bifurcation and consolidation motions in the event that this Court decides to hear the motions.

---

[2] Subsequently, on April 27, 2011, different counsel for BanxCorp resubmitted the motion for summary judgment.

# LEGAL ARGUMENT

## I. BANXCORP FAILS TO MEET IS BURDEN FOR BIFURCATION OF CLAIMS PURSUANT TO FED. R. CIV. P. 42(B).

BanxCorp fails to meet its burden in demonstrating that bifurcation of "per se claims" is appropriate pursuant to Fed. R. Civ. P. 42(b). Rule 42(b) provides district courts with the authority to try issues and claims separately "for the convenience of the parties, to avoid prejudice, or to expedite and economize[.]" Bifurcation is only appropriate where "there will be little overlap in testimony and evidence between the two proceedings, where the issues decided at trial are complex and the fact finder is likely to become confused, where bifurcation will promote settlement, and where a single trial will cause unnecessary delay." Rodin Prop.-Shore Mall, N.V. v. Cushman & Wakefield of Penn., Inc., 40 F. Supp. 2d 709, 721 (D.N.J. 1999). In evaluating these factors "a court must take into account the 'overall equities' of the case . . . ." Id. (internal citation omitted). The party moving for bifurcation has the burden of showing that bifurcation at trial is proper. Id. at 721.

Here, BanxCorp does not come remotely close to satisfying its burden that bifurcation of "per se claims" will satisfy the objectives of Fed. R. Civ. P. 42(b). Indeed, while BanxCorp asks for bifurcation of a trial pursuant to Fed. R. Civ. P. 42(b), it appears to really ask for partial summary judgment: "Plaintiff seeks a ruling that Bankrate's 130 Co-Branding Agreements are naked horizontal market

allocation and price-fixing agreements and thus illegal *per se* under Section 1 of the Sherman Antirust Act." (Pl.'s Br. 9 (emphasis added).) In doing so, BanxCorp has once again engaged in improper litigation games and attempted to bend the procedural rules farther than they can go. Styling a motion for partial summary judgment – which is barred until 30 days after the close of discovery pursuant to the Court's October 8, 2010 Scheduling Order – as a motion for bifurcation of issues at trial *while discovery is ongoing* is patently improper and sanctionable.

BanxCorp does not really seek bifurcation of "per se claims" at trial, so it never discusses in its brief whether bifurcation will result in an overlap of testimony in holding two trial proceedings; whether bifurcation is necessary because the issues are so complex and will confuse the jury; whether bifurcation will promote settlement; or whether bifurcation will cause delay. BanxCorp's failure to address any of these issues is fatal to its motion.

Moreover, it is obvious that bifurcation of "per se claims" at trial now, or ever, makes little sense. First, there has been no ruling the BanxCorp's claim under Section 1 of the Sherman Act will have the <u>per se</u> rule attach. Indeed, assuming that BanxCorp's Section 1 claim survives the pending motion to dismiss, Bankrate intends to demonstrate at the appropriate time and pursuant to appropriate procedures that the Section 1 claim is subject to the rule of reason, rather than the <u>per se</u> rule. Thus, BanxCorp's motion to bifurcate at trial the so-called Section 1

-6-

"per se claims" is premised on the false supposition that the co-brand contracts are per se unlawful and that no further proofs on that issue are required or permitted.

Second, the co-brand contracts that BanxCorp claims are the subject of its Section 1 "per se claims" are also alleged to be the exclusionary conduct that is the subject of its monopolization claims under Section 2 of the Sherman Act. Applying Fed. R. Civ. P. 42(b) is inappropriate where, as here, the same testimony and evidence concerning the agreements would be required to adjudicate both sets of claims.

Third, BanxCorp's bifurcation motion is entirely premature. A motion to dismiss new claims in the Fourth Amended Complaint is pending. Moreover, the parties will undoubtedly move for summary judgment after the close of fact discovery. It makes little sense to adjudicate whether certain claims should be bifurcated at trial when it is not clear what claims, if any, will be left in the case.

## II. BANXCORP'S MOTION FOR CONSOLIDATION SHOULD BE DENIED BECAUSE THE TWO CASES ARE AT SEPARATE STAGES OF LITIGATION

This Court should also deny BanxCorp's motion to consolidate this action with the LendingTree Action. The parties in the two cases are at very different stages of discovery. Bankrate is nearing the end of discovery and approaching summary judgment while the LendingTree Action is just commencing discovery. Consolidation of the lawsuits would push the ultimate resolution of this lawsuit

further down the road and entangle Bankrate in the inevitable BanxCorp-LendingTree discovery disputes. In the absence of consolidation, discovery will close sooner and motions for summary judgment -- which will undoubtedly resolve much of this case -- will be filed. In fact, summary judgment could also resolve the LendingTree action by collaterally estopping BanxCorp in the event this Court grants summary judgment to Bankrate on the LendingTree claims. Therefore, consolidation would not further the "administration of justice," but would lead to delay for all and added expense for Bankrate.

The Federal Rules of Civil Procedure provide the Court with discretion to consolidate lawsuits involving common questions of law and fact. See Fed. R. Civ. P. 42(a) ("If actions … involve a common question of law or fact, the court may … consolidate the actions." (Emphasis added)). BanxCorp, as the moving party, has the burden of demonstrating the propriety of consolidation. In re: Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998). Such discretion should be exercised when "consolidation would facilitate the administration of justice," Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp., 149 F.R.D. 65, 80 (D.N.J. 1993), or "to avoid unnecessary costs and/or delay, and to promote judicial economy," Bruno v. Borough of Seaside Park, No. 04-5085, 2006 U.S. Dist. LEXIS 56758, at *5 (D.N.J. Aug. 11, 2006). Even though common issues may exist, a court should not allow consolidation when it would lead to "inconvenience,

delay, or expense." See Liberty Lincoln, 182 F.R.D. at 81. Indeed, "[i]n exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." In re: Consol. Parlodel Litig., 182 F.R.D. at 444. In addition, the "length of time required to conclude multiple lawsuits as a single one" should also be considered by the court. A.F.I.K. Holding SPRL v. Fass, 216 F.R.D. 567, 570 (D.N.J. 2003).

BanxCorp cannot meet its burden of demonstrating that consolidation is appropriate. Consolidation would delay resolution of the instant action, at a time when disposition of it is near, and involve Bankrate in litigation for a longer time than necessary. All this would, without a doubt, increase the cost of litigation and would not further the goals of judicial economy or the administration of justice.

BanxCorp filed its lawsuit against Bankrate in July 2007. Now, nearly four years and five complaints later, with the finish line for Bankrate finally in sight, BanxCorp seeks consolidation. Discovery is currently scheduled to end on June 1, 2011. BanxCorp should not be permitted to further delay adjudication on the merits through consolidation of cases that are at entirely different points in discovery. Moreover, equity dictates that it should not be permitted to do so as BanxCorp is responsible for causing both cases to run on two separate discovery schedules: it chose to file the LendingTree related claims against BanxCorp in 2007 and then chose to file against LendingTree in a separate action in 2010.

BanxCorp's evasive conduct in this case makes it clear that litigation of its claims against LendingTree will take time. Throughout discovery, BanxCorp steadfastly refused to articulate elements of its claims with any clarity. As a result, Judge Arleo repeatedly has been called upon to order BanxCorp to supplement its deficient discovery responses and document production to allow Bankrate to understand the claims BanxCorp asserts in this case. In particular, Judge Arleo directed BanxCorp to properly respond to interrogatories regarding antitrust injury, which led BanxCorp officer Norbert Mehl to admit in open court that BanxCorp suffered no injury from alleged price-fixing, rendering that claim invalid. RST Decl. Ex. F at Tr. 24:2-4; 12-15. In addition, as a result of a proposed Rule 11 motion, BanxCorp abandoned its exclusive dealing claim. These developments led BanxCorp to assert new claims in the Fourth Amended Complaint filed recently.

We expect BanxCorp to be no less evasive with LendingTree. Bankrate should not have to be prejudiced a second time by BanxCorp's abuses, evasion, and obfuscation as would inevitably occur if this case is consolidated with the LendingTree Action. Consolidation would undermine the efficient administration of justice.

Keeping the two lawsuits separate will further the goal of judicial economy, avoid delay, and result in expeditious resolution of both cases. Bankrate is nearing

the opportunity to move for summary judgment and ultimately resolve this case and possibly the LendingTree Action.[3]

## CONCLUSION

Bankrate respectfully requests that this Court dismiss BanxCorp's unauthorized motions because they violate this Court's orders. If the Court addresses BanxCorp's motions on the merits, Bankrate respectfully requests that its motions be denied for the foregoing reasons.

---

[3] One of the key issues in such a motion will be BanxCorp's lack of antitrust injury – a critical element that BanxCorp must prove (but cannot) in order to prevail in both cases. Through interrogatories and requests for admissions, BanxCorp failed to offer any evidence or discernable explanation of its antitrust injury. This is because there is none. BanxCorp does not compete in the mortgage lead aggregation market where it alleges that Bankrate and LendingTree entered into a "quid quo pro contract" wherein Bankrate agreed to wind down its affiliate Fastfind, a mortgage lead aggregator. (4AC ¶ 215-216.)  Second, BanxCorp suffers no antitrust injury as a result of Bankrate's and LendingTree's supposed conspiracy to allocate markets or customers. Customer and market allocation is akin to price fixing because they have the same anticompetitive effects. See Blue Cross & Blue Shield United v. Marshfield Clinic, 65 F.3d 1406, 1415 (7th Cir. 1984) ("The analogy between price-fixing and division of markets is compelling."). As such, just as a competitor does not suffer injury from a price-fixing conspiracy, it does not suffer injury for a market or customer allocation conspiracy. Cf. id. This is because a company is not injured when its competitors conspire to engage in conduct that results in increased prices; instead, that company actually benefits because it can also raise its prices (and make more money) or keep prices lower to attract more customers (and make more money). See Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 335 (1990). In fact, BanxCorp admitted as much in open court when it stated that it has not suffered injury from allegedly increased pricing. RST Decl. Ex F at Tr. 24:2-4; 12-15. Ultimately, if Bankrate prevails on summary judgment because of BanxCorp's lack of antitrust injury, BanxCorp will be collaterally estopped in the LendingTree action, in effect, ending that case.

Dated:  April 29, 2011

Respectfully submitted,

/s/ R. Scott Thompson
R. Scott Thompson
**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendant Bankrate, Inc.*