|  |  |
|---|---|
| BANXCORP,<br><br>                    Plaintiff,<br>          v.<br><br>BANKRATE, INC.,<br><br>                    Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br><br>Hon. Susan D. Wigenton<br>Civil Action No. 07-3398 (SDW) |
| BANXCORP,<br><br>                    Plaintiff,<br>          v.<br><br>LENDINGTREE LLC,<br><br>                    Defendant. | Hon. Susan D. Wigenton<br>Civil Action No. 10-2467 (SDW) |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
## CONSOLIDATION AND BIFURCATION OF *PER SE* CLAIMS

Mordechai I. Lipkis, Esq.
350 Broadway, Suite 1105
New York, NY 10013
Tel. 212-925-4023
mlipkis@mlipkis.com

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
Tel. 201-507-6300
lh@hershlegal.com

*Attorneys for Plaintiff BanxCorp*

Dated: May 6, 2011

## TABLE OF CONTENTS

**ARGUMENT** ...................................................................................................................1

    I.    Completion of all Document Discovery Expected by May 13, 2011 ..............1

    II.    Consolidation of Actions Makes Perfect Sense at This Time .........................3

    III.  Bifurcation of *Per Se* Claims Against Bankrate is Justified ...........................5

**CONCLUSION**..................................................................................................................6

# TABLE OF AUTHORITIES

*Cases*

*Blackburn v. Sweeney*,
　53 F.3d 825, 830 (7th Cir. 1995)...................................................................................4

*Bogosian v. Gulf Oil Corp.*,
　562 F.2d 434, 454 (3d Cir. 1977)...................................................................................2

*Broad. Music, Inc. v. Columbia Broad. Sys.*,
　441 U.S. 1, 19-20 (1979)...............................................................................................4

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
　429 U.S. 477, 489 (1977)..............................................................................................4

*Copperweld Corp. v. Independence Tube Corp.*,
　467 U.S. 752, 768, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984) .................................4

*Hall v. DuPont*,
　345 F.Supp. 353, 370-380 (E.D.N.Y.1972) .............................................................2

*Jefferson Parish Hosp. Dist. No.2 v. Hyde*,
　466 U.S. 2, 45 (1984)....................................................................................................5

*Maricopa County Medical Soc'y*,
　457 U.S. at 344, 102 S.Ct. 2466)..................................................................................4

*NCAA v. Bd. of Regents*,
　468 U.S. 85, 100 (1984) ................................................................................................4

*Pace Elecs., Inc. v. Canon Computer Sys., Inc.*,
　213 F.3d 118, 123 (3d Cir. 2000) .................................................................................5

*State Oil Co. v. Khan*,
　522 U.S. 3, 10 (1997) ....................................................................................................4

*United States v. Socony-Vacuum Oil Co.*,
　310 U.S. 150, 223-24, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).................................4

*United States v. Topco Associates, Inc.*,
　405 U.S. 596, 60(1972) .................................................................................................4

*W. Penn Allegheny Health Sys., Inc. v. UPMC*,
　627 F.3d 85, 102 (3d Cir. 2010) ...................................................................................4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
　395 U. S. 100 (1969) .....................................................................................................2

*ZF Meritor LLC v. Eaton Corp.*,
　Civ. No. 06-623-SLR (D. Delaware, March 10, 2011)..........................................4

*Statutes*

Rule 42 ................................................................................................................1

Section 1 of the Sherman Act ...........................................................................1, 3

Section 2 of the Sherman Act ...............................................................................6

Section 4 of the Clayton Act .................................................................................2

Plaintiff BanxCorp ("BanxCorp" or "Plaintiff") submits this reply brief in support of its motion for consolidation of the related actions against Defendants Bankrate Inc. ("Bankrate") and LendingTree LLC ("LendingTree") (collectively, "Defendants", and respectively, the "Bankrate Action" [1] and "LendingTree Action" [2]), and bifurcation of the *per se* antitrust claims against Bankrate pursuant to Federal Rules of Civil Procedure 42(a) and (b).

## ARGUMENT

Leave to file a motion pursuant to Rule 42 was granted on the record by the Honorable Madeline C. Arleo, U.S.M.J. at a conference held on March 31, 2011 [*See* Bankrate Action, Doc. No. 228, March 31, 2011 Hr'g Tr. 60:9-13].

### I.  Completion of all Document Discovery Expected by May 13, 2011

All document discovery in both actions is expected to be fully completed on or before May 13, 2011.

Plaintiff already has in its possession copies of the February 2, 2007 agreement in restraint of trade between Bankrate and LendingTree which constitutes *prima facie* evidence of *per se* antitrust violations of Section 1 of the Sherman Act.

Moreover, Plaintiff has no need for any depositions or expert reports or

---

[1] *BanxCorp v. Bankrate Inc.*, Civ. No. 07-3398-SDW-MCA

[2] *BanxCorp v. LendingTree LLC*, Civ. No. 10-2467-SDW-MCA

testimony concerning the LendingTree-related claims in either of the actions.

Accordingly, because the two actions are practically at the same stage with respect to *per se* liability issues, consolidation and bifurcation would not prejudice either Defendant, as set forth in more detail below.

While with respect to the *per se* claims, only issues of causation, injury and damages may require further discovery for private recovery under Section 4 of the Clayton Act, 15 U.S.C. § 15, Plaintiff's burden of proving the fact of damage under § 4 of the Clayton Act would be satisfied by its proof of some damage flowing from Defendants' *per se* unlawful conduct; inquiry beyond this minimum point goes only to the amount and not the fact of damage. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U. S. 100 (1969).

Furthermore, Plaintiff is not required to prove a causal connection between each of the injuries jointly caused by Bankrate and a particular co-conspirator, either LendingTree or any of Bankrate's 130 co-branding partners/competitors.

Plaintiff is therefore entitled to shift the burden of proof on the issue of causation to Defendants. *See generally Hall v. DuPont*, 345 F.Supp. 353, 370-380 (E.D.N.Y.1972); *see also Bogosian v. Gulf Oil Corp.,* 562 F.2d 434, 454 (3d Cir. 1977).

## II.     Consolidation of Actions Makes Perfect Sense at This Time

The LendingTree-related claims and issues are the same in both actions, and Defendants are jointly and severally liable for their *per se* violations, so that consolidation would avoid unnecessary costs or delay.

This Court has already recognized that Plaintiff has adequately pleaded a horizontal agreement between Bankrate and LendingTree. "Bankrate's statement during its August 2, 2007, Second Quarter 2007 earnings call that 'some of the guys that are our partners, they're also our competitors,' is indicative of horizontal competition… Bankrate also allegedly lists its bank rate table co-branding partners as its competitors on annual SEC reports." [3]  Thus, according to the law of the case in both actions, Bankrate and LendingTree are deemed horizontal competitors.

It is well settled that agreements between horizontal competitors to fix prices or allocate markets are *per se* violations of Section 1 of the Sherman Act. In horizontal price-fixing and market allocation cases such as in the Bankrate and LendingTree Actions the *per se* rule applies unequivocally.

Therefore, the only inquiry is whether there was an agreement that restrained trade, since the antitrust injury and anticompetitive effects of the restraint are conclusively presumed, with no consideration given to the intent behind the

---

[3] *See* this Court's July 7, 2007 Opinion in the Bankrate Action at 6-7 (internal citations omitted); *see also* this Court's Feb. 7, 2011 Opinion in the LendingTree Action at 9-10.

restraint. Neither a relevant market nor an estimate of the defendants' market power must be established to prove that the restraint is unlawful *per se*.[4]

"As a general matter, the class of plaintiffs capable of satisfying the antitrust-injury requirement is limited to consumers and competitors in the restrained market." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 102 (3d Cir. 2010). "Therefore, … BanxCorp's status as a competitor … bolsters its claim..." *See* this Court's Feb. 7, 2011 Opinion in the LendingTree Action, at 7.

"[T]he central purpose of the antitrust laws. . . is to preserve competition. It is competition—not the collusive fixing of prices at levels either low or high—that these statutes recognize as vital to the public interest." *W. Penn Allegheny Health, supra*, at 105. "The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." *ZF Meritor LLC v. Eaton Corp.*, Civ. No. 06-623-SLR (D. Delaware, March 10, 2011) (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). *See also Blackburn v. Sweeney*, 53 F.3d 825, 830 (7th Cir. 1995) ("harm inflicted on an excluded competitor ... [is an] antitrust injury[]"); *Jefferson Parish Hosp. Dist.*

---

[4] *See United States v. Topco Associates, Inc.,* 405 U.S. 596, 60(1972); *United States v. Socony-Vacuum Oil Co*., 310 U.S. 150, 223-24, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *Maricopa County Medical Soc'y*, 457 U.S. at 344, 102 S.Ct. 2466); *NCAA v. Bd. of Regents*, 468 U.S. 85, 100 (1984); *State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997); *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984); *Broad. Music, Inc. v. Columbia Broad. Sys.*, 441 U.S. 1, 19-20 (1979).

*No.2 v. Hyde*, 466 U.S. 2, 45 (1984).

"Requiring a plaintiff to demonstrate that an injury stemming from a *per se* violation of the antitrust laws caused an actual, adverse effect on a relevant market in order to satisfy the antitrust injury requirement comes dangerously close to transforming a *per se* violation into a case to be judged under the rule of reason." *Pace Elecs., Inc. v. Canon Computer Sys., Inc.*, 213 F.3d 118, 123 (3d Cir. 2000). Plaintiff has indeed shown antitrust injury as a matter of law, and anticompetitive injury to itself, any other remaining independent competitors, and consumers.[5]

Consolidation of the *per se* issues presented in the Bankrate and LendingTree Actions will greatly narrow the scope of discovery by limiting it to damages, will avoid the necessity of duplicative motions, will streamline the issues to be decided at trial, namely the amount of damages, and will thus serve the interests of judicial economy. Consolidation would neither cause further delay nor possible prejudice, and is certainly timely, since it would actually encourage and facilitate the administration of justice.

### III. Bifurcation of *Per Se* Claims Against Bankrate is Justified

On December 20, 2010 Bankrate expressly stated that it "would like nothing better than to have this case decided on the law, immediately and without further discovery." [Doc. No. 173].

---

[5] *See* this Court's July 7, 2007 Opinion in the Bankrate Action at 18; *see also* this Court's Feb. 7, 2011 Opinion in the LendingTree Action at 6-7.

Resolution and bifurcation of the *per se* issues presented here will greatly narrow the scope of discovery by focusing on damages, will streamline the issues to be decided at trial, and will thus serve the interests of judicial economy.

Moreover, a separate and more expedient trial limited to issues of damages resulting from Bankrate's *per se* antitrust violations may render Plaintiff's additional claims for damages under Section 2 of the Sherman Act, and Section 7 of the Clayton Act either moot or redundant.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant its motion for consolidation and bifurcation as set forth above.

Dated: May 6, 2011

    Respectfully submitted,

*s/Lawrence C. Hersh*
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
Tel. 201-507-6300
lh@hershlegal.com

Mordechai I. Lipkis, Esq.
350 Broadway, Suite 1105
New York, NY 10013
Tel. 212-925-4023
mlipkis@mlipkis.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*