**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

May 16, 2011

*Via ECF and FedEx*

Hon. Madeline C. Arleo, U.S.M.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *BanxCorp v. Bankrate, Inc.*, **Civ. No. 07-3398-SDW-MCA**

Dear Judge Arleo:

      We represent Plaintiff BanxCorp and write in response to Defendant Bankrate's letter filed today [*see* Doc. No. 232]. The parties have completed document discovery as of last week. In order to meet the June 1, 2011 deadline for factual discovery as per Your Honor's existing Scheduling Order reaffirmed by the Hon. Susan D. Wigenton, U.S.D.J. on April 29, 2011, we have been attempting to schedule the parties' respective depositions during the second half of May under mutual consent, but Defendant has declined.

      Instead, after filing a Form S-1 public stock offering with the U.S. Securities and Exchange Commission on April 15, 2011, Defendant started making up any excuse for extending the deadline for completion of discovery until after completion of its stock offering, although it had previously agreed to complete all discovery within a few weeks.

      Defendant's sole objective is to forestall Plaintiff's motion for summary declaratory judgment and injunctive relief which would prohibit Bankrate from continuing to engage in *per se* horizontal price-fixing and market allocation agreements with 130 competitors, since the unreasonableness of the horizontal restraint is conclusively presumed as a matter of law[1] and neither a relevant market nor an estimate of the defendants' market power must be established. [2]

---

[1] *See* the Court's Sept. 14, 2009 Opinion, at 6-7 [Doc. No. 75]; see also *BanxCorp v. LendingTree LLC*, Civ. No. 10-2467-SDW-MCA, at 7-10 (D.N.J. Feb. 7, 2011).

[2] *See United States v. Topco Associates, Inc.,* 405 U.S. 596, 60(1972); *United States v. Socony-Vacuum Oil Co*., 310 U.S. 150, 223-24, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *Maricopa County Medical Soc'y,* 457 U.S. at 344, 102 S.Ct. 2466); *NCAA v. Bd. of Regents,* 468 U.S. 85, 100 (1984); *State Oil Co. v. Khan,* 522 U.S. 3, 10 (1997); *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 768, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984); *Broad. Music, Inc. v. Columbia Broad. Sys.,* 441 U.S. 1, 19-20 (1979).

Hon. Madeline C. Arleo, U.S.M.J.
May 16, 2011
Page 2

Moreover, the issues of antitrust injury and causation have already been publicly admitted and put to rest by Defendant Bankrate's CEO Tom Evans on May 2, 2007 within three months of its co-branding agreement with LendingTree, as follows: *"One of the things that is a tremendous gating item for us, we believe is in terms of competition, and barriers for competition, is how does anybody else break into this, if we have tied up all the best newspaper relations, the best co-brand relationships and we've got a dynamic organic traffic website. How does anybody else get into this business and compete with Bankrate?"* [Bankrate's Q1-07 Earnings Conference Call, document labeled BX000601]

Given that in the past Defendant even declined to submit a joint discovery plan pursuant to Rule 26(f)(3) as originally ordered by Your Honor on September 9, 2008 [Doc. No. 28], and since Defendant is the party now suddenly seeking a modification of the existing Scheduling Order, it would have been reasonable for Defendant to submit to us proposed dates for both parties' depositions and a proposed trial date as had been requested by Plaintiff, but Defendant declined. Instead while avoiding the deposition of its own officers, Defendant unilaterally served a defective notice of deposition of Plaintiff's CEO, objectionable for various reasons including Rule 30(d)(1).

In light of the foregoing we respectfully request that the Court order depositions of the parties to be completed within 30 days, extend discovery deadlines by no more than 30 days, and set a trial date for November 2011. A proposed order is enclosed.

Finally, due to the unforeseen request for an extension of discovery deadlines, and in the interests of fairness, Plaintiff respectfully requests leave to file its proposed motion for declaratory summary judgment and/or injunctive relief [*see* Doc. No. 222-1] at any time until 30 days after the close of all discovery.

                                                Respectfully submitted,

                                                Mordechai I. Lipkis
                                                *Admitted Pro Hac Vice*

                                                s/*Lawrence C. Hersh*
                                                Lawrence C. Hersh

Encls.

cc:    Hon. Susan D. Wigenton, U.S.D.J.
        All Counsel of Record

| | |
|---|---|
| **BANXCORP,**<br><br>                              **Plaintiff,**<br>         v.<br><br>**BANKRATE, INC.,**<br><br>                              **Defendant.** | **UNITED STATES DISTRICT COURT**<br>**FOR THE DISTRICT OF NEW JERSEY**<br><br>Hon. Susan D. Wigenton<br>Civil Action No. 07-3398 (SDW)<br><br>**AMENDED PRETRIAL**<br>**SCHEDULING ORDER** |

**THIS MATTER** having come before the Court upon application by the parties' for an Order amending the Pretrial Scheduling Order dated October 6, 2010, and for good cause shown,

It is on this \_\_\_\_ day of May, 2011,

**ORDERED THAT** the Pretrial Scheduling Order dated October 6, 2010 be amended as follows:

Paragraph 1: Discovery is to remain open until **July 1, 2011**;

Paragraph 3: Depositions of the parties are hereby authorized to be scheduled, and shall be completed **by July 1, 2011**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

Paragraph 7: Affirmative expert reports shall be delivered by **August 1, 2011**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report.** See Fed. R. Civ. P. 26(b) (4) (A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

Paragraph 8: All responding reports shall be delivered by **September 15, 2011**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**.

**IT IS FURTHER ORDERED** that all remaining provisions of the October 6, 2010 Pretrial Scheduling Order shall remain unchanged and in full force and effect.

**IT IS FURTHER ORDERED** that the Pretrial Scheduling Order dated October 6, 2010 be supplemented as follows:

### IV. TRIAL DATE

21:  The Trial will commence on the following:

Date: November ____, 2011       Time: _____

Courtroom #: _____

Location: _____

_____

**PARTIES MUST BE PREPARED TO PROCEED TO TRIAL ON THE SCHEDULED DATE. ADJOURNMENTS WILL BE GRANTED ONLY FOR COMPELLING REASONS BEYOND THE CONTROL OF THE PARTIES. ADJOURNMENT REQUESTS MUSTBERECEIVED NOLATER THANTHETHIRD BUSINESS DAY BEFORE THE SCHEDULED TRIAL DATE.**

_____
Madeline Cox Arleo, U.S.M.J.