**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

May 18, 2011

*Via ECF and FedEx*

Hon. Madeline C. Arleo, U.S.M.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: *BanxCorp v. Bankrate, Inc.*, **Civ. No. 07-3398-SDW-MCA**

Dear Judge Arleo:

  I write on behalf of Plaintiff BanxCorp to follow up on my letter dated May 16, 2011 [Doc. No. 233] since the parties have been unable to agree to schedule reciprocal depositions of their key officers, although document discovery has been completed.

  We have written to Defendant Bankrate's counsel to object to Defendant's unreasonable Notice of Videotaped Deposition of BanxCorp's CEO Norbert Mehl dated May 11, 2011 for various reasons, including Defendant's insistence in only scheduling the deposition of Plaintiff's CEO at the office of Defendant's counsel on May 26th without consideration for alternative dates or locations due to my own and Plaintiff's local counsel's scheduling conflicts.[1]

  F.R.C.P. 30(d)(3) permits a deponent or party to move to limit or terminate a deposition which "is being conducted in bad faith or in a manner that unreasonably annoys, … or oppresses the deponent or party." In addition, pursuant to F.R.C.P. 37(e) a court may not impose sanctions "on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." Given that after undertaking an exhaustive search of its historical archives Plaintiff has produced nearly 20,000 e-mails and other responsive documents, including all the relevant e-mails of its former employees going back to 1998, Mr. Mehl's deposition confined to BanxCorp's document and information retention policies and procedures is not be expected to last more than 30 or 60 minutes. Nevertheless, Defendant's Notice unreasonably stated that "[t]his Deposition shall continue *from day to day* thereafter until concluded" and that "[t]his deposition will be stenographically recorded and *videotaped*." Defendant's counsel has now agreed to limit Mr. Mehl's examination to seven

---

[1] Defendant's counsel is aware that I was not present during the April 21 meet and confer call held with Plaintiff's previous co-counsel Mr. Canter who is no longer handling the depositions. It is also my understanding that half way into the conference Defendant's counsel unexpectedly stated that the meet and confer was being stenographed, but subsequently declined to provide a transcript and retracted that statement.

Hon. Madeline C. Arleo, U.S.M.J.
May 18, 2011
Page 2

hours. However, while we are prepared to proceed with Mr. Mehl's deposition at a mutually agreeable date and location, we also believe that in order to avoid duplicative efforts it would be logical for Mr. Mehl to be deposed on the issues of document retention policies at the same time as the other matters subject to discovery, since the issues and documents are closely intertwined.

Moreover, as previously pointed out to the Court, the unreasonableness of Defendant's *per se* horizontal restraint of trade is conclusively presumed as a matter of law. As such, neither a relevant market nor an estimate of Defendants' market power must be established. In addition, the issues of antitrust injury and causation have already been publicly admitted and put to rest by Defendant Bankrate's CEO Tom Evans on May 2, 2007 within three months of its co-branding agreement with LendingTree. Consequently, since all required evidence of Defendant's liabilities, causation and injury is already in Defendant's possession and control, any deposition of Plaintiff's CEO concerning any matters should be appropriately limited in scope and time.[2]

The only Bankrate witnesses that Plaintiff is currently anticipating to be deposed are Thomas Evans, and Bankrate's two officers who met separately and in person with Plaintiff to discuss a possible merger, i.e., Peter Morse and Elizabeth DeMarse.

We have repeatedly asked Defendant to e-mail proposed dates for reciprocal depositions of the parties, but Defendant refused. In light of the foregoing, unless we can resolve this dispute at a meet and confer scheduled for May 19th and proceed accordingly with depositions of both parties within the next two weeks rather than merely the unilateral deposition of Plaintiff's CEO, we will contact chambers to schedule a conference call with Your Honor for assistance in achieving an equitable resolution of these issues.

Respectfully submitted,

Mordechai I. Lipkis
*Admitted Pro Hac Vice*

s/*Lawrence C. Hersh*
Lawrence C. Hersh

cc:   All counsel of Record

---

[2] Since the fact of damage is a simple concept of causation, any evidence which is logically probative of a loss attributable to the violation will advance Plaintiff's case. There is absolutely no requirement that the loss be personal or unique to Plaintiff, so long as Plaintiff has suffered loss in his business or property. When an antitrust violation impacts upon a class of persons, there is no reason in doctrine why proof of the impact cannot be made on a common basis so long as the common proof adequately demonstrates some damage to each individual. *See Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 454(3d Cir. 1977).