# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP,<br><br>            Plaintiff,<br><br>vs.<br><br>BANKRATE, INC.,<br><br>            Defendant. | Civil Action No. 07-3398<br><br>Motion Returnable: June 6, 2011<br><br>Document Electronically Filed<br><br>Oral Argument Requested |

---

### DEFENDANT BANKRATE INC.'S BRIEF IN OPPOSITION
### TO THE MOTION OF BALESTRIERE FARIELLO PLLC TO QUASH
### AND FOR A PROTECTIVE ORDER

---

**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendant Bankrate, Inc.*

Of Counsel and on the Brief:
  R. Scott Thompson, Esq.
  Michael J. Hahn, Esq.

On the Brief:
  Eric Jesse, Esq.

20928/2
05/23/2011 17563322.3

-i-

## TABLE OF CONTENTS

<u>PAGE NO.</u>

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

LEGAL ARGUMENT ..........................................................................................................2

I.    BANKRATE'S SUBPOENA SEEKS RELEVANT DOCUMENTS AND DOES NOT CREATE AN UNDUE BURDEN ......................................................................2

II.    BANKRATE'S SUBPOENA DOES NOT CALL FOR PRODUCTION OF PRIVILEGED DOCUMENTS ..............................................................................5

CONCLUSION .....................................................................................................................7

## TABLE OF AUTHORITIES

**Pages**

**CASES**

*Astraseneca LP v. Breath Limited*,
   No. 08-1512, 2011 WL 1421800 (D.N.J. Mar. 31, 2011) ..................................................2, 3

*D&D Assoc. v. Bd. of Educ. of N. Plainfield*,
   No. 03-1026, 2011 WL 1871110 (D.N.J. May 13, 2011)..........................................................6

*DirectTV, Inc. v. Richards*,
   No. 03-5606, 2005 WL 1514187 (D.N.J. June 27, 2005)..........................................................2

*Fisher v. U.S.*,
   425 U.S. 391 (1976)..................................................................................................................6

*Love v. N.J. Div. of Youth & Family Svcs.*, No. 07-3661, 2010 WL 715357 (D.N.J. Mar.
   2, 2010) .....................................................................................................................................6

*Nye v. Ingersoll Rand Co.*,
   No. 08-3481, 2011 WL 253957 (D.N.J. Jan. 25, 2011)..............................................................3

*Redland Soccer Club, Inc. v. Dep't of the Army*,
   55 F.3d 827 (3d Cir. 1995).........................................................................................................3

*Schmulovich v. 1161 Rt. 9, LLC*,
   No. 07-597, 2007 WL 2362598 (D.N.J. Aug. 15, 2007) .......................................................2, 3

**RULES**

Fed. R. Civ. P. 45........................................................................................................................6

Defendant Bankrate, Inc. ("Bankrate") respectfully submits this brief in opposition to the motion of Balestriere Fariello PLLC (the "Firm") for a protective order and to quash the subpoena served on the Firm by Bankrate.

## PRELIMINARY STATEMENT

On or about March 24, 2011, Bankrate served a subpoena on the Firm that consists of only five document requests. Specifically the subpoena seeks the following documents:

> 1. All drafts of the Complaint, First Amended Complaint, Second Amended Complaint and Third Amended Complaint that were prepared by Norbert Mehl in the New Jersey Action.
>
> 2. All documents that were relied upon in preparation of the Complaint, First Amended Complaint, Second Amended Complaint and Third Amended Complaint filed in the New Jersey Action.
>
> 3. All documents reflecting or revealing any non-privileged communications concerning the New Jersey Action.
>
> 4. All non-privileged documents relating to Norbert Mehl's alleged statement that "few [documents] existed [relating to the New Jersey Action] or that they had disappeared due to technical problems." (First Amended Complaint ¶ 29, New York Action)
>
> 5. All of the following documents in the New York Action: (a) Documents relied upon in preparation of the Complaint and First Amended Complaint; (b) All of the parties' discovery responses; and (c) All related correspondence between the parties.

(R. Scott Thompson ("RST") Decl., Ex. A.)

Recognizing that a subpoena to BanxCorp's former counsel could implicate the attorney-client privilege and work-product doctrine, Bankrate took care to craft narrowly focused requests for specific documents or categories of documents that do not implicate any claim of privilege. Out of the five document requests, the Firm only objected to one on privilege grounds: Request No. 5. That request does not call for production of privileged documents. It instead

calls for production of specific documents (e.g. discovery responses, correspondence) or limited categories of documents (e.g. documents used to prepare complaints).

Through its motion, the Firm asks the Court to quash the entire subpoena and for a protective order purportedly due to the burdensomeness of the requests. However, the Firm does not even attempt to show why any specific request is overly broad or to explain what would be required to comply with each request. The Firm does not come close to satisfying the heavy burden required in order to support a motion to quash. Bankrate respectfully requests that this Court deny the Firm's motion to quash the subpoena and for a protective order.

## LEGAL ARGUMENT

### I. BANKRATE'S SUBPOENA SEEKS RELEVANT DOCUMENTS AND DOES NOT CREATE AN UNDUE BURDEN.

The Firm asks the Court to "quash the Subpoena in its entirety" and for a protective order because it purportedly imposes an undue burden. (Firm Br. 4.) The Firm does not support this blanket statement, and the position is, in any event, without merit. The subpoena has been narrowly drafted to only seek specific and limited categories of documents that relate to this lawsuit. There is no basis for the Firm's motion.

"A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Schmulovich v. 1161 Rt. 9, LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007). The Court should not "quash a subpoena that leads to unprivileged, relevant or admissible evidence." *Id.* While courts can quash subpoenas that impose an undue burden, *id.* at *4; *Astraseneca LP v. Breath Limited*, No. 08-1512, 2011 WL 1421800, at *10 (D.N.J. Mar. 31, 2011), a subpoena is unduly burdensome only if it is "unreasonable or oppressive." *DirectTV, Inc. v. Richards*, No. 03-5606, 2005 WL 1514187, at *2 (D.N.J. June 27, 2005).

The firm, as the moving party, has the "**heavy** burden of demonstrating the unreasonableness or oppressiveness of the subpoena," *Schmulovich*, 2007 WL 2362598, at *4 (emphasis added), and that there is good cause to issue a protective order, *Astrazeneca*, 2011 WL 1421800, at *10. "To establish good cause, the party requesting the protective order must demonstrate that disclosure will work a clearly defined and serious injury and must substantiate the alleged injury with specific examples and reasons, as broad allegations of harm do not support a showing of good cause." *Id.* (Citations omitted). The Firm has not met its burdens.

The subpoena has only five requests that seek narrow categories of documents. No unduly burdensome review of documents is required to comply with the subpoena. Indeed, the Firm's protestations of burden are undermined by the fact that there is no indication in its motion papers that it has undertaken any preliminary assessment to determine what would be required for it to comply with the subpoena. For example, the declaration filed in support of the Firm's motion lacks any statement attesting to the burdensome nature of the subpoena or any statement explaining the volume of documents that would need to be reviewed to comply with each request. (*See* John Balestriere Decl. [Doc. No. 218-2].) "Bare allegations of burden will not suffice where the information requested is entirely relevant to the party's claim and the subpoena is appropriately limited." *Nye v. Ingersoll Rand Co.*, No. 08-3481, 2011 WL 253957, at *6 (D.N.J. Jan. 25, 2011) (internal quotation marks omitted).

Moreover, because the Firm fails to state with specificity exactly why each of the document requests in the subpoena is unduly burdensome, the Court should deny the Firm's motion on that basis alone. *See Astraseneca*, 2011 WL 1421800, at *10; *cf. Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827, 856 (3d Cir. 1995) ("the party resisting discovery

must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.").

There is nothing about any of the Requests that suggests compliance with the subpoena will entail extraordinary efforts. Request No. 1 seeks drafts of complaints prepared by Plaintiff's CEO, Norbert Mehl. Mr. Mehl drafted the initial complaint before BanxCorp retained the Firm (RST Decl., Ex. B), but has not produced his drafts. Because the request is focused on specific documents prepared by Mr. Mehl, it is likely that there are only a handful of responsive documents. Moreover, the Firm's unsupported statement that "[t]here is no basis for seeking these documents from [the Firm] because the Firm did not prepare them" is wrong. (Firm Br. 2.) Under Rules 45 and 26(b), Bankrate is entitled to subpoena relevant documents that are in the possession of third parties.

Likewise, Request No. 2 is sufficiently narrow and is not "oppressive or unreasonable." The request merely calls for production of a small number of documents: those documents that were relied upon in preparing the complaints that the Firm filed. The Firm's only basis for claiming an undue burden is that "it no longer represents [BanxCorp]." (Firm Br. 2.) However, that is not a justification to avoid compliance and BanxCorp does not cite to any authority for that proposition.

Request No. 3 seeks "non-privileged communications" concerning the New Jersey Action. Because this request has been tailored to expressly exclude privileged communications (which would presumably encompass the majority of communications), the Firm only needs to produce a limited scope of communications with third parties or with Mr. Mehl following termination of the attorney-client relationship. As a result, privileged e-mails and correspondence with BanxCorp can be excluded from the Firm's search.

Request No. 4 seeks "non-privileged documents" relating to an allegation in the Firm's complaint in the New York Action that Norbert Mehl stated that "few [documents] existed [relating to the New Jersey Action] or that they had disappeared." This request relates directly to BanxCorp's deficient production in this action, which was the subject of a motion to compel brought by Bankrate and was granted by the Court. In addition, because the Firm made this allegation in the New York Action, the request is entirely proper.

Last, Request No. 5 seeks specifically identified documents from the New York Action. The Request only seeks three types of documents: (1) those relied upon to prepare the New York Action complaints, which is limited in time and scope; (2) discovery responses from the New York Action, of which there is only likely a handful of responsive documents (all of which should be easily accessible); and (3) correspondence between the parties during the New York Action, which is also limited in time and scope. Request No. 5 is relevant to the instant action. The New York action arose out of this lawsuit and therefore relates to issues in this case. In particular, the Firm has alleged in the New York Action that BanxCorp failed to provide documents responsive to discovery requests in this Action. That issue was the subject of a motion to compel production of documents that was granted by the Court, and it remains an unsettled issue in this case.

In sum, the subpoena does not seek broad and sweeping amounts of documents, requiring a review of "tens of thousands" of documents. Instead, it seeks documents that are specifically identified, limited to certain short timeframes, and involve limited subject-matter.

## II. BANKRATE'S SUBPOENA DOES NOT CALL FOR PRODUCTION OF PRIVILEGED DOCUMENTS.

One of the other grounds for the Firm's motion to quash and protective order is its erroneous argument that Request No. 5 calls for the production of privileged documents. Rule

45 allows the Court to quash a subpoena when it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). The attorney-client privilege protects communications made between persons in confidence for the purpose of obtaining or providing legal advice. *Love v. N.J. Div. of Youth & Family Svcs.*, No. 07-3661, 2010 WL 715357, at *1 (D.N.J. Mar. 2, 2010). "The central inquiry … is whether the client made the communication for the purpose of obtaining legal advice." *D&D Assoc. v. Bd. of Educ. of N. Plainfield*, No. 03-1026, 2011 WL 1871110, at *4 (D.N.J. May 13, 2011). The burden of establishing the existence of privilege falls on the party asserting it. *Id.*

The Firm argues in conclusory fashion that Request No. 5 seeks privileged documents. However, the request seeks narrow categories of documents such as correspondence with third parties, plainly not subject to a claim of privilege. The Firm has not identified a single document to substantiate its contention that, for example, its discovery responses in the New York Action, would disclose privileged information.[1] Nor does the Firm explain how it is possible for every document responsive that is responsive to this request to be privileged.

Thus, Request No. 5 does not ask for privileged information and the Firm has not met its burden of demonstrating that any responsive information is privileged.

---

[1] In making its erroneous argument that, Request No. 5 should be quashed, it cites to a number of cases that merely provide the black-letter law regarding the attorney-client privilege and work product doctrine. In fact, the cases cited by the Firm actually demonstrate that privilege is not implicated by Request No. 5: none of documents sought by Request No. 5 are "confidential disclosures" made "to obtain legal assistance." *Fisher v. U.S.*, 425 U.S. 391, 403 (1976).

## **CONCLUSION**

For the forgoing reasons, Bankrate respectfully requests that the Court deny the Firm's motion to quash Bankrate's subpoena and for a protective order.

                                                  Respectfully submitted,

                                                  **LOWENSTEIN SANDLER PC**
                                                  *Attorneys for Defendant Bankrate, Inc.*

                                            By: /s/ R. Scott Thompson
                                                    R. Scott Thompson

Dated: May 23, 2011