

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax  973 597 2533
sthompson@lowenstein.com

June 3, 2011

**VIA CM/ECF & FEDEX**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   BanxCorp v. Bankrate, Inc., Civil Action No. 07-3398 (SDW-MCA)

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced matter. I am writing to seek an order directing BanxCorp to comply with a previous order of this Court.

On April 4, 2011, Your Honor entered an order directing plaintiff BanxCorp to remedy certain deficiencies in its discovery responses, to provide a declaration setting forth certain information, and allowing Bankrate to take the deposition of BanxCorp officer Norbert Mehl "regarding BanxCorp's document and information retention policies and procedures and its document review in response to Bankrate's requests for production of documents." A copy of your April 4, 2011 order is attached.

Mr. Mehl's deposition was scheduled, with a great deal of difficulty, for June 1, 2011. After responding to some preliminary questions, Mr. Mehl announced that he would not answer any questions concerning BanxCorp's document review other than questions concerning BanxCorp's document review since the date of the April 4, 2011 order. We respectfully request that Mr. Mehl be directed to answer questions about all aspects of BanxCorp's document review, including all questions concerning issues related to reviews that took place in 2009 and 2010, when Bankrate served its requests for the production of documents.

The April 4, 2011 order was necessitated by BanxCorp's patently inadequate document production up to that point in time. Although BanxCorp has produced approximately 20,000 pages of documents since April 4, 2011, it appears that virtually all 20,000 pages consist of email, and are therefore responsive to perhaps eight or ten document requests (out of some 95 requests made by Bankrate). BanxCorp has produced virtually no detailed financial information, few invoices, and no business plans or Board of Directors materials. In the most recent production, BanxCorp appears to have produced virtually no materials relating to its financial

Hon. Madeline Cox Arleo, U.S.M.J.                                                June 3, 2011
Page 2

arrangements or contracts with customers or co-branding partners. All such information that BanxCorp produced was produced in earlier productions.

In order to understand how BanxCorp went about producing relevant documents, and thus whether BanxCorp has actually complied with its discovery obligations, we must be allowed to inquire about each step of the document review process. That is precisely what is contemplated by your April 4, 2011 order, in which you directed Mr. Mehl to respond to questions concerning "BanxCorp's . . . document review in response to Bankrate's requests for production of documents."

Your April 4, 2011 order is not ambiguous: It requires Mr. Mehl to give information about all aspects of BanxCorp's document review in response to all of Bankrate's document requests. Nor is there anything unusual about the scope described in your April 4, 2011 order. It is a matter of routine practice for a corporation to produce a document custodian to testify to what was done to produce documents; indeed, that is one of the basic uses of Fed. R. Civ. P. 30(b)(6).

Mr. Mehl's refusal to abide by the plain terms of your April 4, 2011 order -- apparently with the concurrence of his counsel, Mordechai Lipkis -- is the latest example of BanxCorp's ongoing refusal to observe the rules of procedure, and its assertion of bizarre arguments in support of its obstructive tactics. Based on assertions that are often at odds with the plain words of this Court's orders, BanxCorp continues to create confusion and delay, causing increased expense at every juncture.

We respectfully request that Mr. Mehl be directed to answer questions concerning all aspects of BanxCorp's document review and document production in response to Bankrate's requests for production of documents, as required by this Court's April 4, 2011 order.

Respectfully submitted,

R. Scott Thompson

Enclosure

cc:   Mordechai Lipkis, Esq. (via ECF and email) (w/enc.)
      Lawrence Hersh, Esq. (vial ECF and email) (w/enc.)
      Brian Peroff, Esq. (via mail) (w/enc.)



Case 2:07-cv-03398-SDW -MCA   Document 241   Filed 06/03/11   Page 3 of 4 PageID: 11388
Case 2:07-cv-03398-SDW -MCA   Document 208   Filed 04/04/11   Page 1 of 2 PageID: 6976
Case 2:07-cv-03398-SDW -MCA   Document 205-1   Filed 04/01/11   Page 1 of 2 PageID: 6972

**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP, | Document Electronically Filed |
| Plaintiff, | Civil Action No. 07-3398 |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| BANKRATE, INC., | |
| Defendant. | |

The above matter having been opened to the Court by Lowenstein Sandler, PC, attorneys for Defendant Bankrate, Inc. ("Bankrate"), upon application for an Order granting Bankrate's Motion to Compel Production of Documents and the Court, having considered the papers submitted and the arguments of counsel on April 1, 2011 and for good cause shown,

It is on this 4 day of April, 2011,

**ORDERED** that Bankrate's Motion to Compel Production of Documents is hereby **GRANTED** in part; and it is further

**ORDERED** that Plaintiff BanxCorp ("BanxCorp") will undertake a review of all of its documents and produce all of its non-privileged documents responsive to Bankrate's First and Second Requests for Production of Documents for the period between January 1, 2000 and the present, as well as all documents required under Fed. R. Civ. P. 26(a), on or before May 9, 2011; and it is further

**ORDERED** that Norbert Mehl will provide Bankrate and the Court with a sworn declaration on or before April 14, 2011 attesting to: (i) BanxCorp's document retention policies

20928/2
04/01/2011 17145000.1

Case 2:07-cv-03398-SDW -MCA   Document 241   Filed 06/03/11   Page 4 of 4 PageID: 11389
Case 2:07-cv-03398-SDW -MCA   Document 208   Filed 04/04/11   Page 2 of 2 PageID: 6977
Case 2:07-cv-03398-SDW -MCA   Document 205-1   Filed 04/01/11   Page 2 of 2 PageID: 6973

and procedures; (ii) the search methodology undertaken by BanxCorp to review and produce documents responsive to Bankrate's requests for production of documents and required by Fed. R. Civ. P. 26(a); (iii) any documents previously maintained by BanxCorp that have been lost or destroyed, if any, and identifying how and when any such documents were lost or destroyed and the circumstances of such loss or destruction; (iv) the identities of all employees, officers, and directors of BanxCorp since 2000 (including any individuals who had or have a BanxCorp e-mail address) and identifying which of those individuals' electronic databases have been searched; (v) the location and description of any electronic storage devices containing BanxCorp information, including any back-up discs or systems of electronically stored information, maintained by BanxCorp since 2000; (vi) the total volume (in gigabytes) of all BanxCorp electronic data, the volume of data broken down by BanxCorp custodian, the total volume of email currently in BanxCorp's possession broken down by custodian, and the total amount of hard copy documentation maintained or stored by BanxCorp; and it is further

**ORDERED** that counsel for Bankrate may depose BanxCorp officer Norbert Mehl regarding BanxCorp's document and information retention policies and procedures and its document review in response to Bankrate's requests for production of documents.

*/s/*

Hon. Madeline Cox Arleo, U.S.M.J.