

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax 973 597 2533
sthompson@lowenstein.com

June 3, 2011

VIA CM/ECF & FEDEX

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   BanxCorp v. Bankrate, Inc., Civil Action No. 07-3398 (SDW-MCA)

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced matter. I am writing to seek an order directing BanxCorp to pay fees and costs incurred by Bankrate as a result of BanxCorp's conduct in violation of this Court's rules and orders.

Since this case began in 2007, BanxCorp has engaged in conduct that has unnecessarily increased the cost of defending the case. BanxCorp has filed unintelligible and patently defective pleadings on a number of occasions. On one occasion, BanxCorp filed an Amended Complaint, only to withdraw it after Bankrate had completed briefing a motion to dismiss. BanxCorp has steadfastly refused to provide responses to discovery in the manners prescribed by the Federal Rules of Civil Procedure, necessitating numerous applications to this Court, including a motion to compel. In 2009, BanxCorp improperly attempted to enjoin a transaction in which Bankrate's stock was acquired by an entity affiliated with Apax Partners LLP, again necessitating applications to this Court. And, beginning in late 2010, BanxCorp has repeatedly made applications to this Court for relief without providing adequate explanation of the basis upon which relief was sought, resulting in unnecessary and often confusing litigation.

### BanxCorp's Violation of the October 8, 2010 Scheduling Order

Within the last several weeks, BanxCorp's misconduct has become particularly egregious and costly. First, on April 18, BanxCorp filed a so-called "Cross-Motion for Bifurcation and Summary Judgment of *Per Se* Claims, and Consolidation of LendingTree Claims." By letter dated April 18, 2011, I wrote to counsel for BanxCorp reminding him of the provisions in this Court's October 8, 2010 Order concerning the filing of motions, of the prohibition on dispositive motions, and of the provision in the October 8, 2010 Order for sanctions for violation of the Order. In particular, I reminded him that the October 8, 2010 Order specifically states:

Hon. Madeline Cox Arleo, U.S.M.J.                                                    June 3, 2011
Page 2

"Dispositive motions shall not be filed until thirty (30) days after the close of Discovery. Failure to file dispositive motions within that time frame shall result in their dismissal as untimely." I requested that BanxCorp withdraw the unauthorized cross-motions. During a meet and confer telephone conference attended by Nelson Canter (then counsel for BanxCorp) and Norbert Mehl (owner and CEO of BanxCorp) on April 21, 2011, BanxCorp refused to withdraw the unauthorized motions.

By letter dated April 22, 2011, we sought leave to file a motion for an order imposing sanctions against plaintiff for a number of violations of this Court's orders. Later that day, Mr. Canter filed a notice of motion withdrawing the summary judgment motion along with a letter declaring as "moot" our request for leave to seek sanctions.

On April 27, 2011, BanxCorp filed a new proposed notice of summary judgment motion. Under cover of a letter from Mordechai Lipkis -- a New York attorney admitted *pro hac vice* in this case -- BanxCorp reinstated its improper summary judgment motion. Mr. Lipkis' letter is co-signed by Lawrence Hersh, Esq., who has appeared in this case as local counsel. On May 2, 2011, Mr. Canter -- who withdrew the original summary judgment motion after we sought leave to seek sanctions -- withdrew as counsel for BanxCorp.

We then wrote to Your Honor and to Judge Wigenton concerning the improper motions. Judge Wigenton subsequently entered an order prohibiting the filing of such motions. However, Bankrate was forced to spend many hours of attorney time addressing dispositive motions that were plainly prohibited by this Court's October 8, 2010 Order. The conduct of Mr. Lipkis, in particular, should be subject to sanction because he refiled a prohibited motion after it had been withdrawn.

**BanxCorp's Violation of the April 4, 2011 Order Granting Bankrate's Motion to Compel**

Second, we seek compensation for the costs and fees incurred as a result of BanxCorp's improper conduct in connection with a deposition of Mr. Mehl ordered by this Court.[1] When it granted Bankrate's motion to compel by Order dated April 4, 2011, this Court ordered that Mr. Mehl was to be made available for deposition "regarding BanxCorp's document and information retention policies and procedures and its document review in response to Bankrate's requests for production of documents." We attempted to schedule the deposition, without success.

On April 21, 2011, Messrs. Mehl and Canter agreed to schedule the deposition for May 26, 2011, which they claimed was the first date on which they were both available. On May 2, 2011, Mr. Canter withdrew as counsel. Mordechai Lipkis (admitted pro hac vice in this case) took over

---

[1] BanxCorp has also failed to provide the information required by the April 4, 2011 Order. Bankrate reserves the right to apply for further sanctions upon completion of Mr. Mehl's deposition if BanxCorp continues to refuse to provide the required information.

**LOWENSTEIN SANDLER**
ATTORNEYS AT LAW

Hon. Madeline Cox Arleo, U.S.M.J.  June 3, 2011
Page 3

lead representation of Mr. Mehl. Mr. Lipkis acknowledged the scheduled deposition of Mr. Mehl in writing several times over the next two weeks.

In a series of letters beginning on May 10, 2011, Mr. Lipkis began insisting that we schedule merits depositions of three witnesses in exchange for the court-ordered deposition of Mr. Mehl. I pointed out that Mr. Mehl's deposition was part of a remedial sanction and was not merits discovery, and that no merits depositions are permitted under the current scheduling order. Mr. Lipkis continued to insist that there be reciprocity in scheduling depositions. On May 18, 2011, Mr. Lipkis informed me that neither he nor local counsel was available on May 26, and again demanded that we schedule depositions of witnesses in exchange for rescheduling Mr. Mehl's court-ordered compliance deposition.

On May 19, 2011, Mr. Mehl informed me that Mr. Hersh (BanxCorp's local counsel) would be available on May 26, 2011 to defend his deposition. When I asked if there was now a firm commitment to have the court-ordered deposition go forward on May 26, 2011 at the New Jersey office of BanxCorp's local counsel, Mr. Mehl replied "In principle." When I asked for clarification, he refused to explain what meant when he said that there was a commitment to go forward with his deposition "in principle." As a result, I wrote to the Court asking that the Court again order the deposition of Mr. Mehl. That same day, BanxCorp agreed in writing to the deposition on May 26, 2011.

Late in the afternoon on May 25, 2011, Mr. Mehl and Mr. Hersh informed me that Mr. Hersh would have to be in court at least part of the next day. The deposition was then rescheduled for June 1, 2011, subject to Mr. Hersh confirming his availability. The next day, Mr. Hersh confirmed that he would be available to defend Mr. Mehl's deposition, which was scheduled at this firm's New York office.

At 8:34 on June 1, 2011, Mr. Lipkis emailed a letter stating that Brian Peroff, Esq. would defend Mr. Mehl's deposition, and informing me that he had instructed Mr. Mehl not to answer any questions outside the scope of this Court's April 4, 2011 order. Neither Mr. Peroff nor his firm has entered an appearance in this case and is therefore not qualified to defend Mr. Mehl's deposition.

In an attempt to minimize the waste of time, we agreed to go forward with the deposition. After some preliminary questions, Mr. Mehl announced that, pursuant to advice of counsel, he would not answer questions concerns BanxCorp's review of documents in response to Bankrate's requests for production prior to April 4, 2011. This Court terminated the deposition and scheduled a conference.

Both the failure of BanxCorp to have attorney of record present for the deposition and BanxCorp's frivolous objection to answering questions concerning its document review and



Hon. Madeline Cox Arleo, U.S.M.J.　　　　　　　　　　　　　　　　　　　　　June 3, 2011
Page 4

production resulted in significant waste of time on June 1, 2011. Bankrate asks that this Court require BanxCorp to pay for my time, and for the attendance of the court reporter and videographer, as a sanction for BanxCorp's plainly improper conduct. In addition, Bankrate asks that BanxCorp and its attorneys be required to pay fees and costs incurred unnecessarily by Bankrate in responding to the dispositive motions filed by BanxCorp in violation of this Court's October 8, 2010 Scheduling Order.

Respectfully submitted,

R. Scott Thompson

Enclosure

cc:　　Mordechai Lipkis, Esq. (via ECF and email)
　　　　Lawrence Hersh, Esq. (vial ECF and email)
　　　　Brian Peroff, Esq. (via mail)

