**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

June 9, 2011

*Via ECF and FedEx*

Hon. Madeline C. Arleo, U.S.M.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *BanxCorp v. Bankrate, Inc.*, **Civ. No.  07-3398-SDW-MCA**

Dear Judge Arleo:

      We write on behalf of Plaintiff BanxCorp in response to certain inaccuracies in Defendant Bankrate's June 8 letter and proposed order form [Doc. Nos. 244].  We are enclosing a proposed form of order with certain minor revisions that more accurately and fairly reflect the respective arguments and positions of the parties.

      Attached as Exhibit 1 is also a copy of the confidential Transcript of the June 1, 2011 Deposition of Norbert Mehl. The transcript consisting of more than 100 pages shows that Mr. Mehl's deposition confined to Plaintiff's document review and retention policy and procedures already lasted for approximately three hours of testimony time, and took place from 10:28 a.m. until 2:36p.m, including a luncheon recess.   The Transcript further shows that Plaintiff's per diem contract attorney Mr. Peroff had actually conducted Plaintiff's representation in a professional manner and had properly raised reasonable objections on approximately two dozen occasions [*see* Transcript highlights throughout], which would appear to contradict certain misleading representations made at the June 7 hearing.

      In light of the foregoing, and further taking into consideration the time limits specified under Rule 30(d), and that on May 26 Defendant had confirmed in writing that Mr. Mehl's deposition would continue until finished or until seven hours of testimony time have been used, whichever comes first, we respectfully request that the Court reconsider limiting the remainder of Mr. Mehl's deposition scheduled for June 15 to no more than 5 additional hours (including an allowance for cross-examination), as shown in our revised proposed order.

      While in order to avoid an adjournment we admittedly allowed in error a per diem attorney to cover the June 1 deposition on Plaintiff's behalf without having previously filed a notice of appearance, the record shows that no prejudice or "grievous harm" to the judicial process and to the parties was caused. *See, e.g., Mruz v. Caring, Inc*., 166 F. Supp. 2d 61, 71 (D.N.J. 2001) (based on intervening Third Circuit authority, the district judge reversed the magistrate's ruling revoking *pro hac vice* admission).

Hon. Madeline C. Arleo, U.S.M.J.
June 9, 2011
Page 2

Moreover, some type of notice and an opportunity to respond are necessary when a district court seeks to revoke an attorney's pro hac vice status. "Such procedures are desirable for two reasons. First, although at one time *pro hac vice* status was considered to be granted and held at the grace of the court, we believe that in this era of interstate practice of law, such a notion cannot be applied too literally or strictly. Second, some sort of procedural requirement serves a number of salutary purposes. It ensures that the attorney's reputation and livelihood are not unnecessarily damaged, protects the client's interest, and promotes more of an appearance of regularity in the court's processes… if the matter of revocation is pursued further … it should be assigned to another judge." *Johnson v. Trueblood*, 629 F.2d 302, 303, 304 (3d Cir.1980), cert. denied, 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 209 (1981)

Motions to disqualify are viewed disfavorably, and disqualification is considered a drastic remedy. As a result, courts should hesitate to disqualify counsel unless absolutely necessary. *Carlyle Towers Condominium Ass'n, Inc. v. Crossland Savings, FSB*, 944 F.Supp. 341, 345 (D.N.J.1996). Under any circumstances, disqualification of counsel during pending litigation "does a great disservice to the affected client." *Dewey v. R.J. Reynolds Tobacco Co.*, 109 N.J. 201.221, 536 A.2d 243 (1988).

Finally, as recognized by the United States Supreme Court, a fundamental premise of the adversary system is that parties have the "right to retain the attorney of their choice to represent their interests in judicial proceedings." *cf. Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (Brennan, J., concurring).

We thank Your Honor for your consideration of these issues.

                              Respectfully submitted,

                              Mordechai I. Lipkis

Encls.

cc:    Hon. Susan D. Wigenton, U.S.D.J.
        All Counsel of Record

|  |  |
|---|---|
| **BANXCORP,**<br><br>                    **Plaintiff,**<br><br>-vs-<br><br>**BANKRATE, INC.,**<br><br>                    **Defendant** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Hon. Susan D. Wigenton<br>Civil Action No. 07-3398 (SDW)<br><br>**ORDER EXTENDING**<br>**DISCOVERY SCHEDULE** |

The above matter having been opened to the Court by Lowenstein Sandler, PC, attorneys for Defendant Bankrate, Inc. ("Bankrate"), upon application for an Order extending the period for discovery in this case, the parties having appeared in open court, having considered the papers submitted and the arguments of counsel, and for good cause shown,

It is on this _____ day of June, 2011,

**ORDERED** that the Pretrial Scheduling Order entered in this case on October 8, 2010 is amended as follows:

Paragraph 1 is amended in its entirety as follows:

(a)    Except as set forth in subparagraphs (b) and (c) hereof, fact discovery is closed as of **June 7, 2011.**

(b)    Defendant Bankrate shall be allowed to continue taking the deposition of Plaintiff BanxCorp's CEO Norbert Mehl concerning the matters set forth in this Court's April 4, 2011 Order, for up to 5 more hours on **June 15, 2011.**

(c)    The parties shall have the right to raise with this Court any alleged deficiencies in the opposing party's document production on or before **June 22, 2011.**

(c)    Fact discovery shall remain open through **August 31, 2011** solely for the purposes of (1) eliciting deposition testimony, (2) third-party discovery, and (3) resolution of any

2

issues raised pursuant to subparagraph (b) above. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

(d)     The provisions of this amended scheduling order shall apply without regard for the pending motion to dismiss the Fourth Amended Complaint, and the deadlines set forth herein shall apply irrespective of the outcome of that motion.

Paragraph 7: All affirmative expert reports shall be delivered by **September 30, 2011**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report.**

Paragraph 8: All responding reports shall be delivered by **October 15, 2011**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report.**

**IT IS FURTHER ORDERED** that all remaining provisions of the October 8, 2010 Pretrial Scheduling Order, including all other portions of Paragraphs 7 and 8, shall remain unchanged and in full force and effect.

_____
Hon. Madeline Cox Arleo, U.S.M.J.