

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax  973 597 2533
sthompson@lowenstein.com

June 27, 2011

**VIA CM/ECF & FEDEX**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   BanxCorp v. Bankrate, Inc., Civil Action No. 07-3398 (SDW-MCA)

Dear Judge Arleo:

This firm represents defendant Bankrate, Inc. in the referenced matter. I am writing to bring to the Court's attention two more instances of abusive discovery practices on the part of plaintiff BanxCorp.

### Improper "Attorneys Eyes Only" Designations

The Discovery Confidentiality Order entered by Your Honor on July 26, 2009 contains a provision that permits a party to designate certain highly confidential information as "Attorneys' Eyes Only" (or "AEO"), which restricts dissemination of the designated information to attorneys for a party. The Discovery Confidentiality Order sets forth the permissible basis for such a designation:

> "Any party to this litigation and any third-party shall have the right to designate as 'Attorneys' Eyes Only' and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or competitive position of the designating party . . ."

Discovery Confidentiality Order, ¶ 2.

This Court recently directed plaintiff BanxCorp to cure defects in its search and production of documents in response to Bankrate's requests for production of documents. In May, BanxCorp made a supplemental production of some 16,449 pages of email correspondence that it had not previously produced. Most of the email in the supplemental production does not respond to any

Hon. Madeline Cox Arleo, U.S.M.J.                                              June 27, 2011
Page 2

request made by Bankrate; it appears that BanxCorp simply produced all email files of certain custodians going back to 1998.

Each and every page of the supplemental production was designated AEO. It appears that no attempt was made to identify any documents or information for which there was a basis for an AEO designation; instead, BanxCorp made a blanket designation as to every page of email produced. In doing so, BanxCorp violated the clear terms of the Discovery Confidentiality Order that strictly limit such designations to only those documents "the disclosure of which is highly likely to cause significant harm to an individual or competitive position of any party . . ." Attached as Exhibit A to the Federal Express copy of this letter are examples of pages of documents produced by BanxCorp bearing the AEO designation. These documents are a tiny fraction of the total number of documents improperly designated as AEO by BanxCorp, and are enclosed simply to illustrate the abuse of the AEO designation by BanxCorp.

During his 30(b)(6) deposition on June 15, 2011, Norbert Mehl -- BanxCorp's owner and CEO -- testified that his attorneys (at that point in time, Mordechai Lipkis) agreed with this plainly abusive practice: "All of the documents that were designated Attorneys' Eyes Only went through the same process. It was a discussion. My attorneys and I discussed it and we felt that this is how it should be designated . . . My attorneys had access to the file, to the emails, and they were comfortable with the designation or they suggested it. I don't remember which way it went, but we both looked at the email package, and that's how it came about." Mehl Dep. 6.15.11, page 315 lines 6-24. (Copy attached as Exhibit B to Federal Express copy of this letter).

On June 16, 2011, I wrote to Mr. Lipkis and requested that the AEO designation be removed from all of the emails produced in May. A copy of my letter to Mr. Lipkis is attached as Exhibit C to Federal Express copy of this letter. On June 26, 2011, Mr. Lipkis responded, refusing to remove any of the plainly improper designations. A copy of Mr. Lipkis' June 26 letter is attached as Exhibit D to the Federal Express copy of this letter.

We will ask the Court to direct BanxCorp to remove the patently improper AEO designations from pages bearing document identification numbers BX006164 through BX023613.

**Subpoena to Panache Privee**

In addition to his role as owner and CEO of plaintiff BanxCorp, Mr. Mehl was also the owner and CEO of an entity called Panache Privee, which was run out of the same office as BanxCorp for much of the relevant period. Attached hereto as Exhibit E (Federal Express copy only) is a copy of an email exchange between Mr. Mehl and Thomas Evans of Bankrate from December 2005 in which Mr. Mehl stated that he could not provide BanxCorp's financial profile "because I have been running it within the same corporate balance sheet as my other business [Panache Privee]."

**Lowenstein Sandler**
ATTORNEYS AT LAW

Hon. Madeline Cox Arleo, U.S.M.J.  June 27, 2011
Page 3

Panache is also represented by BanxCorp's *pro hac vice* attorney, Mordechai Lipkis. Because of the close relationship between BanxCorp and Panache, we subpoenaed Panache out of the District of New Jersey (the "DNJ Subpoena"). That subpoena was served on Mr. Mehl, as president of Panache, on April 25, 2011 in Scarsdale, New York, at the address Panache registered with the New York Secretary of State as the place for service. The place for production is Roseland, New Jersey. A copy of the DNJ Subpoena with proof of service is attached as Exhibit F.

On May 17, 2011, the date responses for the DNJ Subpoena were due, Mr. Lipkis advised us that Panache would not respond to the subpoena. A copy of Mr. Lipkis' May 17, 2011 letter is attached as Exhibit G. Mr. Lipkis stated that the "subpoena was issued from the wrong court." This is an incorrect statement of the law. Rule 45 provides that "a subpoena may be served at any place … outside [the district of the issuing court] but within 100 miles of the place specified for production." Fed. R. Civ. P. 45(b)(2)(B). Scarsdale, New York is less than 100 miles from Roseland, New Jersey.

In an attempt to address Mr. Lipkis' expressed concern, we served Panache with a second subpoena out of the Southern District of New York (the "SDNY Subpoena")[1]. On June 22 and 23, 2011, Mr. Lipkis wrote and again refused to produce documents responsive to either subpoena. Copies of Mr. Lipkis' June 22 and 23, 2011 letters are attached as Exhibit H. Mr. Lipkis raised obviously erroneous blanket objections (e.g. "Any documents relating to BanxCorp are subject to a confidentiality agreement between Panache and BanxCorp.") and requested proofs of service, a request with which we complied. Mr. Lipkis still refused to respond to the subpoenas or even to engage in a meet and confer conference, and continues to refuse to comply to this day. We respectfully request that this Court grant Bankrate leave to move to compel Panache to comply with the DNJ Subpoena and to sanction Panache with attorneys' fees Bankrate has expended because of its games.

Respectfully submitted,

R. Scott Thompson

Attachments

cc:   Mordechai Lipkis, Esq. (via ECF and Fedex) (Fedex only w/attachments)
      Lawrence Hersh, Esq. (vial ECF and email) (Fedex only w/attachments)

---

[1] The DNJ Subpoena and SDNY Subpoena contain identical document requests.

**Lowenstein Sandler**
ATTORNEYS AT LAW