**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

July 13, 2011

*Via ECF and FedEx*

Hon. Esther Salas, U.S.D.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

  Re: *BanxCorp v. Bankrate, Inc.*, **Civ. No. 07-3398 (ES)**

Dear Judge Salas:

We write on behalf of Plaintiff BanxCorp and submit this letter brief in support of an application for an order substituting Defendant Bankrate Inc., a Florida corporation now inactive, with its successor in interest Bankrate Inc, a Delaware corporation, pursuant to Fed. R. Civ. P. 25(c); and directing Defendant to file a Supplemental Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1(b).[1]  Defendant refused to respond and simply ignored our repeated requests since June 21, 2011, failing to file the required disclosures.  We respectfully ask the Court to accept for filing Plaintiff's application herein for the reasons set forth below.

  1. **Bankrate's Recent History, IPO and Corporate Restructuring**

Defendant Bankrate Inc., a Florida corporation incorporated on or about July 13, 1993 ("Bankrate Florida"), became *inactive* on or about April 14, 2011 as a result of a merger and corporate restructuring in conjunction with a public stock offering completed on or about June 17, 2011 (the "2011 IPO"). *See* Ex. A, Bankrate Florida's filings with the Division of Corporations of the Florida Department of State; *see also* Ex. B, excerpts of Bankrate Inc.'s

---

[1] It should be noted that Defendant's Amended Corporate Disclosure Statement filed on October 4, 2010 [Doc. No. 137] after numerous requests by Plaintiff, had been overdue by one year.

Hon. Esther Salas, U.S.D.J.
July 13, 2011
Page 2

Amendment No. 3 to Form S-1 Registration Statement filed with the U.S. Securities and Exchange Commission on June 6, 2011 (the "2011 IPO Prospectus").

Defendant's corporate successor retained the name Bankrate Inc. and is currently conducting its operations as a Delaware corporation ("Bankrate Delaware"), with its principal offices at Bankrate Florida's prior location. *See* Ex. B, document labeled BX0024045.

According to the public record and the 2011 IPO Prospectus, after 10 years as a public company, Bankrate Florida was acquired on August 25, 2009 by Ben Holding S.à r.l., an entity wholly owned by investment funds advised by Apax Partners, L.P. and Apax Partners LLP. Since then, Bankrate Florida executed several acquisitions, including two strategically important acquisitions in NetQuote Holdings, Inc. and CreditCards.com, Inc. *See* Ex. B, document labeled BX0024043.

According to the 2011 IPO Prospectus, prior to the 2011 IPO, Bankrate Delaware and 100% of its equity interests were owned by BEN Holdings, Inc., a Delaware corporation ("Holdings"). Prior to the consummation of the 2011 IPO, each share of common and preferred stock of Holdings outstanding at such time were exchanged for new shares of a single class of common stock of Holdings (the "Recapitalization"). In addition, following the Recapitalization and prior to the consummation of the 2011 IPO, Holdings merged with and into Bankrate Delaware, with Bankrate Delaware surviving (the "Merger"). In the Merger, each share of the new Holdings common stock were converted into shares of common stock of Bankrate Delaware, and all outstanding shares of Bankrate Delaware common and preferred stock outstanding immediately prior to the Merger were cancelled. The surviving corporation in the Merger retained the name "Bankrate, Inc." *See* Ex. B, document labeled BX0024045.

2.  **Legal Argument**

Rule 25(c) of the Federal Rules of Civil Procedure provides:

> Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

A corporation and its alter ego are the same entity. *See, e.g., Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed.Cir. 1985). Indeed, as set forth above, Bankrate Delaware is merely a continuation of Bankrate Florida. "The indicia of `continuation' are a common identity of stock, directors and stockholders and the existence of only one corporation at the completion of the transfer." *Id.* Bankrate Inc. became in effect a new corporate name for the same corporate body.

Section 607.11101 of the Florida Business Corporation Act states as follows:

> When a merger becomes effective:
> (1)  Every domestic corporation and other business entity that is a party to the merger merges into the surviving entity and the separate existence of every domestic corporation and other business entity that is a party to the merger except the surviving entity ceases.
> (2)  The title to all real estate and other property, or any interest therein, owned by each domestic corporation and other business entity that is a party to the merger is vested in the surviving entity without reversion or impairment.
> (3)  The surviving entity shall thereafter be responsible and liable for all the liabilities and obligations of each domestic corporation and other business entity that is a party to the merger, including liabilities arising out of appraisal rights with respect to such merger under applicable law.
> (4)  Any claim existing or action or proceeding pending by or against any domestic corporation or other business entity that is a party to the merger may be continued as if the merger did not occur or the surviving entity may be substituted in the proceeding for the domestic corporation or other business entity which ceased existence.
> (5)  Neither the rights of creditors nor any liens upon the property of any domestic corporation or other business entity shall be impaired by such merger. Florida Statutes - Title XXXVI, Business Organizations, Section 607.0101.

Delaware General Corporation Law states as follows:

> Any action or proceeding, whether civil, criminal or administrative, pending by or against any corporation which is a party to a merger or consolidation shall be prosecuted as if such merger or consolidation had not taken place, or the corporation surviving or resulting from such merger or consolidation may be substituted in such action or proceeding.

8 Del. C. 1953, § 261; 56 Del. Laws, c. 50.

"In general, when two corporations merge pursuant to statutory provisions, liabilities become the responsibility of the surviving company." *Smith Land & Improvement Corporation v. Celotex Corp.*, 851 F.2d 86, 91 (3rd Cir.1988). "In case of merger of one corporation into another, where one of the corporations ceases to exist and the other corporation continues in existence, the latter corporation is liable for the debts, contracts and torts of the former, at least to the extent of the property and assets received, and this liability is often expressly imposed by statute." *Id.* (citing 15 W. Fletcher, Cyclopedia of the Law of Private Corporations § 7121, at 185 [rev. perm. ed. 1983]).

### 3. Conclusion

The record clearly establishes that Bankrate Delaware is the transferee of Bankrate Florida's assets, liabilities, trademarks, copyrights, customers, contracts and good-will, including continuity of management, personnel, physical location, and general business operations. As such, Bankrate Delaware is merely a continuation and restructured form of the old Bankrate Florida corporation and either expressly or implicitly assumed all of Bankrate Florida's liabilities with respect to Plaintiff's claims in the above-referenced action.

Based on the foregoing, we respectfully ask the Court to order the substitution of Defendant Bankrate Inc., a Florida corporation now inactive, with its successor in interest Bankrate Inc, a Delaware corporation, pursuant to Fed. R. Civ. P. 25(c); and direct Defendant to

Hon. Esther Salas, U.S.D.J.
July 13, 2011
Page 5

promptly file a Supplemental Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1(b).

A proposed form of Order is enclosed herewith for the Court's convenience.

                                        Respectfully submitted,

                                        Mordechai I. Lipkis

Encls.

cc:     All Counsel of Record

| | |
|---|---|
| BANXCORP,<br><br>                              Plaintiff,<br>         v.<br><br>BANKRATE, INC., et al,<br><br>                              Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br><br>**Hon. Esther Salas**<br>**Civil Action No. 07-3398 (ES)** |

# ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT BANKRATE INC. FLORIDA WITH BANKRATE INC. DELAWARE, PURSUANT TO RULE 25(c)

The above matter having been opened to the Court by Lawrence C. Hersh and Mordechai I. Lipkis, attorneys for Plaintiff BanxCorp, upon application for an Order granting Plaintiff's Motion for Substitution of Defendant Bankrate Inc., a Florida corporation now inactive, with its Successor in Interest Bankrate Inc, a Delaware corporation, pursuant to Fed. R. Civ. P. 25(c), and the Court, having considered the papers submitted and the arguments of counsel and for good cause shown,

It is on this ___ day of _____, 2011,

**ORDERED** that Plaintiff's Motion for Substitution of Defendant Bankrate Inc., a Florida corporation now inactive, with its Successor in Interest Bankrate Inc, a Delaware corporation is hereby **GRANTED**, and it is further

**ORDERED** that Defendant Bankrate Inc. file a Supplemental Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1(b) on or before _____, 2011.

_____
Hon. Esther Salas, U.S.D.J.