

**LOWENSTEIN SANDLER**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax 973 597 2533
sthompson@lowenstein.com

August 12, 2011

**VIA ECF**

Honorable Esther Salas
United States District Judge
District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    **BanxCorp v. Bankrate, Inc., Civil Action No. 07-3398 (ES - CLW)**
           **BanxCorp v. LendingTree, LLC, Civil Action No. 10-2467 (ES - CLW)**

Dear Judge Salas:

I am writing in response to the letter from counsel for plaintiff BanxCorp objecting to the draft order I filed yesterday.

The draft order was not intended to be controversial. I believe it accurately memorializes the directions given by Your Honor to the parties concerning what are essentially "clean-up" items relating to discovery. Your Honor directed Bankrate to propound interrogatories and document requests (if necessary) designed to elicit from plaintiff clear explanations of the bases of its claims. Your Honor gave this direction in response to Bankrate's request for a five-day deposition of Norbert Mehl. Your Honor explained that the Court preferred the mechanism of interrogatories to an extended deposition of Norbert Mehl as the way for defendants to obtain necessary information about plaintiff's claims, at least at this juncture.

BanxCorp then suggested that it would be filing a spoliation motion seeking sanctions against Bankrate for destruction of evidence. Your Honor directed BanxCorp to send a deficiency letter to Bankrate as a predicate to any such motion. Your Honor made it clear that it was not the Court's intent to reopen paper discovery for all purposes. Rather, the deficiency letter was to focus on items of discovery that might be the subject of a spoliation motion, so that the record would be clear in the event that BanxCorp ultimately sought to file a spoliation motion.

BanxCorp's letter to the Court, in which it suggests that the proposed order is "lopsided," illustrates the problems from which this case has suffered over at least the last year. The Court was clear in its directions on August 10, which were explicitly designed to address the issues

Hon. Esther Salas, U.S.D.J.                                            August 12, 2011
Page 2

raised by each of the parties; if the order is "lopsided," it is because the parties' issues were not identical.

Moreover, BanxCorp's request (through new counsel Kristen Renzulli) contradicts the repeated representations made by other counsel -- such as Mordechai Lipkis -- that BanxCorp would not seek any further production of documents or responses to written discovery requests from Bankrate. Ms. Renzulli ignores her client's express representation that it would not seek further responses from Bankrate, and, instead, seeks a "do-over" in contravention of these representations. This pattern -- of issues being resolved, then resurrected months later -- has recurred repeatedly, making progress difficult and costly.

On August 10, the Court gave clear directions to the parties to take certain explicit steps to move this case to conclusion. The Court's directions addressed specific issues raised by the parties. In order to address Bankrate's expressed need for more information, the Court specifically allowed the service of interrogatories designed to clarify the bases for plaintiff's claims.[1] In order to address BanxCorp's concerns regarding spoliation, the Court directed BanxCorp to send Bankrate a deficiency letter. We believe those directions are accurately memorialized in the proposed order filed yesterday.

I apologize to the Court for this imposition on its time, particularly if we misunderstood what we thought were clear directions.

Respectfully submitted,

*/s/ R. Scott Thompson*

R. Scott Thompson

Cc: Mordechai Lipkis, Esq. (Email)
Lawrence Hersh, Esq. (ECF)
Kristen Renzulli, Esq. (Email)
Daniel Brown, Esq. (ECF)

---

[1] BanxCorp's suggestion that the Court's June 10, 2011 Order precludes Bankrate from following this Court's directions is more confusion. That Order related specifically to deficiencies in BanxCorp's *document production* identified as a result of the remedial 30(b)(6) deposition of Norbert Mehl ordered by Magistrate Judge Arleo as part of a sanction for BanxCorp's deficient document production. It has nothing to do with the issues addressed by this Court on August 10, which relate to BanxCorp's inadequate responses to interrogatories and requests for admission.

**Lowenstein Sandler**
ATTORNEYS AT LAW