October 26, 2011

**Via CM/ECF & FedEx**
Hon. Cathy L. Waldor, U.S.M.J.
United States Court for the District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:   *BanxCorp v. Bankrate, Inc.*, Civ. No. 07-3398 (ES-CLW)
             *BanxCorp v. LendingTree, LLC*, Civ. No. 10-2467 (ES-CLW)

Dear Judge Waldor:

Plaintiff BanxCorp and Defendants Bankrate, Inc. and LendingTree, LLC respectfully submit this joint letter concerning the extent to which depositions should go forward at the current time. The parties' representatives are all available on October 31, 2011 at 2:00 p.m. for a conference call to discuss the discovery schedule in this case.

**Plaintiff BanxCorp's Position**

As the parties' written discovery production has been completed, Plaintiff BanxCorp believes that depositions should proceed and be completed by year-end. Plaintiff requests to proceed with the depositions of the following four witnesses: Bankrate's current CEO Tom Evans; Bankrate's former CEO Elisabeth DeMarse; Bankrate's chairman and former CEO Peter Morse, and LendingTree's CEO Douglas Lebda (all previously noticed). Despite repeated requests, both Defendants declined to identify to date the witnesses that they intend to depose other than Plaintiff's CEO Norbert Mehl.

The resolution of the issues raised by Defendant Bankrate in Appendix II to the parties' October 7, 2011 Joint Letter has no bearing on depositions, other than to the extent of the length of Mr. Mehl's deposition. Bankrate's counsel had previously agreed in open Court to proceed with the depositions of Mr. Evans and Ms. DeMarse, and stated as follows: "I can represent to the Court and to counsel, we're not going to play any games with scheduling those deposition ... we will deal in good faith." [Transcript of June 7, 2011 Hearing before Judge Arleo, 29:4-10; 33:4-11]

There can be no question that Mr. Morse's testimony is indispensable and irreplaceable, as set forth in Appendix I to the October 7, 2011 Joint Letter, particularly given, (a) "his familiarity with and knowledge of the history of Bankrate, and his leadership of Bankrate over the last 17 years;" (b) that "there are no senior employees still with Bankrate who were with Bankrate" during the time of merger discussions held between Messrs. Morse and Mehl; (c) that "Mr. Morse routinely conducted his Bankrate-related business from his office at Morse Partners Inc.,... outside of Bankrate's premises"; and (d) to "ascertain whether documents indeed were destroyed or suppressed." [Oct. 7, 2011 Joint Letter, Appendix I at 6-12, 26]

20928/2

There can be no question that the testimony of LendingTree's CEO Doug Lebda is indispensable, particularly given that all other former senior officers of LendingTree have left the company. Mr. Lebda's approximately 6,800 pages of ESI and e-mails [labeled LT0076094-LT0082917] revealed his direct involvement with Bankrate-related matters and his interaction with Bankrate's CEO Tom Evans. Notwithstanding, such evidentiary materials and information originally requested pursuant to Plaintiff's Am. Doc. Subpoena to LendingTree issued on November 24, 2010, were inexplicably withheld or suppressed by LendingTree for over nine months until September 20, 2011, i.e., several days after the September 16, 2011 deadline set by the Court for Plaintiff's response to Bankrate's alleged deficiency notice.

During the August 10, 2011 conference with Judge Salas, LendingTree's counsel stated that LendingTree "may also be done with discovery." Moreover, pursuant to Paragraph 17 of the Pretrial Scheduling Order entered in Civil Action No. 10-2467 on April 4, 2011, as amended by order dated June 29, 2011, which governs proceedings in these consolidated actions, "the parties may serve interrogatories limited to twenty-five (25) single questions and requests for production of documents **on or before May 2, 2011**, to be responded to within thirty (30) days of receipt." Nevertheless, on September 20, 2011 LendingTree presumably acting in concert with Bankrate (pursuant to an indemnification clause in their February 2, 2007 Agreements subject to Plaintiff's antitrust claims in both actions [reference is made to documents labeled LT0000002-LT0000087]) unfairly sought a "second bite at the apple" by suddenly serving a 3rd Set of Interrogatories (more than five months after the May 2, 2011 deadline), to which Plaintiff served a 29-page response in full on October 12, 2011. Finally, on October 24, 2011, after the Court convoked the parties to a joint conference for scheduling of depositions, LendingTree served yet another baseless deficiency letter as a means to endlessly delay depositions.[1]

**Defendant Bankrate's Position**

Defendant Bankrate believes that no depositions should take place until all written discovery, including resolution of the issues raised in the parties' October 7, 2011 joint letter, is complete. BanxCorp has not provided Bankrate with adequate explanation of the facts and theories underlying its causes of action. Until BanxCorp provides adequate information, Bankrate will not be able to understand the bases of the causes of action, and its witnesses should not be required to testify until BanxCorp provides adequate explanation of the claims it is asserting.

This is exactly what Judge Salas directed on August 10, 2011, when she stated "And we are not conducting any depositions in this case until written discovery is complete." Transcript of Proceedings, August 10, 2011, at page 17 lines 18-19. Judge Salas directed BanxCorp to provide answers to special interrogatories precisely because Bankrate needs the information in order to defend the case. The Fourth Amended Complaint (which is the subject of a pending motion to

---

[1] With respect to joint letters, on Aug. 10 Judge Salas said that after the parties insert their portion, there will be "no reply" and if an issue was agreed upon by counsel in writing, "they're living by the rule." [Aug. 10, 2011 Hr'g Tr. 11:8; 9:11-13] In addition, it was unequivocally agreed in writing by all counsel on October 25th that there will be no revisions, and Bankrate's counsel will simply include each party's description of its position and file the letter with the court. Notwithstanding, after Plaintiff and LendingTree simultaneously exchanged their respective positions as agreed, LendingTree replied and insisted in inserting an additional paragraph at the end of its statement, despite Plaintiff's objections.

dismiss) is opaque, and does not provide notice concerning the bases or contours of BanxCorp's claims. Bankrate should not be compelled to proceed with depositions until the information requested by Bankrate in the special interrogatories is provided.

**Defendant LendingTree's Position**

LendingTree believes that the numerous unresolved issues concerning Plaintiff's positions, as set forth in Plaintiff's and Bankrate's October 7, 2011 joint letter to the Court, require resolution before depositions can or should proceed. In addition, on October 22, 2011, LendingTree sent Plaintiff a meet and confer letter concerning deficiencies in Plaintiff's responses to LendingTree's Third Set of Interrogatories. Resolution of these and other issues concerning the LendingTree action, which was filed almost three years after the action against Bankrate and only recently consolidated for pretrial purposes [Dkt # 131], is also required before depositions can proceed. Based on the foregoing, LendingTree suggests that, during the upcoming telephone conference, the parties and the Court reach agreement on an appropriate modification to the current scheduling order. Finally, during the August 10, 2011 conference, I stated "And, Your Honor, just to be clear again, when I said two weeks, I was referring to interrogatory deficiencies. I may also be done with discovery, but I'm not going to know that for quite some time. I just got --", to which Judge Salas responded "I'll allow you to supplement, Counsel. Do the best with what you have." *See* August 10, 2011 Hearing Transcript at 8:5-10.

Respectfully submitted,

_____
Mordechai Lipkis
MORDECHAI I. LIPKIS, ESQ.
350 Broadway, Suite 1105
New York, New York 10013
(212) 925-4023
mlipkis@mlipkis.com
*Counsel for Plaintiff BanxCorp*

*s/* R. Scott Thompson
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
sthompson@lowenstein.com
*Counsel for Defendant Bankrate Inc.*

*s/* Sean Kirby
Sean Kirby
Daniel Brown
SHEPPARD, MULLIN, RICHTER
& HAMPTON, LLC
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
dbrown@sheppardmullin.com
*Counsel for Defendant LendingTree LLC*

cc: Kristen Renzulli, Esq. (Email)
     Michael Hahn, Esq. (Email)