**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

November 21, 2011

**VIA ECF & FEDEX**

Hon. Cathy L. Waldor, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

  Re: *BanxCorp v. Bankrate, Inc.*, Civ. No. 07-3398 (ES-CLW)
     *BanxCorp v. LendingTree, LLC*, Civ. No. 10-2467 (ES-CLW)

    **In Re Bankrate Inc.'s Rule 45 Subpoena to Non-Party Panache Privee Ltd.**

Dear Judge Waldor:

We represent Plaintiff BanxCorp and non-party Panache Privee Ltd. ("Panache Privee"), and submit this joint letter in response to Defendant Bankrate Inc.'s November 18, 2011 letter recited herein (the "November 18 Letter") [Doc. No. 291] addressed to the Court in connection with a disputed Rule 45 Document Subpoena to Panache Privee (the "Subpoena"), which was apparently raised by Bankrate with Judge Salas in August 2011 without our knowledge.

**Defendant Bankrate's Position**
(As per its November 18 Letter)

In light of the Court's and the parties' efforts to wrap up all outstanding document issues in these cases before proceeding to depositions, [Bankrate's counsel is] writing to bring to Your Honor's attention a document issue raised with Judge Salas in August that remains unresolved.

Plaintiff BanxCorp is owned by Norbert Mehl. Mr. Mehl also owns an entity called Panache Privee. Panache Privee shared office space with BanxCorp at times relevant to this case, and it appears also to have shared employees and other resources. In May and June of this year, [Bankrate's counsel] served a third-party subpoena requesting documents from Panache Privee. [Bankrate's counsel] received no substantive response to those subpoenas; as a result, [Bankrate's counsel] wrote to Judge Arleo on June 27, 2011 requesting enforcement of the subpoenas. The filing is Document 254 under docket number 07-3398. [Bankrate's counsel] enclose[d] a copy of the cover letter to Judge Arleo for your convenience. To date, [Bankrate's counsel] have [allegedly] received no documents in response to the subpoena.

Hon. Cathy L. Waldor, U.S.M.J.
November 21, 2011
Page 2

[Bankrate's counsel] will [allegedly] need Panache's documents before taking Mr. Mehl's deposition in order to adequately define the allocation of resources devoted to BanxCorp and Panache. Mr. Mehl stated in emails sent in 2005 that he had not "been keen on growing BanxQuote on my own as a stand-alone business," that he had been devoting most of his "time and resources" to Panache, and that he could not even provide financial information for BanxCorp because he had been running it within the same balance sheet as Panache. [Bankrate's counsel] sought documents from Panache in light of these representations.

[Bankrate's counsel] recently asked counsel for Panache to meet and confer concerning these long-outstanding subpoenas, but they have refused to date, informing [Bankrate's counsel] that they will provide responses to the subpoena "next week" and offering to meet and confer thereafter. They have made it clear, however, that they intend to object to the subpoenas.

[Bankrate's counsel] will attempt to work with counsel for Panache (who also represent plaintiff BanxCorp) in an effort to resolve the subpoena issues. In the event that Panache continues to refuse to comply with the subpoenas, [Bankrate's counsel] will ask the Court to enforce the subpoenas at our next appearance before Your Honor, based upon the information submitted in June to Judge Arleo.

[Bankrate's counsel] informed counsel for Panache that [Bankrate's counsel] intended to send a joint letter on this issue to Your Honor. Counsel informed [Bankrate's counsel] that they did not believe that the discovery dispute resolution procedures in this case apply because Panache is not a party to the case.

## **Plaintiff BanxCorp's Position**

First, Defendant Bankrate should be sanctioned for unilaterally and in bad faith filing a separate discovery dispute after October 7, 2011 in violation of the Court's August 31, 2011 Discovery Dispute Scheduling Order [Doc. No. 280] which specifically stated as follows:

> ORDERED that Plaintiff BanxCorp and Defendant Bankrate shall present any unresolved discovery disputes by joint letter to the Hon. Cathy L. Waldor, U.S.M.J. by October 7, 2011, in accordance with the protocol described on the record on August 10, 2011; and it is further

> ORDERED all future discovery disputes must be submitted to the Court as a joint letter. The parties are to be mindful of their obligation to make a good faith effort to meet and confer regarding all disputes before presenting the matter to the Court. Any independent submissions regarding a discovery dispute will be considered a violation this Court Order.

Hon. Cathy L. Waldor, U.S.M.J.
November 21, 2011
Page 3

Such conduct is particularly egregious considering that on October 7, 2011 the parties had already submitted a joint letter [Doc. No. 283] to *present any unresolved discovery disputes.*[1]

Second, on October 25, 2011 this Court ordered the parties to submit a joint letter "outlining which deposition can go forward and which cannot in advance of the Court disposing of the pending discovery disputes." [Doc. No. 286]  Defendant Bankrate further failed to raise the alleged discovery dispute concerning the Subpoena at issue when the parties filed a joint letter on October 26 [Doc. No. 287] in advance of a teleconference held with Your Honor on October 31, 2011.

Third, Bankrate's November 27, 2011 Letter from R. Scott Thompson Esq. to Hon. Madeline Cox Arleo, U.S.M.J. was improperly submitted *after* the Court's entry of an "Order Reassigning Case" 2:07-cv-03398-ES *BANXCORP v. BANKRATE, INC.* "to Judge Esther Salas for all further proceedings."[2]

Fourth, the third-party Subpoena issue was improperly raised by Bankrate with Judge Salas in August 2011 without the knowledge of either BanxCorp or Panache Privee, in further violation of the procedures established under Rule 45, presumably by way of Bankrate's confidential memorandum to the Court via facsimile in advance of the August 10, 2011 Status Conference before Judge Salas in the underlying action against Bankrate, at which Panache Privee was not officially present.

Fifth, Bankrate's November 18 Letter to the Court revealed for the first time that the Subpoena was issued under the false pretense that Bankrate "will need Panache's documents before taking Mr. Mehl's deposition in order to adequately define the allocation of resources devoted to BanxCorp and Panache."  In fact, documents previously produced by BanxCorp *adequately define the allocation of resources devoted to BanxCorp and Panache*. Reference is made for example to documents labeled BX000073-BX000128, BX000268-BX000378, BX004193-BX004228 and BX004229-BX004243 consisting of BanxCorp's tax returns and detailed itemized sales reports spanning for a period of more than 10 years.

Sixth, Defendant Bankrate has no right to ask this Court to enforce a third-party Subpoena governed pursuant to Rule 45, by way of the parties' *next appearance before Your Honor*.

---

[1] On October 24, 2011, after the Court convoked the parties to a joint conference for scheduling of depositions, Defendant LendingTree, acting in concert with Bankrate pursuant to an indemnification clause in their February 2, 2007 Agreements subject to antitrust claims in both actions [reference is made to documents labeled LT0000002-LT0000087], served another belated alleged deficiency letter, which became the subject of a separate joint letter submitted on November 16, 2011 [Doc. No. 290].

[2] According to the November 27, 2011 ECF time-stamped notices to the parties, the Court's "Order Reassigning Case" 2:07-cv-03398-ES BANXCORP v. BANKRATE, INC. "to Judge Esther Salas for all further proceedings " was entered on 6/27/2011 at 2:31 PM EDT; while Defendant Bankrate's subsequent "Letter from R. Scott Thompson Esq. to Hon. Madeline Cox Arleo, U.S.M.J.. (THOMPSON, R.)" [Doc. No. 254] was entered on 6/27/2011 at 4:40 PM EDT.

Hon. Cathy L. Waldor, U.S.M.J.
November 21, 2011
Page 4

Based on the foregoing, Bankrate's Subpoena for redundant and irrelevant documents will be the subject of a Motion to Quash and a Protective Order that Panache Privee Ltd. intends to file in due course, pursuant to Rule 45 as set forth below.  Defendants have no right to keep seeking further bites at the apple by deliberately presenting disjointed deficiency allegations as a diversionary and dilatory tactic, and to forestall depositions or any sanctions due to their own discovery violations.  In conclusion, Plaintiff BanxCorp is seeking the most severe in the spectrum of sanctions against Bankrate and its counsel for their violations of the Court's Orders and for their misrepresentations.

## Non-Party Panache Privee's Position

In response to an e-mail from Bankrate's counsel sent on a federal holiday, i.e., November 11, 2011 to Kristen Renzulli, co-counsel for BanxCorp, Ms. Renzulli responded on November 14 as follows:

> I will look into the Bankrate subpoena to nonparty Panache Privee, which appeared to have been abandoned, and will get back to you later this week as soon as I review the documents and have an opportunity to discuss this matter with Panache.  If any issues or documents are outstanding, we will respond pursuant to Rule 45, and if necessary we can have a meet and confer after that.  As far as we know, the discovery dispute resolution procedures in the underlying action do not govern third-party subpoenas.

As set forth above [*see* fn # 1], although Bankrate unethically filed an improper letter addressed to Judge Arleo on June 27, 2011 *after the Bankrate action was reassigned to Judge Salas*, Bankrate's counsel responded by making the following misrepresentation:

> The time for a response to the subpoena passed several months ago.  We made a submission to Judge Arleo in support of a motion to compel ***immediately before the case was transferred to judges Salas*** and Waldor, ***and we raised the issue with Judge Salas in August***.  I intend to get the subpoena in front of Judge Waldor by the end of this week, so we should meet and confer in the next day or so if you think that Panache intends to comply with the subpoena.  If we do not meet and confer by the end of the week, I will raise the issue with Judge Waldor for resolution along with the other outstanding issues. [Emphasis added]

Early in the morning of November 18, 2011, Ms. Renzulli e-mailed Bankrate's counsel as follows:

> Your ultimatum is unreasonable.  As I mentioned earlier this week upon receiving your recent request, I had no opportunity to review this matter for the first time until yesterday.  Bankrate's subpoena to Panache Privee became literally dormant and appeared to have been abandoned for nearly half a year, until you suddenly resuscitated it on November 11, 2011.  Not only did you choose to serve your

request on Veteran's Day, a national holiday, but it also coincided with the service of LendingTree's portion of its baseless joint deficiency letter.

To begin with, one of the fundamental objections originally raised by Panache Privee was that you refused to identify which Bankrate entity (FL or DE) was issuing the subpoena. This issue was only recently resolved when Judge Salas issued an Order substituting Bankrate, Inc., a Delaware Corporation, as successor-in-interest to Bankrate, Inc., a Florida Corporation [Doc. No. 282].

As shown on its website at www.panacheprivee.com, the business of Panache Privee concerns real estate, philanthropy, society and special events, travel & hospitality, food & wine, arts & culture, fashion, life & style, performing arts, and health & beauty. This is not even remotely related to the underlying antitrust litigation at issue. The sweeping scope of Bankrate's subpoena is overly broad and requires production of documents and correspondence relating to financial information that does not pertain in any way, shape or form to BanxCorp's antitrust litigation against Bankrate.

For the most part, Bankrate's Rule 45 subpoena to Panache is seeking palpably improper documents and irrelevant information that appear to fall outside the permissible scope of proper discovery under Fed.R.Civ.P. 26(b)(1). In addition, the burden or expense of the requested discovery materials outweighs its likely benefit [Fed. R. Civ. P. 26(b)(2)(C)]; and it requires disclosing a trade secret or other confidential research, development, or commercial information [Fed. R. Civ. P. 45(c)(3)(B)].

Notwithstanding, I am reiterating that Panache Privee Ltd. intends to provide additional responses to the subpoena next week, at which time I would be available for a meet and confer if necessary.

As set forth above, based on the foregoing and Bankrate's subsequent disclosures made in its November 18 Letter, Panache Privee Ltd. intends to file a Motion to Quash the Subpoena and for a Protective Order and Sanctions pursuant to Rule 45.

Respectfully submitted,

Mordechai I. Lipkis

cc:   Hon. Esther Salas, U.S.D.J. (*via ECF and FedEx*)
      All Counsel of Record (*via ECF*)