

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax  973 597 2533
sthompson@lowenstein.com

January 5, 2012

**VIA ECF**

Honorable Esther Salas
United States District Judge
District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    **BanxCorp v. Bankrate, Inc. ("Bankrate"), Civil Action No. 07-3398 (ES - CLW)**
           **BanxCorp v. LendingTree, LLC, Civil Action No. 10-2467 (ES - CLW)**

Dear Judge Salas:

I write to request that the Court schedule a conference as soon as possible in this case.

Last week, you entered an order dismissing BanxCorp's First Claim in its Fourth Amended Complaint (4AC) and giving BanxCorp leave to file a Fifth Amended Complaint in which you permitted BanxCorp to "amend its First Claim, and only its First Claim." Yesterday, plaintiff BanxCorp filed its Fifth Amended Complaint (5AC), in which it appears to have (1) abandoned all allegations of predatory price-fixing (the theory upon which its First Claim was premised, at least in the 4AC); (2) substantially revised its Second Claim; and (3) abandoned all allegations of predatory pricing, the only alleged anticompetitive conduct that has been in this case since 2007 when the original Complaint was filed.

With the apparent elimination of the predatory pricing and price-fixing allegations, it is not clear to us what conduct on the part of Bankrate is now at issue. BanxCorp clearly alleges that Bankrate endeavored to achieve monopoly status; however, we cannot tell from the 5AC what anticompetitive conduct Bankrate is alleged to have engaged in that would give rise to liability under Section 2 of the Sherman Act.

Moreover, it is not entirely clear that BanxCorp has in fact given up on its claims alleging predation. All predation-based claims have been removed from the 5AC, but there are still vague references to "artificially low" pricing. This term has no legal significance in antitrust law, but BanxCorp employs it in a way that raises some question as to what is intended.

When we first appeared before Your Honor on August 10, we informed you that we have had a very difficult time defending this case because we were often unsure of what exactly was being

Hon. Esther Salas, U.S.D.J.  January 5, 2012
Page 2

alleged. Invariably, as claims were defined with specificity, BanxCorp has been forced to drop or change them. The 5AC continues this pattern, as it apparently no longer contains allegations of predation. What is new about the 5AC is that we now are left with no identifiable cause of action under the antitrust laws.

We have spent untold hours in this case fighting claims that change or are dropped. For example, BanxCorp's predatory pricing allegation was -- while utterly frivolous -- recognizable. Thus, over the last few months, we have been working with an expert, at some expense, to demonstrate mathematically that Bankrate never priced any product below cost. While this exercise is straightforward and definitive, it nevertheless involves work. If, as it appears, BanxCorp has now dropped all allegations of pricing below cost, that work effort has been wasted. We are loathe to spend more time fighting spurious claims or claims that will change over time.

The allegations in the 5AC, as we read them, do not amount to any claim recognized as actionable under the antitrust laws. Rather than guess at what the theory of liability is, we would like to have BanxCorp define its current theory of liability with precision so that we can address it. Thus, we ask that the Court schedule a conference at the Court's earliest convenience at which BanxCorp should explain its latest theory or theories of liability.

We also ask that all defendants' time to move to dismiss or answer be extended until at least ten days after BanxCorp clarifies its claims. Finally, Judge Waldor has scheduled a multi-day deposition of Mr. Mehl beginning on January 23, and we ask that that deposition be adjourned until we have more clarity on the claims in this case.

Respectfully submitted,

R. Scott Thompson

Cc:   Mordechai Lipkis, Esq. (Email)
      Lawrence Hersh, Esq. (ECF)
      Kristen Renzulli, Esq. (Email)
      Daniel Brown, Esq. (ECF)

