**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

January 6, 2012

*Via ECF* and *Fax* 973-645-2469

Hon. Esther Salas, U.S.D.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *BanxCorp v. Bankrate, Inc.*, **Civ. No. 07-3398 (ES)(CLW)**
*BanxCorp v. LendingTree LLC*, **Civ. No. 10-2467 (ES)(CLW)**

Dear Judge Salas:

We write on behalf of Plaintiff BanxCorp in response to Defendant Bankrate counsel's letter dated January 5, 2012 (Doc. No. 301).

In its Fifth Amended Complaint (5AC) against Bankrate, Plaintiff only removed its predatory pricing allegations from its First Claim, but not from the Second Claim. The text of the Second Claim remained unchanged and specifically states as follows:

> 305. Bankrate has monopoly power in the market for Bank Rate Websites, having since 2003 captured and maintained a market share of approximately 95%.
>
> 306. Bankrate is maintaining and extending its monopoly power through the predatory and exclusionary conduct described above, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

Bankrate's predatory and exclusionary conduct is described throughout the 5AC. Merely by way of example, on page 22 of the 5AC there is an entire section pertaining to "Predatory Pricing" and "Recoupment." Defendant's suggestion that the 5AC no longer contains allegations of predation is baseless and a motion to dismiss would be frivolous. No new theories of liability have been added and no extension of time to answer should be granted.

Respectfully submitted,

Mordechai I. Lipkis

cc:   All Counsel of Record (*via ECF*)