

**Lowenstein Sandler**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax  973 597 2533
sthompson@lowenstein.com

February 27, 2012

**BY ECF**
Hon. Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:  *BanxCorp v. Bankrate, Inc.*, Civ. No. 07-3398 (ES-CLW)
*BanxCorp v. LendingTree, LLC*, Civ. No. 10-2467 (ES-CLW)

Dear Judge Waldor:

By letter dated February 13, 2012 counsel for BanxCorp asked Your Honor to order the deposition of Peter Morse, the Chairman of Bankrate's Board of Directors. Other than labeling Mr. Morse an "essential" witness, BanxCorp provided no justification for its request. In our letter dated February 16, 2012, we pointed out that this Court has ruled, on at least three separate occasions, that BanxCorp would have to show a compelling need for Mr. Morse's testimony, and that it had not even attempted to address the Court's directive.

In its latest letter dated February 22, 2012, BanxCorp does in seven pages what it was able to do in a single page on February 13 -- namely, ask that the Court order Mr. Morse's deposition without providing a shred of evidence that Mr. Morse has any information relevant to this case, let alone any unique knowledge of any fact at issue. BanxCorp does not address the legal authorities set forth in our letter, nor does it attempt to provide the Court with specific evidence demonstrating that Mr. Morse has any unique knowledge concerning any relevant issue. Instead, consistent with its *modus operandus* in this case, BanxCorp sets forth a list of documents (with accompanying generic mischaracterizations) and a list of issues, and then concludes -- without explanation -- that the lists satisfy the Court's demand that BanxCorp demonstrate a compelling need.

We address each aspect of the letter briefly.

**Mr. Morse's Use of a "morsepartners.com" Email Address**

As best we can make out, BanxCorp complains here that Bankrate has not adequately produced documents or that, if the document production was adequate, Mr. Morse has destroyed relevant documents. BanxCorp provides absolutely no evidence supporting these allegations, nor can it. Bankrate has fully complied with document requests calling for the production of Mr. Morse's

Hon. Cathy L. Waldor  February 27, 2012
Page 2

emails.  We will be happy to explain to the Court, in detail, the steps that were taken to search and produce relevant, responsive emails authored or received by Mr. Morse.  BanxCorp has not identified a single document that has not been produced, and it has set forth no reason why Mr. Morse should be deposed in connection with document production.  Mr. Morse's use of a "morsepartners.com" email address in connection with his duties as Chairman of the Board of Directors of Bankrate is irrelevant to any conceivable issue in this case.

**Mr. Morse's Emails Prove That His Knowledge of Facts at Issue is Derivative**

BanxCorp does not attempt to provide the Court with documentary support for its claim that Mr. Morse was "actively involved in all aspects of Bankrate's business at issue in this litigation." BanxCorp provides the Court with lists of documents that supposedly relate to various topics, but -- with one exception -- BanxCorp does not actually explain how any particular document shows Mr. Morse's "active" involvement in some contested issue of fact.[1]

The only documents that BanxCorp quotes from to illustrate Mr. Morse's alleged "active involvement" are emails sent by Thomas Evans to Mr. Morse updating him in the most general way about various topics.  For example, BanxCorp quotes from an email sent by Mr. Evans in 2005 in which it is clear that Mr. Morse was unaware that Bankrate had closed on an acquisition several days earlier.  That state of knowledge is utterly inconsistent with BanxCorp's allegation that he was "actively involved" in the transaction in particular or in Bankrate's day-to-day business in general.  It also demonstrates that Mr. Evans is the person from whom Mr. Morse obtained whatever information he ultimately did come to have.

**Most of the Issues Identified by BanxCorp as Potential Subjects of Mr. Morse's Deposition Have Nothing to do With This Case**

At pages five to seven of its most recent letter, BanxCorp lists 18 issues as to which it claims Mr. Morse has "unique or superior knowledge."  Of those 18 issues, 12 (4 through 8 and 10 through 16) are not even remotely related to any actual issue in this case.  Another three (9, 17 and 18) relate solely to compliance with document production responsibilities; BanxCorp has not made even the most minimal showing of any deficiency in Bankrate's or Morse Partners' document production, nor has it made any showing that Mr. Morse is in any way responsible for any aspect of document production.  Of the remaining three issues BanxCorp say it would ike to ask Mr. Morse about, two (1 and 3) appear to be squarely within the scope of knowledge of Elisabeth DeMarse, Bankrate's CEO prior to the hiring of Mr. Evans.  BanxCorp will depose Ms. DeMarse.

---

[1] In truth, even some of the topics identified by BanxCorp (such as "merger negotiations [in 1999] between Bankrate and BanxQuote," "negotiations with banks," and "partner traffic") do not involve contested issues in this case.

**Lowenstein Sandler**
ATTORNEYS AT LAW

Hon. Cathy L. Waldor  February 27, 2012
Page 3

The one topic identified by BanxCorp as to which Mr. Morse may have personal knowledge of facts is a meeting attended by Mr. Morse and Norbert Mehl of BanxCorp to discuss a possible combination between Bankrate and BanxCorp. But that meeting -- which is alleged to have taken place *in 1998* -- is completely irrelevant to the allegations in the Fifth Amended Complaint.

BanxCorp's request to depose Mr. Morse is a fishing expedition, and its list of the topics it wishes to inquire about removes all doubt on that score. BanxCorp has proffered no legitimate reason for a deposition of Mr. Morse, and it has offered no evidence demonstrating that Mr. Morse has unique or superior knowledge of any fact at issue in this case. BanxCorp's inability to provide the Court with evidence in support of its request is telling. Document and written discovery was completed some time ago; if evidence existed demonstrating Mr. Morse's unique or superior knowledge of facts at issue, BanxCorp would be able to produce that evidence for the Court. BanxCorp cannot make the showing required for a deposition of Mr. Morse, and Bankrate respectfully suggests that BanxCorp's request to depose Mr. Morse must be denied.

Respectfully submitted,

R. Scott Thompson

Enc.
Cc: All Counsel (Email)

