

**Lowenstein Sandler**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm
Tel  973 597 2532
Fax  973 597 2533
sthompson@lowenstein.com

May 15, 2012

**BY ECF**
Hon. Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:   *BanxCorp v. Bankrate, Inc.*, Civ. No. 07-3398 (ES-CLW)
              *BanxCorp v. LendingTree, LLC*, Civ. No. 10-2467 (ES-CLW)

Dear Judge Waldor:

I am writing in response to the letter submitted by counsel for BanxCorp seeking an order compelling Bankrate to produce its CEO, Thomas Evans, for a second day of deposition. Please accept this letter in lieu of more formal papers as the opposition of Bankrate to BanxCorp's motion to compel. BanxCorp has provided no justification for its request; moreover, it did not even use the time previously allotted to it for the deposition of Mr. Evans, despite Mr. Evans' availability. Its motion should be denied.

First, as set forth in my letter to the Court of May 11, 2012, Mr. Evans was available for deposition, at BanxCorp's request, from 9:00 a.m. until midnight on May 9, 2012. BanxCorp arrived for the deposition almost an hour late, began the deposition at 10:40 a.m., and left promptly at 5:30, refusing to make attempts to finish Mr. Evans' deposition on the day it was noticed. It was BanxCorp's own choice not to depose Mr. Evans for a full day on May 9; Mr. Evans should not be inconvenienced, and Bankrate should not have to pay for additional deposition time, simply because BanxCorp chose not to use the time it had requested.

Second, BanxCorp has presented no valid reason for continued deposition of Mr. Evans. BanxCorp claims generally that Mr. Evans' testimony was "characterized by multiple evasive answers, endless and improper objections, abusive interruptions by defense counsel, and impermissible instructions not to answer fundamental questions of fact," but characteristically does not provide a single example of any of these alleged misdeeds in support of its allegations. Mr. Evans was completely straightforward in his responses to all questions; while virtually every question was in fact objectionable, objections were, except in rare cases, limited to a two- or three-word description of one of the bases permitted under the federal rules (e.g., lack of foundation, calls for speculation, asked and answered, and the like); there were no abusive interruptions by defense counsel; and the only questions as to which the witness was instructed not to answer were questions that asked for expert or legal opinions lacking in essential

Hon. Cathy L. Waldor  May 15, 2012
Page 2

foundational elements (e.g., "did co-brand agreements increase or decrease competition?"; "is [certain language in a document] indicative of competition?").

BanxCorp's claim that Norbert Mehl of BanxCorp was required to appear on ten days for deposition is irrelevant. The first two days of Mr. Mehl's deposition was a sanction for his deliberate failure to produce responsive documents, including a complete failure to review or produce email correspondence. Similarly, his deposition on the merits was extended as a result of his failure to respond adequately to interrogatories. Although he appeared on six days for deposition by Bankrate, the days started late and ended early, and he was deposed by Bankrate for a total of approximately 24 hours, or just more than three days. Moreover, BanxCorp is the plaintiff, and Mr. Mehl is the main witness with knowledge of its claims.

BanxCorp has presented no reason for the continued deposition of Mr. Evans. We respectfully request that BanxCorp's motion to compel be denied. If Mr. Evans is required to reappear, we request that BanxCorp pay all costs incurred with such reappearance because it was BanxCorp's own conduct that caused it to run short of time on May 9.

Respectfully submitted,

R. Scott Thompson


Cc: All Counsel (ECF)

