# Law Offices of Kristen Renzulli, PC

31 Overlook Drive
Chappaqua, New York 10514
914.263.7703
914.238.9506 fax
kristen@renzullipc.com

May 16, 2012

*Via ECF and Fax 973-776-7865*

Hon. Cathy L. Waldor, U.S.M.J.
United States Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

      Re:    *BanxCorp v. Bankrate Inc.*, Civ. No. 07-3398 (ES)(CLW)
             *BanxCorp v. LendingTree, LLC*, Civ. No. 10-2467 (ES)(CLW)

Dear Judge Waldor:

      We write in further response to Defendant Bankrate's letters dated May 10, 2012 (via fax) and May 15, 2012 [Doc. No. 329], and ask that the Court compel the continued deposition of Bankrate's CEO, Thomas "Tom" Evans, for the reasons set forth below.

      Where, as here, a deposition entails examination of anticompetitive conduct spanning many years, and involves consideration of thousands of pages of written material, courts have held that the proper exercise of discretion under Rule 30(d)(1) is to extend the duration of a deposition beyond the 7 hour limit generally prescribed by the rule. *In re Intel Corp. Microprocessor Anti-trust Litigation*, No. 05-1717, 2008 WL 53377979 (D. Del. Dec. 18, 2008) (authorizing extended depositions in case where testimony spans events covering 8 years, and entails review of thousands of pages of material).

      Moreover, Defense counsel himself acknowledged that the first day of deposition of Mr. Evans on May 9 lasted only 5 and ½ hours and had to be adjourned at 5:45 pm because *the court reporter could not stay* until midnight. In any event, the first day of deposition of Mr. Evans was unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond or not respond; and when the witness actually responded, his testimony was characterized by multiple evasive answers. In sum, his first day of deposition resulted in less than two and a half hours of useful deposition time.

      The Federal Rules of Civil Procedure and case law instruct counsel and the parties on how to conduct themselves at a deposition. Rule 30(c)(1) and (2) state:

> (1) Examination and Cross-Examination. The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. . . .

> (2) Objections. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. *An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).* [emphasis added]

Fed. R. Civ. P. 30(c)(1) & (2). The Hon. Patty Schwartz aptly observed that

> [t]he underlying purpose of a deposition is to find out what a witness saw, heard, or did — what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness — not the lawyer — who is the witness. As an advocate, the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable and creative arguments of law. But the lawyer is not entitled to be creative with the facts. Rather, a lawyer must accept the facts as they develop.

*In Re: Neurontin Antitrust Litig.*, Nos. 1479, 02-1390(FSH) (D.N.J. Jan. 25, 2011) (citing *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993) As further noted by the *Neurontin* court "counsel should know that the purpose of a deposition is to find out what the witness thinks, that objections should be concise, non-argumentative, and non-suggestive, and hence that counsel should not (1) make speaking, coaching or suggestive objections; (2) coach or change the witness's own words to form a legally convenient record; (3) frustrate or impede the fair examination of a deponent during the deposition by, for example, making constant objections and unnecessary remarks; (4) make speaking objections such as "if you remember," "if you know," "don't guess," "you've answered the question," and "do you understand the question"; or (5) state that counsel does not understand the question. (internal citations omitted)

Notwithstanding, defense counsel turned the first day of deposition of Tom Evans from a question-and-answer conversation between the deposing lawyer and the witness into a classic example of how not to comply with Rule 30(c), continuously making improper objections that were contrary to the directive to state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2).

Hon. Cathy L. Waldor, U.S.M.J.
May 16, 2012
Page 3

Furthermore, Defense counsel's directions to Mr. Evans not to answer certain questions in violation of Rule 30(c)(2), were more disruptive than the objections. Once it becomes available, Plaintiff intends to submit a copy of the May 9 Evans deposition transcript for the Court's review, if necessary.

Therefore, we respectfully ask the Court that Defendant Bankrate be ordered to promptly produce Thomas Evans for his continued deposition at the Courthouse until completion; that the witness provide answers to all questions to which there have been an improper response or objection; and that the deponent and defense counsel be ordered to cease violating Rule 30 and be sanctioned accordingly.

Respectfully submitted,

Kristen Renzulli

cc: All Counsel (*via ECF*)