

**LOWENSTEIN**
**Sandler**

ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm

Tel  973 597 2532
Fax  973 597 2533

sthompson@lowenstein.com

May 29, 2012

**VIA ECF AND FEDEX**

Hon. Cathy L. Waldor, U.S.M.J.
United States District Court
District of New Jersey
M.L. King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:   ***BanxCorp v. Bankrate, Inc.***, Civ. No.  07-3398 (ES-CLW)
>       ***BanxCorp v. LendingTree, LLC***, Civ. No. 10-2467 (ES-CLW)

Dear Judge Waldor:

This firm represents defendant Bankrate, Inc. ("Bankrate") in the referenced action. I am writing in response to the letter to the Court from counsel for BanxCorp dated May 29, 2012. In that letter, BanxCorp makes it clear once and for all that it is either unwilling or unable to discuss the record in this case accurately.

**Allegedly Evasive Answers Regarding Keywords**

On the first page of BanxCorp's letter, BanxCorp complains that Thomas Evans, Bankrate's CEO, "avoided responding to certain specific questions" about topics such as Bankrate's use of search engine keywords, and cites to the transcript of Mr. Evans' deposition in order to "prove" its point. The excerpt it quotes, however, does not show Mr. Evans avoiding any question; instead, he testified that he did not have certain specific detailed information; he then gave the name of a person at Bankrate (Petra Bowman) who worked with keyword advertising. How BanxCorp can characterize this testimony as "avoiding responding" to a question is beyond us.

More importantly, immediately after the cited portion of transcript, Mr. Evans went on to explain in detail that (1) Bankrate does not have the information requested because it outsources all keyword purchasing and has done so since 2006, (2) that all purchases of keywords are directed by an algorithm, (3) that the algorithm *requires that keyword advertising result in at least 50% profit on all keywords purchased,* and (4) that Bankrate did not pay higher prices for keywords than it generated in revenue from those keywords. Evans Tr. 243:7 - 248:7. This testimony is unambiguous; it directly responded to the questions asked; and it is dispositive on BanxCorp's allegation that Bankrate attempted to drive up the price of keywords -- at a loss to itself -- in order to drive others out of business. BanxCorp's letter to the Court pretends that this testimony

---

Hon. Cathy L. Waldor                                                                 May 25, 2012
Page 2

was not given, even though it is transcribed beginning with the line immediately after the excerpt provided by BanxCorp.

**Allegedly Improper Instructions Not to Answer**

The next subject addressed by BanxCorp is its allegation that I improperly instructed Mr. Evans not to answer questions.  In 250 pages of testimony, BanxCorp identifies exactly five allegedly improper instructions.  However, the witness ignored the instruction and answered all questions asked concerning cartels; and, when the questions concerning competition between Bankrate and Bankaholic was reformulated to ask the witness for facts instead of legal conclusions or expert opinions, the witness answered the questions. Evans Tr. 34:4 - 37:3; 74:19 - 75:3.  The remaining two instructions were given because of counsel's steadfast refusal to formulate the questions in a way that did not seek legal or expert opinion or to define terms with precision, despite repeated requests. Evans Tr. 37:16 - 39:19; 78:1 - 17.

**Allegedly Evasive Answer Regarding Competition with Co-Brand Partners**

BanxCorp's complaints concerning Mr. Evans' testimony about its co-brand partners is laughable.  BanxCorp claims that Mr. Evans refused to respond to a question asking whether "Bankrate.com . . . compete[s[ with Bankrate's co-brand partner sites on the basis of pricing for internet rate listings," but the claim is simply not true.  Mr. Evans responded clearly and unequivocally that Bankrate's co-branding partners "don't provide their own internet rate listings or bank rate listings, so we're -- we're competing for an audience in -- in that regard.  We're competing for traffic."  Counsel then ignored that answer, and asked the exact same question 11 times in a row, ignoring the witness' repeated requests for clarification concerning what she meant by "on the basis of pricing" and what she meant by "compete".  This issue is purely one of BanxCorp's creation; counsel's refusal to define her terms was the sole cause of the problem.

As it has done at every turn in this case, BanxCorp has alleged extreme misconduct in connection with Mr. Evans' deposition, but it has no support for its allegations.  BanxCorp is utterly unable to identify any misconduct justifying the continued deposition of Mr. Evans. There is simply no basis for this Court to require Mr. Evans to be deposed for another day.

Respectfully submitted,

R. Scott Thompson

Cc: All Counsel (ECF)

**Lowenstein
Sandler**
ATTORNEYS AT LAW