# LAW OFFICES OF KRISTEN RENZULLI, PC

31 OVERLOOK DRIVE
CHAPPAQUA, NEW YORK 10514
914.263.7703
914.238.9506 FAX
kristen@renzullipc.com

June 4, 2012

*Via ECF and Fax (973-776-7865)*

Hon. Cathy L. Waldor, U.S.M.J.
United States Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

> **Re:**   ***BanxCorp v. Bankrate Inc.*, Civ. No. 07-3398 (ES)(CLW)**
> ***BanxCorp v. LendingTree, LLC,* Civ. No. 10-2467 (ES)(CLW)**

Dear Judge Waldor:

We write in response to a letter from Defendant Bankrate's counsel dated June 1, 2012 (Doc. No. 336) concerning BanxCorp's confidential communications with government antitrust law enforcement agencies.

This is a classic red herring and impermissible fishing expedition.[1] Bankrate's motion to compel is frivolous and should be denied for the reasons set forth below. In addition, Plaintiff BanxCorp seeks a protective order concerning its communications with antitrust law enforcement agencies.

To begin with, defense counsel himself contends that "BanxCorp's communications to government agencies ... were not prepared in anticipation of litigation; in fact, *any such documents are completely unrelated to litigating this lawsuit ... Documents and information disclosed to the government have nothing to do with this case.*" *See* Bankrate's June 1 letter, at page 2 (last paragraph), and page 3 (first paragraph)  For this reason alone, pursuant to Rule 26(b)(1), BanxCorp's communications with antitrust law enforcement agencies are beyond the scope of discovery in this litigation.

Nevertheless, Plaintiff's position is that these communications and that the documents at issue are protected under the work-product doctrine pursuant to Rule 26(b)(3).   These

---

[1] With respect to Bankrate's reference to its 1st Request for Production No. 60 for "all documents that refer or relate to the subject matter of the complaint" served on April 27, 2009, we note that Plaintiff had promptly objected to this request on the basis that it is overly broad, vague an ambiguous.  In addition, as a result of various conferences between the parties' counsel, this and many other requests were rendered moot and superseded by the Court's October 18, 2010 Supplemental Scheduling Order [Doc. No. 143].

Hon. Cathy L. Waldor, U.S.M.J.
June 4, 2012
Page 2

communications were at all times intended to be confidential and made in anticipation of litigation.

These communications were also made in anticipation of any such agency's possible assistance or aid by way of an amicus brief, or otherwise, at some point during current or anticipated litigation. As such, there has been no waiver of immunity. *See In re Ford Motor Co.,* 110 F.3d 954, 962 n.7 (3d Cir. 1997) (holding that the literal language of Rule 26(b)(3) requires that the material be prepared in anticipation of *some* litigation, not necessarily in anticipation of the *particular* litigation in which it is being sought). *See also, United Coal Co.* v. *Powell Constr. Co.,* 839 F.2d 958, 966 (3d Cir. 1988); *In re Cendant Corp. Securities Litig.,* 343 F.3d 658 (3d Cir. 2003).

Respectfully submitted,

Kristen Renzulli

cc:     All Counsel (*via ECF*)