

**Lowenstein Sandler**
ATTORNEYS AT LAW

R. Scott Thompson
Member of the Firm
Tel 973 597 2532
Fax 973 597 2533
sthompson@lowenstein.com

June 20, 2012

**BY ECF**
Hon. Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:   ***BanxCorp v. Bankrate, Inc.***, Civ. No. 07-3398 (ES-CLW)
             ***BanxCorp v. LendingTree, LLC***, Civ. No. 10-2467 (ES-CLW)

Dear Judge Waldor:

I enclose a proposed order memorializing the Court's rulings on discovery issues during the telephonic conference held on June 14, 2012.

Plaintiff BanxCorp made a number of objections to the original draft of this proposed order, and certain changes were made in response to some of those objections. BanxCorp's remaining objections are, in substance, as follows:

1.     BanxCorp objects to the language in the preamble stating that this order resolves all outstanding issues concerning discovery that had been raised by the parties.

2.     BanxCorp suggests that Bankrate should be required to report to the Court concerning its ability to retrieve information concerning prices paid for search engine keywords by June 29, 2012. BanxCorp also suggests stylistic changes in the description of the information that Bankrate is required to provide that appear to make the requirement less clear.

3.     BanxCorp wishes to limit the scope of Bankrate's request for the production of documents relating to communications between BanxCorp and governmental authorities to only *antitrust* authorities. The request made during Mr. Mehl's deposition was for documents relating to communications to or from "any governmental authority." Mehl Tr. 357:13-21 (copy of page enclosed).

4.     BanxCorp disagrees with the sequencing, scope, schedule, and consequences of expert reports in the proposed order. BanxCorp suggests:

        (a)    That it should serve an expert report first (on August 20);

Hon. Cathy L. Waldor                                                June 20, 2012
Page 2

(b) Bankrate and LendingTree should serve expert reports next (on September 20);

(c) Bankrate's report should be limited in scope to responding to any issues raised by BanxCorp;

(d) BanxCorp should then serve a report responding to LendingTree (on October 20);

(e) Depositions of experts should be completed by November 20; and

BanxCorp also objects to any language suggesting that parties shall be precluded from relying upon expert opinions in support of affirmative claims if they are not identified and supprted in affirmative reports.

Both Bankrate and LendingTree believe the enclosed proposed order reflects the Court's rulings during the conference call, and also believe that those rulings are appropriate and simply implement, with specificity, the requirements of the Federal Rules of Civil Procedure.

Respectfully submitted,

R. Scott Thompson


Cc: All Counsel (ECF)



# In The Matter Of:

*Banxcorp v.*

*Bankrate*

---

*Norbert Mehl*

*Vol. 3*

*January 25, 2012*

ORIGINAL

---

*Rizman Rappaport Dillon & Rose*

*66 W. Mt. Pleasant Ave.*

*Livingston, N.J. 07039*

*(973) 992-7650*

## Page 356

CONFIDENTIAL - Mehl - direct

1 the issues in the complaint, both of them.
2 Q  Was your contact with the
3 Association of the Attorneys General a written
4 contact, a verbal contact or both?
5 A  We may have sent the same e-mail
6 that we sent to the New York State Attorney
7 General to the national office and to other
8 Attorney Generals, but I remember having had one
9 telephone conversation with the National
10 Association of Attorney Generals.
11    The conversations were cryptic.
12 They don't reveal what they are planning to do
13 or what their intentions are. They just
14 listened to me. They said they would look into
15 it. Thank you. We will be in touch. Keep you
16 posted, et cetera, et cetera, or they suggested
17 to contact so and so and so and so.
18    In any event, at the time I
19 believe the deputy director of the Antitrust
20 Division in
21 New York, either the director or the deputy
22 director, was the acting president, I believe,
23 of the national association, at least with
24 respect to antitrust investigations.
25    Eventually we just felt it was

## Page 357

CONFIDENTIAL - Mehl - direct

1 sufficient with the contact that was made.
2 Q  When was the last contact
3 Banxcorp had with the Department of Justice?
4 A  It's probably about a year ago.
5 I'm guessing. Maybe less, but not very
6 recently.
7 Q  Was it in connection with a
8 response to your subpoena?
9 A  It was all in connection with the
10 same issues. I don't remember. The subpoena
11 and the complaint, it was all connected.
12 Q  Okay.
13    MR. THOMPSON: I believe all of
14 this -- all of these documents reflecting
15 communications with any governmental authority,
16 including the Powerpoint presentation that was
17 made to the New York Attorney General's office,
18 is called for by various document requests.
19    To the extent they are not, I'm
20 making a request that they be produced here. I
21 will follow up with a letter.
22    MS. RENZULLI: Okay.
23 Q  Mr. Mehl, you know, yesterday we
24 were talking about -- I'll give you a chance to
25 finish your note.

## Page 358

CONFIDENTIAL - Mehl - direct

1 A  Yes, go ahead.
2 Q  Are you all set?
3 A  Yes.
4 Q  By the way, did you do anything
5 to prepare yourself for your testimony today
6 since we were together yesterday afternoon until
7 four o'clock?
8 A  Not anything subsequent, no.
9 Q  Yesterday we were talking about
10 Banxcorp's allegation that Bankrate priced the
11 relevant product below some measure of cost.
12    Do you recall some discussion
13 about that?
14 A  Yes.
15 Q  And I believe you testified that
16 Banxcorp alleges that Bankrate priced the
17 relevant product below cost for some period of
18 time beginning in October 2005 until sometime in
19 2006.
20    Is that an accurate description
21 of Banxcorp's allegation?
22 A  Can you repeat the question?
23 Q  Well, I'll ask it generally. I
24 don't want to cover -- I'm going to draw an
25 objection asked and answered.

## Page 359

CONFIDENTIAL - Mehl - direct

1    I'm trying to figure out what
2 Banxcorp's allegation is about the time period
3 during which Banxcorp alleges that Bankrate
4 priced the relevant product below cost.
5 A  The period of 2005 to 2006 would
6 be a good example. I don't want to say -- to
7 limit myself to this is the only period.
8    At least that is the period that
9 it presents some issues which we believe --
10 during this period we believe we can make a
11 plausible case that the pricing was made by
12 Bankrate below, below cost.
13 Q  Well, what I'm asking you now is
14 to tell me all of the times during which
15 Banxcorp alleges that Bankrate priced the
16 relevant product below cost.
17    MS. RENZULLI: Objection.
18    We haven't completed discovery in
19 this case yet, but to the extent that you can
20 answer that, Norbert, go right ahead.
21 A  I would be guessing now. I don't
22 want to guess.
23    It's possible they priced below
24 cost even before that when they were charging a
25 flat fee.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP,<br><br>        Plaintiff,<br>vs.<br><br>BANKRATE, INC.<br><br>        Defendants. | Document Electronically Filed<br><br>Civil Action No. 07-3398 |
| BANXCORP, INC.<br><br>        Plaintiff,<br>vs.<br><br>LENDINGTREE, LLC,<br><br>        Defendant. | Civil Action No. 10-2467<br><br>**ORDER** |

The parties, through counsel, appeared before the Court by telephone on June 14, 2012 seeking resolution of all outstanding issues concerning discovery that had been raised by any of the parties. Giving full consideration to the lengthy submissions by counsel for the parties and argument of counsel on all of the outstanding issues

It is on this _____ day of June, 2012,

**ORDERED** that fact discovery in these consolidated cases shall be and is extended through and including July 20, 2012, in order to allow the parties to complete the discovery set forth in this Order. For all other purposes fact discovery is closed, and no new discovery requests not identified in this Order shall be permitted; it is further

20928/2
06/20/2012 **20848750.1**

**ORDERED** that plaintiff BanxCorp shall be permitted to take the deposition of Thomas Evans for one additional seven hour day within the time allowed for fact discovery by this Order; it is further

**ORDERED** that defendants shall be permitted to take the deposition of Diana Mehl for one seven hour day within the time allowed for fact discovery by this Order; it is further

**ORDERED** that defendant Bankrate shall report to the Court promptly (and, in any event, within the time allowed for fact discovery by this Order) concerning its ability to identify and produce a list of the highest cost paid for any search engine keyword in each calendar month from January 2006 through December 2007; it is further

**ORDERED** that plaintiff BanxCorp's application for permission to take the depositions of Peter Morse and Petra Bowman is denied; BanxCorp may renew its application to take the deposition of Ms. Bowman subject to its demonstration of good cause; it is further

**ORDERED** that plaintiff BanxCorp shall submit to the Court, *in camera*, copies of all documents reflecting or relating to communications between BanxCorp and any governmental authority concerning the defendant Bankrate no later than June 29, 2012; it is further

**ORDERED** that plaintiff BanxCorp and defendant Bankrate shall promptly submit to the Court a joint letter setting forth the parties' positions concerning the removal of Confidentiality or Attorneys' Eyes Only designations from Bankrate's Internet rate table cost-per-click price lists for the period of 2005 through 2009. No further submissions shall be permitted; it is further

**ORDERED** that Paragraphs 7 and 8 of the April 4, 2011 Pretrial Scheduling Order in Civil Action No. 10-2467 (made applicable to these consolidated cases by Order dated August 31, 2011 and, as amended by orders entered on June 29, 2011, November 14, 2011, and March 20, 2012, the "Pretrial Scheduling Order") are amended to provide that (1) expert reports

-3-

in support of affirmative claims in *BanxCorp v. Bankrate, Inc.* (no. 07-3398) shall be served on or before August 20, 2012, and that parties shall not be permitted to rely upon expert opinions to establish or support any element or aspect of any affirmative claim (either in connection with a motion for summary judgment or at trial) unless each such opinion is identified and supported in the expert reports served on or before August 20, 2012; (2) expert reports responding to issues raised by the affirmative reports served in *BanxCorp v. Bankrate, Inc.* (no. 07-3398) shall be served on or before September 20, 2012;   (3) LendingTree LLC shall serve an expert report in *BanxCorp v. LendingTree, LLC* (no. 10-2467) on or before October 20, 2012; (4) plaintiff shall serve any report responding to the expert report served by LendingTree on or before November 20, 2012; and (5) depositions of experts shall be completed by December 20, 2012.  No party shall be allowed to rely upon any expert opinion to establish or support any element or aspect of any affirmative claim (either in connection with a motion for summary judgment or at trial) if that opinion is expressed for the first time in a report served in response to another report.

 

———————————————
Hon. Cathy L. Waldor, U.S.M.J.