### MORDECHAI I. LIPKIS, ESQ.

350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

June 20, 2012

*Via ECF & Fax 973-776-7865*

Hon. Cathy L. Waldor, U.S.M.J.
United States Court for the District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:   *BanxCorp v. Bankrate Inc*., Civ. No. 07-3398 (ES)(CLW)
>        *BanxCorp v. LendingTree, LLC,* Civ. No. 10-2467 (ES-CLW)

Dear Judge Waldor:

I am writing on behalf of plaintiff BanxCorp in response to today's letter and proposed discovery order filed by counsel for Defendant Bankrate [Doc. No. 341].

I concur with my co-counsel Kristen Renzulli's objections, which were referred to in defense counsel's letter, and am enclosing for the Court's consideration a redlined and edited draft of our proposed order, for the reasons set forth below.

We are particularly troubled by the unfairness of defense counsel's proposed sequencing, scope, schedule, and consequences of expert reports. Defendants have no right to include or impose any limitations or obligations on BanxCorp with respect to expert reports greater than those imposed by Rule 26 or any other Federal Rule of Civil Procedure. For example, if Defendants have it their way, BanxCorp would be prevented from providing or relying upon supplemental expert disclosures, as provided under Rules 26(a)(2)(E) and 26(e).

Bankrate's self-serving advocacy and suggested restrictive language (see proposed order at page 3, lines 2-5 and last paragraph) have no place in a discovery scheduling order, and would be highly prejudicial to Plaintiff.

We note further that while discovery is shortly coming to a close, Bankrate failed to serve an Answer or Affirmative Defenses to the Fifth Amended Complaint.[1] As such, Bankrate should be barred from filing an untimely Answer or Affirmative Defenses, particularly after the close of discovery, and arguably waived among other things its right to serve affirmative expert reports.

---

[1] With respect to the rules governing the timing of an Answer to an Amended Complaint, we rely on the Federal Circuit's authority in *General Mills, Inc. v. Kraft Foods Global, Inc.,* 495 F.3d 1378 (Fed.Cir.2007) (holding that the tolling provision of Rule 12(a)(4)(A) never applies to responses to amended pleadings) (copy of opinion enclosed).

Hon. Cathy L. Waldor, U.S.M.J.
June 20, 2012
Page 2

       As previously explained by Ms. Renzulli and Mr. Mehl to the Court, the scheduling order filed on March 20, 2012 currently in effect, "which has been approved by counsel for all parties," clearly sets forth the expert report sequencing and was submitted by none other than LendingTree's counsel. (See Doc. Nos. 319, 319-1, and 320). This same sequencing schedule, without any restrictions as to scope or otherwise, has remained in effect for more than a year. Therefore, there is no justification for Defendants to raise the issue of expert report sequencing, scope and scheduling again and again by insisting that LendingTree should be now permitted to serve an affirmative expert report in its own action, *after* BanxCorp serves its expert reports in the Bankrate action. The parties are bound by previous written agreements between counsel, as ruled by Judge Salas during a conference held on August 10, 2011, in which she stated that, "I certainly don't want to see it raised before Judge Waldor if, indeed, there's documented evidence that it was agreed upon, Counsel. Do I make myself clear?" Transcript of Proceedings, August 10, 2011, at 10:2-4.

       Defendants should not be allowed to have it both ways. On the one hand LendingTree wants to prevent BanxCorp from relying on its affirmative expert reports served in the Bankrate action to support any affirmative claim in the LendingTree action. On the other hand, LendingTree keeps insisting that it should be allowed to serve an affirmative expert report, first *30* days, and now even *60* days after all affirmative and responding reports are served in the Bankrate action, thereby substantially prolonging the completion of expert discovery.

       We also note that LendingTree's Answer filed on March 7, 2011 (Civ. No. 10-2467, Doc. No. 99) asserts only three Affirmative Defenses. The first two boilerplate defenses (failure to state a claim, and lack of standing) are moot because they involve legal issues which do not require an expert report, and were already ruled upon by the Court in Plaintiff's favor. The third affirmative defense (failure to plead a cognizable relevant market) is also pointless, since there is unequivocal evidence on the record proving the existence of the relevant market and a horizontal price-fixing agreement between Bankrate and LendingTree, which would render any relevant market expert defense report immaterial to the outcome of the LendingTree litigation.

       Finally, please be advised that the parties have agreed to schedule the second day of deposition of Bankrate's CEO Thomas Evans at the Courthouse on June 28 at 9:00 am.

       Respectfully submitted,

       Mordechai I. Lipkis

Encls.

cc:    Hon. Esther Salas, U.S.D.J. (*via ECF and Fax*)
       All Counsel (*via ECF*)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP,<br><br>     Plaintiff,<br><br>vs.<br><br>BANKRATE, INC.<br><br>     Defendants. | Document Electronically Filed<br><br>Civil Action No. 07-3398 |
| BANXCORP, INC.<br><br>     Plaintiff,<br><br>vs.<br><br>LENDINGTREE, LLC,<br><br>     Defendant. | Civil Action No. 10-2467<br><br>**ORDER** |

The parties, through counsel, appeared before the Court by telephone on June 14, 2012 seeking resolution of all outstanding issues concerning discovery that had been raised by any of the parties. Giving full consideration to the lengthy submissions by counsel for the parties and argument of counsel on all of the outstanding issues

It is on this _____ day of June, 2012,

**ORDERED** that fact discovery in these consolidated cases shall be and is extended through and including July 20, 2012, in order to allow the parties to complete the discovery set forth in this Order. For all other purposes fact discovery is closed, and no new discovery requests not identified in this Order shall be permitted; it is further

**ORDERED** that plaintiff BanxCorp shall be permitted to take the deposition of Thomas Evans for one additional seven hour day within the time allowed for fact discovery by this Order; it is further

**ORDERED** that defendants shall be permitted to take the deposition of Diana Mehl for one seven hour day within the time allowed for fact discovery by this Order; it is further

**ORDERED** that defendant Bankrate shall report to the Court promptly (~~and, in any event,~~ within the time allowed for fact discovery by this Order) concerning its ability to identify and produce a list of the highest cost paid for any search engine keyword in each calendar month from January 2006 through December 2007; it is further

**ORDERED** that plaintiff BanxCorp's application for permission to take the depositions of Peter Morse and Petra Bowman is denied; BanxCorp may renew its application to take the deposition of Ms. Bowman subject to its demonstration of good cause; it is further

**ORDERED** that plaintiff BanxCorp shall submit to the Court, *in camera*, copies of all documents reflecting or relating to communications between BanxCorp and any governmental authority concerning the defendant Bankrate no later than June 29, 2012; it is further

**ORDERED** that plaintiff BanxCorp and defendant Bankrate shall promptly submit to the Court a joint letter setting forth the parties' positions concerning the removal of Confidentiality or Attorneys' Eyes Only designations from Bankrate's Internet rate table cost-per-click price lists for the period of 2005 through 2009. No further submissions shall be permitted; it is further

**ORDERED** that Paragraphs 7 and 8 of the April 4, 2011 Pretrial Scheduling Order in Civil Action No. 10-2467 (made applicable to these consolidated cases by Order dated August 31, 2011 and, as amended by orders entered on June 29, 2011, November 14, 2011, and March 20, 2012, the "Pretrial Scheduling Order") are amended to provide that (1) expert reports

-2-

in support of affirmative claims in *BanxCorp v. Bankrate, Inc.* (no. 07-3398) shall be served on or before August 20, 2012~~, and that parties shall not be permitted to rely upon expert opinions to establish or support any element or aspect of any affirmative claim (either in connection with a motion for summary judgment or at trial) unless each such opinion is identified and supported in the expert reports served on or before August 20, 2012~~; (2) expert reports responding to issues raised by the affirmative reports served in *BanxCorp v. Bankrate, Inc.* (no. 07-3398) shall be served on or before September 20, 2012;   (3) LendingTree LLC shall serve an expert report in

*BanxCorp v. LendingTree, LLC* (no. 10-2467) on or before ~~October~~ September 20, 2012; (4) plaintiff shall serve any report responding to the expert report served by LendingTree on or before ~~November~~ October 20, 2012; and (5) depositions of experts shall be completed by ~~December~~ November 20, 2012.  ~~No party shall be allowed to rely upon any expert opinion to establish or support any element or aspect of any affirmative claim (either in connection with a motion for summary judgment or at trial) if that opinion is expressed for the first time in a report served in response to another report.~~

_____

Hon. Cathy L. Waldor, U.S.M.J.

(2007)

## GENERAL MILLS, INC., Plaintiff-Appellant,

### v.

## KRAFT FOODS GLOBAL, INC. Defendant-Cross Appellant.

2006-1569, 2006-1606.

### United States Court of Appeals, Federal Circuit.

Decided: July 31, 2007.

Ronald J. Schutz, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, Minnesota, argued for plaintiff-appellant. With him on the brief was, David P. Swenson, Sang Young A. Brodie, and David B. Zucco.

Holly A. Harrison, Sidley Austin LLP, of Chicago, Illinois, argued for defendant cross-appellant. With her on the brief was Julie K. Potter. Of counsel on the brief was Tara C. Norgard, Carlson Caspers Vandenburg & Lindquist P.A., of Minneapolis, Minnesota.

Before BRYSON, Circuit Judge, CLEVENGER, Senior Circuit Judge, and LINN, Circuit Judge.

# ON PETITION FOR REHEARING

LINN, Circuit Judge.

In our initial opinion in this case, we affirmed the district court's decision that Kraft Foods Global, Inc. ("Kraft") did not have a counterclaim pending at the time judgment was entered. General Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368 (Fed. Cir. 2007). Although Kraft asserted a counterclaim against General Mills, Inc. ("General Mills") in response to the original complaint in this case, General Mills subsequently filed an amended complaint, which Kraft successfully moved to dismiss. We held that under these circumstances, Kraft's filing of its motion to dismiss did not toll its deadline to answer the amended complaint and reassert its counterclaim. Accordingly, we concluded that the district court did not abuse its discretion in refusing to permit Kraft to reassert the counterclaim after the motion to dismiss was granted. Kraft now petitions for rehearing, arguing that we have misapprehended Rule 12 of the Federal Rules of Civil Procedure. For the reasons that follow, we reaffirm our original holding, with certain clarifications.

Kraft argues in its petition that our decision undermines the "clearly expressed intent" of Rule 12—to permit certain defenses, including failure to state a claim upon which relief can be granted, to be raised by motion instead of in a responsive pleading. However, "[t]he Federal Rules should be given their plain meaning." Walker v. Armco Steel Corp., 446 U.S. 740, 750 n.9 (1978). Here, where the meaning of Rule 12 is unambiguous, we decline to ignore the text of the rule in service of a purported purpose.

As we previously explained, Rule 12(a)(4) by its express terms only alters "these periods of time" (emphasis added), where "these periods" can only refer to the periods of time enumerated immediately before, in Rule 12(a)(1)—(3): 20 days after service of a summons and complaint (Rule 12(a)(1)(A)); 60 or 90 days after a request for waiver of process is sent (Rule 12(a)(1)(B)); 20 days after service of a cross-claim or counterclaim (Rule 12(a)(2)); and 60 days after service of a pleading on the United States or its agencies, officers, or employees (Rule 12(a)(3)). The period of time to answer an amended complaint is not only missing from this list of affected periods, but it is, in the relevant circumstances, of a different length: "10 days after service of the amended pleading." See Fed. R. Civ. P. 15(a). The language of the rule is unambiguous: Rule 12(a)(4) does not extend the time for filing an answer to an amended complaint when "the time remaining for response to the original pleading" has elapsed. See id.

Our holding is narrower than Kraft's petition suggests. We did not and do not hold that the tolling provision of Rule 12(a)(4)(A) never applies to responses to amended pleadings. This is because Rule 15(a), which sets the deadline for answering an amended pleading, has two prongs: "A party shall plead in response to an amended pleading [(1)] within the time remaining for response to the original pleading or [(2)] within 10 days after service of the amended pleading, whichever period may be the longer." Id. (emphasis added). Ordinarily, "the time remaining for response to the original pleading" will be defined by one of the periods of time enumerated in Rule 12(a) and tolled by Rule 12(a)(4)(A). Thus, when there is "time remaining for response to the original pleading"—for example, when a plaintiff amends her complaint as a matter of right before serving the defendant or before the defendant answers—the first prong of Rule 15(a) (which refers to a deadline that is tolled by Rule 12(a)(4)(A)) becomes the longer of the two prongs, and the extended deadline of Rule 12(a)(4) controls.

None of the cases that Kraft cites are inconsistent with our interpretation of the rule. Many of those cases involve situations in which Rule 12(a)(4)(A) would toll the deadline for answering under our interpretation of the rules. E.g., <u>Wolflake Terminals, Inc. v. Mut. Marine Ins. Co., 433 F. Supp. 2d 933 (N.D. Ind. 2005)</u> (original complaint never answered, and motion to dismiss pending when amended complaint filed; thus, there was "time remaining for response to the original pleading" when the amended complaint was filed, and Rule 12(a)(4)(A) tolled the deadline to respond); <u>Pinnacle Sys., Inc. v. XOS Tech., Inc., No. 02-CV-3804, 2003 WL 21397845 (N.D. Cal. May 19, 2003)</u> (same); see also Olsen v. Hayes, No. 99-16815, 2000 U.S. App. LEXIS 8653, at *2 (9th Cir. Jan. 28, 2000) (unpublished) (defendants never served with original complaint; thus, the Rule 12(a)(1)(A) deadline to respond to an original summons and complaint applied). Other cases that Kraft cites do not address the scenario in this case and do not contradict our holding. E.g., <u>Moomchi v. Univ. of N.M., 72 F.3d 138</u> (table), 1995 WL 736292, 1995 U.S. App. LEXIS 34614, at *1 (10th Cir. Dec. 8, 1995) (unpublished) (affirming district court's decision not to enter default judgment against defendants who had responded to second amended complaint by motion instead of answer, where second amended complaint was ultimately stricken; no holding as to deadline to file that second amended complaint); Peters v. Astrazeneca LP, No. 05-CV-649, 2006 WL 1279058 (W.D. Wis. Apr. 24, 2006) (order) (original complaint never answered, so Rule 12(a)(4)(A) would have tolled the deadline—but the deadline to answer the amended complaint was established by order of the transferor court prior to transfer for lack of venue, rather than by Rule 12, see Peters v. Brennan, No. 05-CV-787, slip op. at 2 (E.D. Wis. Nov. 3, 2005) (Dckt. No. 25)).

It is only when the deadline for answering the original complaint has lapsed—and thus when a defendant has either answered or become subject to entry of default—that the fixed period of 10 days in Rule 15(a)'s second prong determines the deadline for answering an amended pleading. In such situations, an extension of time to answer will frequently be unnecessary. The original complaint in such a situation will have survived an opportunity to be challenged on its face; discovery may be underway; and filing a second answer, repleading the same defenses as a first answer, may not be burdensome. Sometimes, however, a party such as Kraft may find itself with a potentially meritorious Rule 12(b) defense to an amended complaint that it could not have raised by an earlier Rule 12(b) motion. Here, the contract upon which Kraft's motion to dismiss was based was included as an exhibit to the amended complaint, but not to the initial complaint. See <u>General Mills, 487 F.3d at 1372</u>. In other situations, an amended complaint may include wholly new claims.

In such cases, the defendant has several options. It may simply file a Rule 12(b) motion and then answer before the deadline. It may assert its defense in the answer itself, see Fed. R. Civ. P. 12(b) ("[T]he following defenses may at the option of the pleader be made by motion . . . ." (emphasis added)), optionally seeking judgment on the pleadings under Rule 12(c) or summary judgment under Rule 56. Or it may seek an extension of time from the district court. Rule 15(a) permits a district court to "otherwise order[]" a different deadline for responding to an amended complaint, and where a party may be prejudiced by being forced to answer an amended complaint that the party also moves to dismiss, we expect that most district courts would otherwise order a different deadline on the party's motion. Cf., e.g., Hortsman v. Cantu, No. 2:04-CV-1644, 2007 WL 164162, at *6 (E.D. Cal. Jan 18, 2007) (ordering answer to amended complaint "within the time provided by Rule 12(a)(4)(A)" upon denial of motion to dismiss amended complaint).

One further aspect of Kraft's petition for rehearing bears discussion. Kraft challenges our characterization that it "abandoned" its counterclaim by missing the deadline for filing an amended answer. We agree that the district court did not go so far, holding only that "Kraft did not have a counterclaim pending when judgment was entered." General Mills, Inc. v. Kraft Foods Global, Inc., No. 05-CV-1253, slip op. at 2 (D. Minn. July 5, 2006) (Dckt. No. 114). (The "abandoned" language comes from <u>Johnson v. Berry, 228 F. Supp. 2d 1071, 1079 (E.D. Mo. 2002)</u>, which the district court quoted in a "cf." citation but did not adopt.) Accordingly, we amend our original opinion as follows: On page 1, the phrases "having been abandoned" and "to have been abandoned" are hereby replaced with "no longer having been pending" and "to no longer have been pending," respectively. On page 13, the phrase "Kraft had abandoned its counterclaim" is hereby replaced with "Kraft did not have a counterclaim pending when judgment was entered."

The petition for rehearing is granted for the purpose of amending and clarifying our initial opinion as set forth above. In all other respects, the petition is denied.