**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

*Via ECF and Fax*

August 10, 2012

Hon. Kevin McNulty, U.S.D.J.
Hon. Esther Salas, U.S.D.J.
United States Court for the District of New Jersey
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:   ***BanxCorp v. Bankrate Inc*., Civ. No. 07-3398 (KM)(CLW)**
>        ***BanxCorp v. LendingTree, LLC,* Civ. No. 10-2467 (ES)(CLW)**

Dear Judge McNulty and Judge Salas:

We write on behalf of Plaintiff BanxCorp in response to Defendant Bankrate's Motion for Reconsideration filed on August 8, 2012 (Doc. No. 355) (the "MFR") directed at a now-superseded Fifth Amended Complaint ("5AC") and defense counsel's letter dated August 9, 2012 (Doc. No. 356) requesting leave to file yet another motion to dismiss a portion of the Sixth Amended Complaint ("6AC") [1] by September 7, 2012. Plaintiff's Opposition to the MFR is currently due on August 21. We further write to clarify the status of the Pretrial Scheduling Order governing the actions against Bankrate and LendingTree, which have been consolidated for discovery purposes by Order dated July 11, 2011 (Doc. No. 259).

### A. The Pretrial Scheduling Order Governing the Consolidated Actions

Proceedings in the consolidated actions are currently governed by the April 4, 2011 Pretrial Scheduling Order in Civ. No. 10-2467 (*LendingTree* Doc. No. 112) (made applicable to these consolidated cases by Order dated August 31, 2011 [Doc. No. 280] and, as amended by Orders entered on June 29, 2011, November 14, 2011, and March 20, 2012, the "Pretrial Scheduling Order").

The Pretrial Scheduling Order is divided into the following four sections: (I) Discovery and Motion Practice; (II) Experts; (III) Final Pretrial Conference; and (IV) Miscellaneous.

Paragraphs 5 and 6 under section (I) of the Pretrial Scheduling Order have never been amended, and state as follows:

> 5. Other than as set forth in paragraph 6, no motions shall be filed without leave of Court. If a party wishes to file a motion, he or she should write a letter to

---
[1] The contents of the 6AC are the same as in the 5AC, except for paragraphs 228-230.

Hon. Kevin McNulty, U.S.D.J.
Hon. Esther Salas, U.S.D.J.
August 10, 2012
Page 2

>  the Magistrate Judge explaining the basis of the motion and the Court will advise as to how to proceed. Discovery disputes shall be raised in the first instance by letter to the Court, efiled with a copy to chambers.
>
> 6. Dispositive motions shall not be filed until thirty (30) days after the close of Discovery. Failure to file dispositive motions within that time frame shall result in their dismissal as untimely.

According to Paragraph 22 of the Pretrial Scheduling Order, **"FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37."** [Emphasis in original]

Fact discovery has been closed since July 16, 2012.[2] Nonetheless, Defendant Bankrate keeps filing dispositive motions without leave, prior to the 30-day post-discovery deadline set by the Court.

### B. Bankrate's Duplicative Dispositive Motions Filed Without Leave of Court

Bankrate should not be permitted to file these senseless and duplicative dispositive motions which are part of an old playbook. For example, we refer to defense counsel's letter to the Hon. Susan D. Wigenton, U.S.D.J. dated November 18, 2009 (Doc. No. 94), seeking "the Court's permission to withdraw Bankrate's [] motion for reconsideration of the Court's September 14, 2009 Order because that motion [was] directed at a now-superseded Second Amended Complaint, and because the arguments made in that motion [we]re included in Bankrate's [] motion to dismiss the Third Amended Complaint … Thus, [Bankrate] believe[s] that the motion for reconsideration is either moot -- in light of the filing of the Third Amended Complaint -- or duplicative of part of the pending motion to dismiss the Third Amended Complaint."

In her September 14, 2009 Opinion (Doc. No. 75), Judge Wigenton found that the § 1 price-fixing claim in Plaintiff's Second Amended Complaint was adequately pleaded. On July 13, 2010 Judge Wigenton held during oral argument that the Third Amended Complaint was sufficiently and adequately pleaded, stating as follows: "I think it's certainly sufficiently pled as it relates to the price fixing claim. As I said before, this is a pleadings issue at this point. The Court is not going to delve into the arguments that would be appropriate for summary judgment purposes at this juncture ... I want to tell counsel, do not file a motion for reconsideration." (July 13, 2010 Hrg' Tr. 15:19-20). *See* Order dated July 13, 2010 (Doc. No. 121) denying Bankrate's Motion to dismiss the Third Amended Complaint.

We further note that in BanxCorp's related action against *LendingTree* the Court ruled that, "BanxCorp's status as a competitor does not preclude it from having standing. If anything, its status bolsters its claim that it has antitrust standing." *BanxCorp v. LendingTree LLC*, Civ.

---

[2] Certain documents related to Bankrate's 2006-2007 daily search engine keyword bid prices and rate table cost-per-click ("CPC") performance reports, and Bankrate's CPC price increases from 2009 to the present, which were disclosed by Bankrate's CEO Tom Evans during his May 9, 2012 and June 28, 2012 depositions, are still pending.

Hon. Kevin McNulty, U.S.D.J.
Hon. Esther Salas, U.S.D.J.
August 10, 2012
Page 3

No. 10-2467-SDW-MCA (D.N.J. Feb. 7, 2011) (citing *W. Penn Allegheny Health Sys. v. UMPC*, 627 F.3d 85, 102 (3d Cir. 2010); *Carpet Grp. Int'l v. Oriental Importers Ass'n*, 227 F.3d 62, 77 (3d Cir. 2000)).

In *LendingTree* the specific anti-competitive practices asserted include: "per se horizontal market division and customer allocation agreements, and per se horizontal price fixing agreements with one or more competitors." The same anti-competitive practices related to LendingTree are asserted in the complaint against Bankrate, and Bankrate has not challenged them. In her July 7, 2008 Opinion in *Bankrate* (Doc. No. 20), Judge Wigenton found that the LendingTree-related pleadings were adequate.

Based on the foregoing, Bankrate's moot motion for reconsideration related to the 5AC on the grounds of lack of standing vis-à-vis the § 1 claims, and its proposed motion to dismiss the 6AC are frivolous.

### C.  Bankrate's Failure to Answer Amended Complaints Since April 1, 2011.

There is no justification for Bankrate to be permitted to delay its answer to the 6AC, which is due on August 20, 2012.  *See* Fed. R. Civ. P. 15(a)(3); *see also General Mills, Inc. v. Kraft Foods Global, Inc.,* 495 F.3d 1378 (Fed. Cir. 2007) (holding that the tolling provision of Rule 12(a)(4)(A) never applies to responses to amended pleadings). Bankrate has been technically in default, and has not provided any legal basis for its failure to serve a timely answer to either the Fourth or Fifth Amended Complaint and prior to the close of discovery, although this issue has been raised repeatedly.

### D.  Summary Judgment Motions

Plaintiff intends to cross-move for summary judgment against Bankrate, and intends to move separately for summary judgment against LendingTree pursuant to paragraph 6 of the Pretrial Scheduling Order.

Defendant Bankrate's dilatory conduct and violations of Court Orders have caused significant prejudice to BanxCorp, and should be prevented and sanctioned accordingly.

Respectfully submitted,

Mordechai I. Lipkis

cc:   Hon. Cathy L. Waldor, U.S.M.J. (*via ECF and fax*)
      All Counsel (*via ECF*)