UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BANXCORP,

                Plaintiff,

       v.

BANKRATE, INC.,

              Defendant.

Civil Action No. 07-3398
Hon. Kevin McNulty, U.S.D.J.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT BANKRATE'S MOTION FOR RECONSIDERATION
PURSUANT TO LOCAL CIVIL RULE 7.1(i)**

---

## <u>TABLE OF CONTENTS</u>

**ARGUMENT** ................................................................................................**1**

  1.  Legal Standard ............................................................................1

  2.  Bankrate's Motion is Moot, as it was Directed at a Superseded 5AC ............2

  3.  The Court Previously Held that BanxCorp has Antitrust Standing
      to Bring a § 1 Claim Because of its Status as a Competitor ............................2

  4.  The Court Did Not Err in Reaffirming that BanxCorp has Standing..............4

**CONCLUSION**................................................................................................**7**

# TABLE OF AUTHORITIES

## Cases

*BanxCorp v. LendingTree LLC*
Civ. No. 10-2467-SDW-MCA (D.N.J. Feb. 7, 2011) ...........................................3

*Carpet Grp. Int'l v. Oriental Importers Ass'n*
227 F.3d 62, 77 (3d Cir. 2000) .........................................................................3

*City of Pittsburgh v. West Penn Power Co.*
147 F.3d 256, 264-65 (3rd Cir.1998) ................................................................5

*Eisai Inc. v. Sanofi-Aventis US, LLC*
Civ. No. 08-4168 (MLC) (D.N.J. 2010) .............................................................5

*Fricke-Parks Press, Inc. v. Fang*
149 F.Supp.2d 1175, 1180 (N.D. Cal. 2001) .....................................................6

*P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.*
161 F. Supp. 2d 349, 352 (D.N.J. 2001) ...........................................................1

*Palmer v. BRG of Ga., Inc.*
498 U.S. 46, 47, 49 (1990) ...........................................................................4, 5

*S.C. ex ReI. C.C. v. Deptford Twp B. of Educ.*
248 F. Supp. 2d 368, 381 (D.N.J. 2003) ...........................................................1

*Schuylkill Stone Corp. v. State Automobile Mutual Ins. Co.*
Civ. No. 09-5812(NLH)(AMD) (D.N.J. 2011) ...................................................1

*United States v. Topco Associates, Inc.*
405 U. S. 596 (1972) ......................................................................................5

*W. Penn Allegheny Health Sys. v. UMPC*
627 F.3d 85, 102 (3d Cir. 2010) ......................................................................3

*ZF Meritor LLC v. Eaton Corp.*
800 F. Supp. 2d 633 (D.Del. 2011) ..................................................................1

Plaintiff BanxCorp ("BanxCorp" or "Plaintiff") respectfully submits this brief in opposition to Defendant Bankrate Inc. ("Defendant" or "Bankrate")'s August 8, 2012 Motion for Reconsideration ("the Motion") [Doc. No. 355-1] of Section III.B.3 of the Court's July 30, 2012 Opinion (the "Opinion") [Doc. No. 351], pertaining to the issue of Plaintiff's standing to bring its market division/customer allocation claim under § 1 of the Sherman Act, except as it pertains to Bankrate's agreements with LendingTree.

## ARGUMENT

### 1. Legal Standard

A motion for reargument is not properly premised on a request that a court rethink a decision already made. *ZF Meritor LLC v. Eaton Corp*., 800 F. Supp. 2d 633 (D.Del. 2011)(internal citation omitted). The Motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. *P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.,* 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "[M]ere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, and should be dealt with through the normal appellate process." *Schuylkill Stone Corp. v. State Automobile Mutual Ins. Co.,* Civ. No. 09-5812(NLH)(AMD) (D.N.J. 2011)(citing *S.C. ex ReI.* C.C. *v. Deptford Twp B. of Educ.,* 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

**2.  Bankrate's Motion is Moot, as it was Directed at a Superseded 5AC**

In August 6, 2012 Plaintiff filed its Sixth Amended Complaint ("6AC") with leave of Court, and only amended paragraphs 228-230 [Doc. No. 354]. Bankrate's Motion related to the Fifth Amended Complaint ("5AC") filed afterwards is moot and should be stricken or denied for the reasons set forth below.

Bankrate's Motion is part of an old playbook. For example, reference is made to defense counsel's letter to the Hon. Susan D. Wigenton, U.S.D.J. dated November 18, 2009 [Doc. No. 94], seeking "the Court's permission to withdraw Bankrate's [] motion for reconsideration of the Court's September 14, 2009 Order because that motion [was] directed at a now-superseded Second Amended Complaint, and because the arguments made in that motion [we]re included in Bankrate's [] motion to dismiss the Third Amended Complaint … Thus, [Bankrate] believe[s] that the motion for reconsideration is either moot -- in light of the filing of the Third Amended Complaint -- or duplicative of part of the pending motion to dismiss the Third Amended Complaint." A copy of the letter from Bankrate's counsel to Jude Wigenton dated November 18, 2009 is attached as <u>Exhibit 1</u>.

**3.  The Court Previously Held that BanxCorp has Antitrust Standing
      to Bring a § 1 Claim Because of its Status as a Competitor**

In the July 30, 2012 Opinion Judge Salas recognized that "in her September 14, 2009 Opinion, Judge Wigenton found that the § 1 price-fixing claim in Plaintiff's Second Amended Complaint was adequately pleaded." The July 30,

2012 Opinion also found "that Plaintiff does not plead its § 1 price-fixing conspiracy claim for the first time in the 5AC [the Fifth Amended Complaint], and that Plaintiff did not, in the past, abandon the claim only to re-plead it here." Opinion at 7-8.

During oral argument on July 13, 2010 Judge Wigenton held that the Third Amended Complaint was sufficiently and adequately pled, stating as follows: "I think it's certainly sufficiently pled as it relates to the price fixing claim. As I said before, this is a pleadings issue at this point. The Court is not going to delve into the arguments that would be appropriate for summary judgment purposes at this juncture ... I want to tell counsel, do not file a motion for reconsideration." (Hrg' Tr., at 15:12-20). A copy of the July 13, 2010 Order denying Bankrate's motion to dismiss the Third Amended Complaint, and Hrg' Tr. are attached as Exhibit 2.

It should be further noted that in BanxCorp's related action against *LendingTree* the Court ruled that, "BanxCorp's status as a competitor does not preclude it from having standing. If anything, its status bolsters its claim that it has antitrust standing." *BanxCorp v. LendingTree LLC*, Civ. No. 10-2467-SDW-MCA (D.N.J. Feb. 7, 2011) (citing *W. Penn Allegheny Health Sys. v. UMPC*, 627 F.3d 85, 102 (3d Cir. 2010); *Carpet Grp. Int'l v. Oriental Importers Ass'n*, 227 F.3d 62, 77 (3d Cir. 2000)).

3

In *LendingTree* the specific anti-competitive practices asserted include: "per se horizontal market division and customer allocation agreements, and per se horizontal price fixing agreements with one or more competitors." The same anti-competitive practices related to LendingTree are asserted in the complaint against Bankrate, and Bankrate has not challenged them. In her July 7, 2008 Opinion in *Bankrate* [Doc. No. 20], Judge Wigenton found that the LendingTree-related pleadings were adequate.

The July 30, 2012 Opinion further found that "BanxCorp's market division/customer allocation theory is not new to the 5AC, and is not being asserted in violation of a court order." Thus, the Court proceeded to evaluate the sufficiency of Plaintiff's expanded market division/customer allocation claim, except as it pertains to Bankrate's agreements with LendingTree.

### 4. The Court Did Not Err in Reaffirming that BanxCorp has Standing

With respect to the issue of Plaintiff's standing, Section III.B.3 of the Court's July 30, 2012 Opinion (at 22) specifically states in its entirety as follows:

> Bankrate argues that Plaintiff lacks standing to bring its market division/customer allocation claim because the Supreme Court has held "that a competitor cannot, as a matter of law, suffer an antitrust injury from a . . . market/customer allocation agreement because the effect of both is to raise prices." (Def. Mov. Br. at 12). The Court rejects this argument, because the United States Supreme Court has held in favor of a Plaintiff asserting market division/customer allocation, after expressly acknowledging that prices rose due to the agreement. *See, e.g.*, *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 47, 49 (1990).

4

Contrary to Bankrate's suggestion, it is well settled in the Third Circuit that the antitrust standing inquiry "is not a black-letter rule," but rather a "balancing test comprised of many constant and variable factors." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 264-65 (3rd Cir.1998) (citation omitted); *Eisai Inc. v. Sanofi-Aventis US, LLC*, Civ. No. 08-4168 (MLC) (D.N.J. 2010).

In addition, in *Palmer v. BRG of Georgia, Inc.*, 498 U.S. 46 (1990), the Supreme Court held that the proscription against market allocations or divisions extends to potential as well as actual competitors, and that the agreement between competitors "was unlawful on its face," specifically citing *United States v. Topco Associates, Inc.*, 405 U. S. 596 (1972), as follows:

> "One of the classic examples of a *per se* violation of § 1 is an agreement between competitors at the same level of the market structure to allocate territories in order to minimize competition.... This Court has reiterated time and time again that `[h]orizontal territorial limitations... are naked restraints of trade with no purpose except stifling of competition.' Such limitations are *per se* violations of the Sherman Act."

*Topco,* at 608 (citations omitted). In fact, the Supreme Court in *Palmer* made no distinction between claims brought by customers or competitors, nor did Bankrate cite to any authority holding that the *Palmer* decision does not apply to claims brought by competitors. Quite to the contrary, other courts have also relied upon *Palmer v. BRG* to conclude that competitors such as BanxCorp here have suffered antitrust injury and have standing to bring market division/customer allocation

5

claims against competitors. *See, e.g., Fricke-Parks Press, Inc. v. Fang*, 149 F.Supp.2d 1175, 1180 (N.D. Cal. 2001) (citing *Topco* and *Palmer, supra*) (the court concluded that plaintiff – a competitor – had sufficiently alleged an antitrust injury as a result of an agreement between defendants/competitors to divide or allocate businesses between them).

In sum, the Supreme Court has provided that in order to plead antitrust injury sufficiently, "[t]he injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." *Fricke-Parks Press*, *supra*, at 1181 (citing *Brunswick*, 429 U.S. at 489, 97 S.Ct. 690).

Defendant Bankrate's CEO Thomas Evans himself posed and answered a rhetorical question as to how its *market division/customer allocation co-branding agreements with one hundred and thirty competitors have stifled competition and caused antitrust injury to BanxCorp*, by stating as follows: "One of the things that is a tremendous gating item for us, we believe is in terms of competition, and barriers for competition, is how does anybody else break into this, if we have tied up all the best newspaper relations, the best co-brand relationships and we've got a dynamic organic traffic website. How does anybody else get into this business and compete with Bankrate? I look at it as both an offensive marketing opportunity, as well as a defensive opportunity." *(See* 5AC and 6AC, ¶ 86, citing to Bankrate's Q1-2007 Earnings Conference Call transcript; *see also* 6AC ¶ 229.xxix).

## <u>CONCLUSION</u>

Based on the foregoing, Bankrate's Motion for Reconsideration should be stricken or denied.

Dated:   August 21, 2012

Respectfully submitted,

_____
Mordechai I. Lipkis, Esq.
350 Broadway, Suite 1105
New York, NY 10013
Tel. 212-925-4023
mlipkis@mlipkis.com
*Admitted Pro Hac Vice*

<u>*s/Lawrence C. Hersh*</u>
Lawrence C. Hersh
17 Sylvan Street, Suite 105
Rutherford, New Jersey 07070
Tel. 201-507-6300
lh@hershlegal.com

*Attorneys for Plaintiff*