# LAW OFFICES OF KRISTEN RENZULLI, PC

31 OVERLOOK DRIVE
CHAPPAQUA, NEW YORK 10514
914.263.7703
914.238.9506 FAX
kristen@renzullipc.com

August 27, 2012

*Via ECF and Fax 973-776-7865*

Hon. Cathy L. Waldor, U.S.M.J.
United States Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

        **Re:**     ***BanxCorp v. Bankrate Inc.*, Civ. No. 07-3398 (KM)(CLW)**
                ***BanxCorp v. LendingTree, LLC*, Civ. No. 10-2467 (KM)(CLW)**

Dear Judge Waldor:

      I am writing on behalf of Plaintiff BanxCorp to outline the pending discovery issues.

**1.**      **Pending Production of Documents**

      Bankrate agreed to remove the AEO designations of its 2005-2009 price lists but has failed to produce the re-designated documents.

      Plaintiff further requests that Bankrate be ordered to remove the AEO designations of the following documents constituting prima facie proof of predatory pricing:

      (a)     document BR00040958 which contains the "Average Max Bid" prices for Yahoo keyword searches as of August 17, 2005, and the corresponding "Bankrate Flat CPC Pricing;" and

      (b)     document BR00066204 which contains the prices of Bankrate's ROI-Search Engine Level Reports for Google, Yahoo, MSN and Ask keyword searches as of October 1-22, 2006.

      In addition, Bankrate failed to produce documents pertaining to its rate table cost-per-click (CPC) price increases from 2009 to the present, which were disclosed by Bankrate's CEO Tom Evans during his June 28, 2012 deposition, and were requested during his deposition (Evans June 28, 2012 Dep. Tr. 11:21-13:2), as follows:

           Q: Does Bankrate have in its possession any documents that would show CPC or cost per click price increases from 2009 to the present?

           A: Bankrate publishes a rate card for our customers. So, yes, that information

Hon. Cathy L. Waldor, U.S.M.J.
August 27, 2012
Page 2

> would be available.
>
> MS. RENZULLI: We would request a copy of whatever document Bankrate has pertaining to price lists showing price – CPC price increases from 2009 to the present.

Accordingly, Bankrate should be ordered to produce the foregoing documents forthwith.

With respect to BanxCorp's communications with government antitrust enforcement agencies (the only such communications that BanxCorp had with government agencies), BanxCorp submitted these documents to the Court for in-camera inspection and is relying on its previously submitted arguments in opposition to disclosure of these documents, which have no relevance to this litigation.

**2.   Disputed Scheduling Sequence and Scope of Expert Reports**

Plaintiff objects to the sequencing and scope of expert reports as proposed by defense counsel on June 20, 2012 (see Doc. No. 341).[1] Defendants have no right to suddenly include or impose any limitations or obligations on BanxCorp with respect to expert reports greater than those imposed by Rule 26 or any other Federal Rule of Civil Procedure. For example, if Defendants have it their way, BanxCorp would be prevented from providing or relying upon supplemental expert disclosures, as provided under Rules 26(a)(2)(E) and 26(e). Counsel's proposed advocacy and restrictive language have no place in a discovery scheduling order, and would be highly prejudicial to Plaintiff.

The most recently amended scheduling order dated March 20, 2012 sets forth the expert report sequencing as submitted by LendingTree's counsel. (See Doc. Nos. 319, 319-1, and 320). There is no justification to allow LendingTree to now attempt to serve an affirmative expert report *after* Plaintiff serves its expert reports in the Bankrate action.

Since the two actions were consolidated, LendingTree has no right to prevent Plaintiff from relying on its affirmative expert reports served in the Bankrate action to support its claims in the LendingTree action. Otherwise, such preclusion would defeat the purpose of consolidation, and would be highly prejudicial to Plaintiff. Moreover, Plaintiff's theories of injury, causation and damages against LendingTree are based on joint and several liability as a result of horizontal price fixing and market division/allocation agreements with Bankrate, a *per se* violation of Section 1 of the Sherman Act.

LendingTree should not be permitted to serve an *affirmative* expert report *30* or *60* days after all *affirmative and responding* reports are served in the Bankrate action, which would

---

[1] Defendants' proposed order indicated that for all other purposes fact discovery is closed.

Hon. Cathy L. Waldor, U.S.M.J.
August 27, 2012
Page 3

unfairly grant LendingTree an additional round of one-sided rebuttals (under the guise of an affirmative expert report), substantially prolonging the completion of expert discovery. [2]

3. **Plaintiff's Proposed Schedule of Expert Reports**

In keeping with the original text and spirit of the Pretrial Scheduling Orders in both actions, Plaintiff proposes that Paragraphs 7 and 8 of the April 4, 2011 Pretrial Scheduling Order in Civil Action No. 10-2467 made applicable to these consolidated cases by Order dated August 31, 2011, be amended to provide that,

(a) All affirmative expert reports shall be delivered by September 28, 2012, with depositions of those experts to be taken and completed within twenty (20) days of receipt of report; and

(b) All responding expert reports shall be delivered by November 28, 2011, with depositions of those experts to be taken and completed within twenty (20) days of receipt of report.

4. **Bankrate Should Not be Permitted to Serve an Answer After the Close of Discovery**

Bankrate has been technically in default, and has not provided any legal basis for its failure to serve an answer or affirmative defenses to the Fourth, Fifth ("5AC") and Sixth Amended Complaint ("6AC"). *See General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378 (Fed. Cir. 2007) (holding that the tolling provision of Rule 12(a)(4)(A) never applies to responses to amended pleadings). It should also be noted that the contents of the 6AC are the same as in the 5AC, except for paragraphs 228-230.

Plaintiff objects to Bankrate's filing of an untimely answer after the close of fact discovery and the submission of expert reports.

Respectfully submitted,

Kristen Renzulli

Cc: All Counsel (*via ECF*)

---

[2] LendingTree's Answer filed on March 7, 2011 (Civ. No. 10-2467, Doc. No. 99) asserts only three Affirmative Defenses. The first two defenses (failure to state a claim, and lack of standing) are moot because they involve legal issues which do not require an expert report, and were already ruled upon by the Court in Plaintiff's favor. LendingTree's third affirmative defense (failure to plead a cognizable relevant market) would also be moot or irrelevant (and thus inadmissible) as a result of the *per se* violations of Section 1.