**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

September 7, 2012

*Via ECF and Fax*

Hon. Kevin McNulty, U.S.D.J.
Hon. Cathy L. Waldor, U.S.M.J.
United States Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

      Re:    *BanxCorp v. Bankrate Inc*., Civ. No. 07-3398 (KM)(CLW)
              *BanxCorp v. LendingTree, LLC,* Civ. No. 10-2467 (KM)(CLW)

Dear Judge McNulty and Judge Waldor:

      We write on behalf of Plaintiff BanxCorp in opposition to defense counsel's proposed Scheduling Order and to object to certain rulings of the Court during a telephone conference held before Judge Waldor on August 30, 2012, which may have the practical effect of excluding at summary judgment or at trial the testimony of certain experts in connection with Plaintiff's claims against Defendant LendingTree (Civ. No. 10-2467), and could consequently have an outcome-determinative effect in the action against LendingTree.

      "The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony." *Rowe, et al. v. E.I. duPont de Nemours & Co*., Civil Nos. 06-1810 (RMB/AMD), 06-3080 (RMB/AMD) (D.N.J. 2010)(citing *In re Mercedes-Benz Antitrust Litig*., 225 F.R.D. 498, 504-505 (D.N.J. 2005))

      The exclusion of critical evidence is an "extreme" sanction not normally imposed absent "willful deception" or "flagrant disregard" for a court order by the proponent of the evidence to be excluded. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)(overruled on other grounds, 777 F.2d 113 (3d Cir. 1985)).   The Third Circuit in *Pennypack* set forth four factors that must be considered before excluding evidence: (1) the prejudice or surprise to the party against whom the evidence would be presented; (2) the ability to cure the prejudice; (3) the extent to which the evidence, if admitted, would disrupt trial of the case; and (4) bad faith or willfulness in failing to comply with the Court's Order.  *Rowe v. E.I. DuPont.*

      Plaintiff's theories of injury, causation and damages against LendingTree are based on joint and several liability as a result of horizontal price fixing and market division/allocation agreements with Bankrate, a *per se* violation of Section 1 of the Sherman Act.  It is well settled that "anti-trust liability under Section 1 of the Sherman Act is joint and several." *In re Uranium*

Hon. Kevin McNulty, U.S.D.J.
Hon. Cathy L. Waldor, U.S.M.J.
September 7, 2012
Page 2

*Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980) (citing *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3rd Cir. 1977)); *see also Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981); *Hall v. E. I. Du Pont De Nemours & Co.*, 345 F.Supp. 353 (E.D.N.Y. 1972).

  BanxCorp has repeatedly disclosed from the outset that, in order to avoid duplication, it would rely on its expert reports in the Bankrate action to support its claims for damages against LendingTree based on joint and several liability.

  On July 11, 2011 the above-referenced actions were consolidated because "the actions involve common questions of law and fact and the same plaintiff," and "consolidation will promote judicial economy." Order Granting Motion to Consolidate (Doc. No. 259).

  Thus, LendingTree cannot credibly argue that it would be surprised or prejudiced, nor would Plaintiff's reliance upon, or use of, the same expert testimony in the consolidated actions, disrupt the trial of the case. In addition, there has been no bad faith or willfulness by Plaintiff in failing to comply with a Court's Order, nor have there been any grounds for any type of sanction against Plaintiff in the LendingTree action.

  As such, LendingTree has no right to prevent Plaintiff from relying on its affirmative expert reports served in the Bankrate action to support its claims in the LendingTree action. Otherwise, such preclusion would defeat the purpose of consolidation, and would be highly prejudicial to Plaintiff. Nor is there any justification to allow LendingTree to serve a sur-rebuttal expert report 30 days after all *affirmative and responding* reports are served in the Bankrate action.

  Based on the foregoing, in keeping with the original text and spirit of the Pretrial Scheduling Orders in both actions, Plaintiff respectfully requests that Paragraphs 7 and 8 of the April 4, 2011 Pretrial Scheduling Order in Civil Action No. 10-2467 made applicable to these consolidated cases by Order dated August 31, 2011, be amended to provide that,

  (a) All affirmative expert reports shall be delivered by September 28, 2012, with depositions of those experts to be taken and completed within twenty (20) days of receipt of report; and

  (b) All responding expert reports shall be delivered by November 28, 2012, with depositions of those experts to be taken and completed within twenty (20) days of receipt of report.

            Respectfully submitted,

            Mordechai I. Lipkis

Cc: All Counsel (*via ECF*)