<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                        :
**BANXCORP,**                            :
                                        :        **Civil Action No. 07-3398 (ES) (CLW)**
                    **Plaintiff,**       :
                                        :                **<u>OPINION</u>**
          **v.**                         :
                                        :
**BANKRATE INC.,**                       :
                                        :
                    **Defendant.**       :
_____        :

<u>SALAS, D<span style="font-variant:small-caps">ISTRICT</span> J<span style="font-variant:small-caps">UDGE</span></u>

This matter is before the Court by way of Bankrate Inc.'s ("Bankrate") Motion for Reconsideration pursuant to Local Civil Rule 7.1(i). (Defendant Bankrate Inc.'s Brief in Support of its Motion for Reconsideration Pursuant to Local Civil Rule 7.1(i), ("Def. Rec. Br.") at 1, D.E. 355). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and (c). The Court's decision is based on its review of the briefs submitted in support of and in opposition to Bankrate's Motion for Reconsideration, and the Court hereby decides the Motion without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendant's Motion for Reconsideration is GRANTED.

**I.     BACKGROUND**

In its July 30, 2012 Opinion denying in part and granting in part Defendant's Motion to Dismiss the Fifth Amended Complaint ("5AC"), this Court held that Plaintiff Banxcorp did have standing to bring its Sherman Act § 1 market division/customer allocation claim. (*See* "July 30, 2012 Opinion", D.E. 351, at 22). However, the Court dismissed that claim because it was

insufficiently pleaded.  (*Id.*).  The dismissal was without prejudice.  Defendant Bankrate now asks this Court to reconsider its holding as to standing and find that Plaintiff does not have standing to bring its § 1 market division/customer allocation claim, and to dismiss that claim with prejudice.  (Def. Rec. Br. at 6).

## II.  LEGAL STANDARD

"Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure."  *Dubler v. Hangsterfer's Labs.*, No. 09-5144, 2012 U.S. Dist. LEXIS 53847, at *3 (D.N.J. Apr. 17, 2012) (citing *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999)).  "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)."  *Id.* (citing *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345).  In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).

In seeking reconsideration, the party must submit "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . overlooked[.]"  L. Civ. R. 7.1(i).  "The standard of review involved in a motion for [reconsideration] is quite high, and therefore [reconsideration] is granted very sparingly."  *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).  The party seeking to persuade the court that reconsideration is appropriate bears the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted).  Thus, "[t]he court will grant a motion for reconsideration only where it overlooked a

factual or legal issue that may alter the disposition of the matter." *Dubler*, 2012 U.S. Dist. LEXIS 53847, at *4 (citing *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345).

With these legal principles in mind, the Court turns to the issue raised by Defendant's motion.

## III.  DISCUSSION

In moving to dismiss the 5AC, Bankrate argued that Plaintiff lacked standing to bring its market division/customer allocation claim because the Supreme Court has held "that a competitor cannot, as a matter of law, suffer an antitrust injury from a . . . market/customer allocation agreement because the effect of both is to raise prices." (Defendant Bankrate Inc.'s Brief in Support of its Motion to Dismiss Portions of the Fifth Amended Complaint with Prejudice ("Def. Mov. Br.") at 12, D.E. 306). This Court rejected that argument, explaining that "the United States Supreme Court has held in favor of a Plaintiff asserting market division/customer allocation, after expressly acknowledging that prices rose due to the agreement." (*See* July 30, 2012 Opinion at 22). The Court relied on *Palmer v. BRG of Georgia, Inc.*, 498 U.S. 46, 47, 49 (1990), to support its holding. (*Id.*).

This Court's reliance on *Palmer* was erroneous. The plaintiff in that case was a customer, not a competitor. *See Palmer*, 498 U.S. at 46. The Supreme Court has held that competitors cannot recover for a "conspiracy to impose nonprice restraints that have the effect of either raising market price or limiting output" because "[s]uch restrictions, though harmful to competition, actually benefit competitors by making supracompetitive pricing more attractive." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 583 (1986); *see also Alberta Gas Chems. Ltd. v. E.I. Du Pont De nemours and Co.*, 826 F.2d 1235, 1242 (3d Cir. 1987) ("[C]ompetitors cannot recover antitrust damages for a conspiracy to impose nonprice

restraints that have the effect of either raising market price or limiting output[.]"); Areeda & Hovenkamp, Antitrust Law ¶ 348a ("[A] rival is actually benefited if its rivals . . . divide markets with the result that prices in the market increase.  Such rivals lack injury-in-fact and are denied standing."); ¶ 348b ("When a . . . market division, or similar collaboration among competitors substantially reduces competition, consumers suffer while existing rivals benefit.   As the Supreme Court recognized, a plaintiff competitor is not injured in fact when rivals restrict their output, thus allowing the plaintiff to enjoy higher prices, greater output, or both."   (citing *Matsushita*, 475 U.S. at 586)); *accord Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 337 (1990) (articulating the same reasoning in the context of a vertical price-fixing conspiracy claim).

In opposing the motion for reconsideration, Plaintiff primarily raises three arguments.  First, it argues that this Court and Judge Wigenton previously held that the price-fixing claim was sufficiently pleaded.   (Plaintiff's Memorandum of Law in Opposition to Defendant Bankrate's Motion for Reconsideration Pursuant to Local Civil Rule 7.1(i) ("Pl. Opp. Br.") at 2-3, D.E. 360).  The Court rejects this argument because the argument concerns sufficient pleading of the price-fixing claim and not standing to bring the market division/customer allocation claim.

Second, Plaintiff argues that Judge Wigenton held—in Banxcorp's action against LendingTree—that "BanxCorp's status as a competitor does not preclude it from having standing.  If anything, its status bolsters its claim that it has antitrust standing."  (*Id.* at 3 (citation omitted)).[1]   Additionally, in her July 7, 2008 opinion, Judge Wigenton found that the claims asserted against LendingTree in the original complaint were sufficiently pled.  (*Id.* at 4).  The Court rejects these contentions because it finds that, as explained above, courts have held that

---

[1] Plaintiff refers to *BanxCorp v. LendingTree LLC*, No. 10-2467, 2011 WL 541807 (D.N.J. Feb. 7, 2011).  That action was once separate from this case but has since been consolidated.

competitors "cannot recover antitrust damages for a conspiracy to impose nonprice restraints that have the effect of either raising market price or limiting output." *Alberta Gas*, 826 F.2d at 1242 (citation omitted).  Courts have dismissed antitrust claims based on lack of antitrust standing even at the pleading stage.[2]  *See SigmaPharm, Inc. v. Mutual Pharm. Co., Inc.*, 454 F. App'x 64, 65-66 (3d Cir. 2011) (affirming district court's grant of defendant's motion to dismiss for "failure to adequately plead antitrust standing"); *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 449 (6th Cir. 2007) ("[W]e not only may—but we must—reject claims under Rule 12(b)(6) when antitrust standing is missing.") (internal quotations omitted); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) (affirming district court's grant of defendants' motion to dismiss pursuant to rule 12(b)(6) for lack of antitrust standing).  Moreover, Judge Wigenton's rulings in the once separate *LendingTree* action do not bind this Court's determinations as to Bankrate.

Finally, Plaintiff argues that *Palmer* did not draw a distinction between competitors and customers and therefore there is no distinction.  On the other hand, Plaintiff argues that at least one court—*Fricke-Parks Press, Inc. v. Fang*, 149 F. Supp. 2d 1175, 1180 (N.D. Cal. 2001)—has cited to *Palmer* when finding that a competitor sufficiently alleged an antitrust injury as a result of an agreement between defendants to divide markets and allocate customers.  The Court rejects these arguments for two reasons.  First, as illustrated above, the courts *have* created a distinction between competitors and customers asserting market division/customer allocation claims in an environment in which prices rose as a result of the anticompetitive conduct.  The *Palmer* Court

---

[2] The Court recognizes that "the existence of antitrust injury is not typically resolved through motions to dismiss." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citation omitted). However, the Court also notes that "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  Accordingly, accepting Plaintiff's allegations in the 5AC as true, the Court cannot find that Plaintiff, a competitor, has standing to sue for a market division/customer allocation conspiracy, the effect of which was to raise prices.

presumably did not discuss the distinction between customers and competitors because it had no reason to do so.  Second, the district court in *Fricke-Parks* relied on *Palmer* for the proposition that "[t]he proscription against market allocations or divisions extends to potential as well as actual competitors."  *Id.* at 1180 (citing *Palmer*, 498 U.S. at 49-50).  The district court was not relying on *Palmer* for the proposition advanced by Plaintiff—that competitors have standing in all instances in which markets were divided or customers were allocated, including environments where that specific anticompetitive activity had the effect of raising prices.

Accordingly, the Court revises its July 30, 2012 Opinion in three respects.  First, it finds that Plaintiff did not have standing to bring its market division/customer allocation claim under § 1 of the Sherman Antitrust Act.  Second, the Court dismisses that claim without prejudice.  *See SigmaPharm, Inc. v. Mutual Pharm. Co., Inc.*, 772 F. Supp. 2d 660, 677 (E.D. Pa. 2011) (dismissing without prejudice plaintiff's Sherman Act claim for lack of antitrust standing); *Indium Corp. of America v. Semi-Alloys, Inc.*, 566 F. Supp. 1344, 1354 (N.D.N.Y. 1983) (dismissing plaintiff's original complaint without prejudice after finding lack of antitrust standing); *cf. In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 405, 420 (S.D.N.Y. 2011) (dismissing with prejudice plaintiff's complaint for lack of antitrust standing only after finding that plaintiff had failed three times to cure deficiencies with regard to standing); *Weatherby v. RCA Corp.*, No. 85-1615, 1986 WL 21336, at *11 (N.D.N.Y. 1986) (dismissing with prejudice only after finding that plaintiff made two failed attempts at establishing antitrust standing, and dismissing without prejudice, for lack of antitrust standing against another set of defendants). Finally, the Court dismisses the market division/customer allocation claim without prejudice under the New Jersey Antitrust Act because it fails under that Act for the same reasons as under the federal antitrust laws.  *See St. Clair v. Citizens Fin. Grp.*, 340 F. App'x 62, 65 n.2 (3d Cir.

2009); *Desai v. St. Barnabas Med. Ctr.*, 510 A.2d 662, 671 (N.J. 1986).

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's motion for reconsideration is GRANTED.


_s/Esther Salas_____
**Esther Salas, U.S.D.J.**