

R. Scott Thompson
Partner

65 Livingston Avenue
Roseland, NJ 07068
T  973 597 2532
F  973 597 2533
sthompson@lowenstein.com

May 20, 2013

**VIA ECF AND FEDEX**
Hon. Michael A. Hammer
United States Magistrate Judge
District of New Jersey
King Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:  BanxCorp v. Bankrate, Inc., Civ. No. 07 - 3398 (KM/MAH)

Dear Judge Hammer:

This firm represents the defendant in the referenced case. We are scheduled to have a telephonic status conference with Your Honor on May 22, 2013 at 12:30. I write in response to the letter to Your Honor dated May 7, 2013 concerning the plaintiff's request for an order directing Bankrate to pay certain fees and costs that it claims were incurred in connection with Bankrate's deposition of the plaintiff's damages expert, Stan V. Smith. The plaintiff requests reimbursement of $9,112.43, which is approximately twice the amount Mr. Smith was paid by the plaintiff to provide his expert report. The plaintiff provides the Court with no evidence supporting any aspect of the requested amount. For the reasons that follow, Bankrate respectfully asks that this Court deny the plaintiff's request.

**Background**

Mr. Smith issued a report dated October 23, 2012 concerning the damages allegedly suffered by the plaintiff as a result of Bankrate's allegedly unlawful conduct. The report was 11 pages long exclusive of background information. Mr. Smith was deposed shortly thereafter on December 18, 2012. The deposition began at 9:46 a.m. and concluded at 4:00 p.m.; exclusive of five lengthy breaks, Mr. Smith testified for four hours and 11 minutes. *See* 12/18/12 Tr. (copy enclosed) at 4:6; 48:24-25; 89:14-15; 126:24-25; 156:18-19; and 171:13-14.

Mr. Smith testified that he was paid $5,000 to prepare his report, which he said took something less than 40 hours to prepare. Tr. 7:20-21, 8:16-9:5. He refused to say how much time he spent preparing his report, claiming that he did not keep track of the time. *Id.*

During the deposition, Mr. Smith appeared to deliberately lengthen the deposition by refusing to answer questions directly, and by taking lengthy breaks of up to 30 minutes during the

**Lowenstein Sandler** LLP

Hon. Michael A. Hammer  May 20, 2013
Page 2

deposition. On many occasions, he repeatedly avoided answering direct questions that simply asked him to state what the product at issue in the case is, whether he had reviewed a certain issue or whether he had undertaken a specific computation. *See, e.g.,* Tr. 23:16- 30:6; 103:13-110:6; 117:14-119:22; 122:10-124:11. Thus, the deposition was needlessly prolonged.

Mr. Smith also made it very clear that he had not prepared for the deposition. For example, he testified that his opinions on damages were all based on the allegations of the Seventh Amended Complaint ("7AC") (*e.g.,* Tr. 33:6-38:2); however, it was clear that he had not read the 7AC in preparation for the deposition. Among the many questions he could not answer during his deposition were:

* What claims are made by the plaintiff in the 7AC (Tr. 19:7-21);

* Whether the plaintiff made claims under the antitrust laws in the 7AC other than monopolization (Tr. 18:24-19:6);

* What statute was alleged in the 7AC to have been violated (Tr. 21:22-22:9);

* What product was involved in the allegations in the 7AC (Tr. 23:16-25); and

* What relevant market was alleged in the 7AC (Tr. 30:24-31:20).

Mr. Smith could not identify a single alleged fact upon which he based his assumption that Bankrate's anticompetitive conduct began in 2001 (Tr. 42:20-43:17); he could not identify a single fact justifying his assumption that the plaintiff BanxCorp was impaired beginning in 2001 (Tr. 69:16-70:2); he did not consider how a change in the date on which Bankrate's allegedly unlawful conduct began might affect his opinion (Tr. 90:16-91:9); and he had not thought about how BanxCorp was injured if Bankrate never had market power (Tr. 73:16-19). Moreover, he had done no review to determine how, or if, BanxCorp generated revenue from 2006 through 2010 (Tr. 134:6-25); he did not know when BanxCorp began selling products online (Tr. 140:20-22); and he had conducted no review of BanxCorp's business plans or detailed financial statements (Tr. 63:15-22), ability to raise capital (Tr. 112: 21-113:25), advertising or marketing expenditures (Tr. 63:23-65:25), or investment in capital assets or technology (*id.*). He was unaware that BanxCorp's owner had been unable to find a buyer for the business despite years of trying (Tr. 66:1-25). Nor had he made any effort to find out how the companies he used as comparable companies in his damages analysis generated income, or if they were similar to BanxCorp in virtually any relevant respect (Tr. 162:1-171:6). In short, he was completely unprepared to discuss any of the bases for the opinions expressed in his report.

On January 7, 2013, plaintiff's counsel requested that Bankrate pay Mr. Smith for 6.5 hours of deposition time, 18.75 hours of preparation time, 8 hours of travel time (all at $375 per hour), and $862.43 of travel expenses, for a total of $13,331.18. Counsel provided no backup for any of

**Lowenstein**
**Sandler** LLP

Hon. Michael A. Hammer                                      May 20, 2013
Page 3

these amounts. I wrote back to counsel, informing her that -- because of the lengthy breaks and Mr. Smith's deliberately evasive answers -- Bankrate would only pay for the actual time spent testifying, an equal number of hours for preparation, travel time at 50% of the rate requested for Mr. Smith's deposition time, plus actual expenses. Counsel wrote back on January 16, 2013 requesting $9,112.43. Counsel never provided any substantiation for any of the amounts requested, and never followed up on the request made on January 16, 2013 (four months ago) until writing to Your Honor on May 7, 2013.

## Argument

BanxCorp initially demanded that Bankrate pay to Mr. Smith an amount that is almost three times the amount BanxCorp paid him for the report he rendered. When Bankrate balked, BanxCorp retreated; it now asks this Court to order Bankrate to pay Mr. Smith twice as much as he received for his report. It is obvious that BanxCorp is attempting to shift the cost of its retention of an expert to Bankrate. Under any circumstances, that would be manifest injustice; under the circumstances present here, it is especially inappropriate, and Bankrate respectfully requests that BanxCorp's motion be denied.

While there is a presumption under the Federal Rules of Civil Procedure that a party should bear a reasonable cost for the deposition of the opposing party's expert, that presumption is qualified in a number of respects that are relevant here. First, the burden is on the party requesting payment to prove that amounts requested are reasonable. *E.g., Barnes v. District of Columbia,* 272 F.R.D. 135, 137 (D.D.C. 2011); *Ndubizu v. Drexel University,* 2011 WL 6046816 (E.D. Pa. 2011) at *1 (copy attached). Where the requesting party fails to substantiate requests for reimbursement with detailed time records or other proof that the request is reasonable, courts routinely limit such requests. *E.g., Ndubizu* at *7-8 (rejecting invoices lacking detail even where there was proof that the invoices were paid); *Feliciano v. Co. of Suffolk,* 246 F.R.D. 134, 137 (E.D.N.Y. 2007). Here, no invoices have been offered by the plaintiff as proof of the amounts alleged to be owed, and there is no evidence that Mr. Smith's rate of $375 per hour is reasonable.[1] In addition, there is no proof that the plaintiff has paid the bills for which it requests reimbursement, and we are confident that those bills have not been paid and will not be paid unless Bankrate is ordered to pay them.

Moreover, it is clear that Mr. Smith did not actually spend 18.75, 12, or even three hours preparing for his deposition. His inability to address even the most basic questions about fundamental aspects of his report belied a complete lack of preparation. During his testimony, with one exception Mr. Smith did not identify any documents that he reviewed in preparation for his deposition that he had not used in the preparation of his report, further confirming that he had

---

[1] Plaintiff's comparison of Mr. Smith's rate to that of Mark Glueck is completely inapposite, as Mr. Smith's testimony was limited to calculating damages (a run of the mill analysis), while Mr. Glueck opined on complicated antitrust issues.

Hon. Michael A. Hammer  May 20, 2013
Page 4

not spent any time preparing for his deposition.[2] He was completely unfamiliar with basic allegations of the 7AC (even repeatedly misidentifying Bankrate's CEO, whose name one could not miss in even a casual reading of the 7AC). We respectfully submit that this Court should not order Bankrate to pay for amounts that are completely unsubstantiated and clearly overstated.

Second, courts have developed guidelines concerning what is "reasonable" compensation under Fed. R. Civ. P. 26(b)(4)(E). While time spent testifying is compensable at standard rates, preparation time is not regarded the same way. Many courts refuse to require any reimbursement for preparation time. *See Borel v. Chevron U.S.A., Inc.*, 265 F.R.D. 275, 277 (E.D. La. 2010), where the court noted that only a "slim majority" of federal courts provide for such recovery (listing cases). Even those courts that do allow for recovery of preparation time severely limit the amount recoverable. As observed in 6 *Moore's Federal Practice* § 26.80[3][d], [3][e], "The presumption of awards does not include an award to the expert (or the retaining party) for any amount of preparation time greater than the maximum time for the deposition . . ." Courts routinely enforce this rule. *E.g., Ndubizu*, 2011 WL 604816 (reducing hours recovered for four experts each to no more than length of deposition); *Borel*, 265 F.R.D. at 278 (reducing hours recovered by 50%); *Fiber optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 593-94 (D. Colo. 2009) (reduction from requested 16 hours to four); *New York v. Solvent Chemical Co., Inc.*, 210 F.R.D. 462, 472 (W.D.N.Y. 2002) (reduction from requested 17.75 hours to three).

Here, BanxCorp is not entitled to an award for fees allegedly incurred in connection with Mr. Smith's preparation for his deposition. As set forth above, it is painfully obvious that Mr. Smith did nothing to prepare for his deposition. He could not answer the most basic questions concerning the case, even those that directly related to his opinions. He did not claim to have read any transcripts of testimony other than pages selected for him by BanxCorp, and he did not identify any materials that he reviewed in preparation for his deposition. BanxCorp has provided no substantiation for any of the hours claimed, and it does not claim to have paid Mr. Smith for his preparation time. Finally, Mr. Smith was deposed less than two months after he prepared his report, making extensive preparation unnecessary. Bankrate respectfully submits that BanxCorp's request for reimbursement for time allegedly spent by Mr. Smith to prepare for his deposition be denied.

BanxCorp requests that Mr. Smith be reimbursed for eight hours of travel time at $187.50 (one-half his rate of $375 per hour). While courts have held that travel time is only recoverable where there are no qualified witnesses within the district where the case is pending (*e.g., Lent v. Fashion Mall Partners, L.P.*, 223 F.R.D. 317, 318 (S.D.N.Y. 2004)), Bankrate does not object to this part of BanxCorp's request. Mr. Smith easily could have used his travel time to prepare, so an award to BanxCorp for Mr. Smith's time spent traveling would compensate BanxCorp for

---

[2] The one exception was the expert report of Mark Glueck, which BanxCorp incorrectly, and hysterically, identifies as having been "withdraw[n]" and "stricken".

Lowenstein
Sandler LLP

Hon. Michael A. Hammer  May 20, 2013
Page 5

preparation time as well. *See Boos v. Prison Health Services,* 212 F.R.D. 578, 580 (D. Kansas 2002) (requiring payment for preparation time at 40% of expert's standard rate).

Mr. Smith should not be paid more for his deposition than he was paid to prepare his report. This is particularly true where he deliberately extended the length of his deposition by refusing to answer questions and taking overlong breaks, among other things. Moreover, he did not prepare in any meaningful way for his deposition. Bankrate respectfully suggests that reimbursement be limited to 4.66 hours for actual deposition time (representing time spent in deposition plus a short lunch break), Mr. Smith's travel time, and expenses, totaling $4,112.43.

Respectfully submitted,

R. Scott Thompson

20928/2
05/20/13 24989997.1

Encs.

cc:   Kristen Renzulli, Esq. (Email)
      Mordechai Lipkis, Esq. (Email)
      Michael Hahn, Esq.