**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP, | Civil Action No.: 07-3398 (CCC) |
| Plaintiff, | |
| v. | **ORDER** |
| BANKRATE, INC., | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff BanxCorp's ("Plaintiff" or "BanxCorp") motion to set aside the July 30, 2013 pretrial order of Magistrate Judge Michael Hammer [ECF. No. 438] pursuant to Federal Rules of Civil Procedure 60 and 72 and to impose sanctions pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent power. [ECF No. 440.] Defendant Bankrate, Inc. ("Defendant" or "Bankrate") opposed the motion. [ECF No. 443.] This matter is decided without oral argument. Fed. R. Civ. P. 78. It appearing that:

1. Plaintiff seeks to set aside Judge Hammer's pretrial order denying the imposition of sanctions against Bankrate in connection with Defendant's alleged failure to produce eighty seven co-branding agreements. Further, Plaintiff seeks (1) to impose sanctions against Bankrate—including a default judgment—in connection with the purportedly fraudulent filing of expert reports by Mark Glueck, Bankrate's antitrust expert; (2) to preclude the testimony and opinions of Mr. Glueck in connection with summary judgment or any other motions or at trial; and (3) to strike the Glueck Reports and related exhibits (except for exhibit 12), for all purposes.

2. With respect to the co-branding agreements, Judge Hammer found that "[t]here has been no showing by plaintiff here of willfulness, much less bad faith or showing that any such documents actually ever existed, much less were withheld or destroyed." (Transcript of July 30, 2013 Proceedings before Judge Hammer ("Tr.") 7.)  Further noting that Plaintiff "had the opportunity to depose Mr. Glick [sic]" about the eighty seven co-branding agreements "but apparently did not do so", Judge Hammer concluded: "Absent [further inquiry by Plaintiff] and absent a showing that documents actually existed, much less were withheld in discovery, or – were destroyed, it's impossible for this Court to find an adequate basis or record that meets the high standard . . . for imposition of sanctions, much less the imposition of an adverse inference." Id.

3. Although the issues concerning the purportedly fraudulent expert reports of Mark Glueck were not explicitly addressed in Judge Hammer's order, they were raised during the proceedings held on July 29, 2013.  Judge Hammer declined to "take any – further action with respect to [these issues]" because "everybody agrees it just makes more sense" for the district judge to decide these issues in conjunction with the then-pending summary judgment motions.  (Tr. 11.)

4. Rule 72(a) provides that, when a magistrate judge decides a pretrial matter that is non-dispositive, the "district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."  See also 28 U.S.C. § 636(b)(1)(A).   A magistrate judge's rulings regarding discovery, including sanctions, are generally considered non-dispositive motions that are reviewed under this standard.  Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); Wachtel

2

v. Guardian Life Ins. Co., 232 F.R.D. 213, 217 (D.N.J. 2005).  A decision is clearly erroneous "when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'"  Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J.2008) (citation omitted); Simoni v. Meridian Health Sys., Inc., 2014 WL 1050453 (D.N.J. Mar. 14, 2014).  A decision is contrary to law when it misinterprets or misapplies applicable law.  Id.  Because "the magistrate judge is accorded wide discretion," NLRB v. Frazier, 966 F.2d 812, 815 (3d Cir.1992), "the party filing the [appeal] bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J.2004).

5.  When deciding whether to impose sanctions, a court must look at whether the conduct at issue was "reasonable under the circumstances".  Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991).  Indeed, sanctions are prescribed in only "exceptional circumstances".  Id.; Doering v. Union County Board of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir.1988); Robles v. U.S. Envtl. Universal Servs., Inc., 2011 WL 4729821 (D.N.J. Oct. 5, 2011).

6.  The Court has reviewed the parties' submissions and finds that Judge Hammer's decision not to impose sanctions on the basis of Defendant's failure to produce eighty seven co-branding agreements was not clearly erroneous or contrary to law.  The record currently before the Court is the same record that was before Judge Hammer; Plaintiff has not supplemented that record with evidence that the co-branding agreements at issue "actually ever existed, much less were withheld or destroyed".

(Tr. 7.)   Judge Hammer applied the correct legal standard and his decision not to impose sanctions was well within his discretion given the record before him.   Plaintiff has not met its burden of showing that Judge Hammer's decision was clearly erroneous or contrary to law.

7. With respect to the issues surrounding the allegedly fraudulent expert reports of Mark Glueck, Judge Hammer concluded, and Plaintiff conceded, (Tr. 7), that these issues would be best decided by the Court in conjunction with the parties' summary judgment motions.   As such, he declined to impose sanctions at that time and, instead, left these issues open for this Court's consideration.   There has been no change in circumstances since the time of those proceedings that would justify a more immediate decision and, therefore, the Court will rule on these issues—including any requests to preclude testimony or strike the expert reports—in connection with the parties' summary judgment motions.

Accordingly, **IT IS** on this 26th day of September, 2014

**ORDERED** that Plaintiff's motion to set aside Magistrate Judge Hammer's July 30, 2013 pretrial order and to impose sanctions [ECF No. 440] is hereby denied.

**SO ORDERED.**

**HON. CLAIRE C. CECCHI**
**United States District Judge**

4