NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP, <br><br> Plaintiff, <br><br> v. <br><br> BANKRATE, INC., <br><br> Defendant. | Civil Action No.: 07-3398 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Plaintiff Banxcorp's ("Plaintiff") motion for reconsideration. ECF No. 483. Defendant Bankrate, Inc. ("Defendant") opposed Plaintiff's motion. ECF No. 489. Plaintiff filed a reply brief in support of its motion. ECF No. 490. The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration.[1]

**I.   BACKGROUND**

This case has a lengthy history. The parties both operated websites that allowed visitors to obtain interest rate information for various financial products. ECF No. 481 at 3. During the time period at issue, both BanxQuote.com (operated by Plaintiff) and Bankrate.com (operated by Defendant) offered information concerning bank rates. A visitor to either of those websites could "interact" with the websites by typing in parameters for a particular financial product which would

---

[1] The Court notes Defendant's contention that Plaintiff's motion for reconsideration was untimely under Local Civil Rule 7.1(i) as it was filed twenty-one days after the Court's Opinion and Order were entered. *See Stokes v. Internal Affairs Section*, No. 19-20414, 2020 WL 2537575, at *2 (D.N.J. May 19, 2020) (denying motion for reconsideration as it was not filed within fourteen days of the challenged opinion as required by Local Rule 7.1(i)). Nonetheless, the Court will consider Plaintiff's motion for reconsideration on its merits here.

cause the website to generate a table listing interest rates for that financial product. *See* October 14, 2015 Oral Argument Transcript at 21:4-23:5, 90:9-20. Plaintiff lost its value as a going concern and exited the market by December 31, 2010, allegedly due to Defendant's anti-competitive behavior. ECF No. 481 at 2. Plaintiff filed the instant suit in July 2007 claiming that Defendant's "antitrust misconduct has nearly destroyed Plaintiff as a company" and asserting violations of state and federal antitrust statutes. ECF No. 1 at 1–2. Plaintiff's primary assertion appears to be that Defendant used predatory pricing, illegal partnership agreements, and anticompetitive mergers to obtain a monopoly on the relevant market. Id. The case has been assigned to numerous District Judges over its thirteen year existence, was referred to mediation unsuccessfully, and is currently proceeding on the seventh amended complaint. ECF No. 378. The parties cross-moved for summary judgment on the seventh amended complaint and oral argument was heard on the cross-motions. ECF Nos. 389, 405, 406, and 473.

On March 21, 2019, this Court issued an opinion (the "Opinion") and order granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. ECF No. 481. The Court found in favor of Defendant on whether Defendant: (1) monopolized or attempted to monopolize interstate commerce in violation of the Sherman Act (id. at 8–22), (2) violated the Clayton Act through its acquisitions of other firms (id. at 22–23), or (3) violated the New Jersey Antitrust Act (id. at 23–24). Plaintiff subsequently filed both a motion for reconsideration and a notice of appeal. ECF Nos. 483 and 484. The Court of Appeals for the Third Circuit issued an order staying the appeal pending the outcome of Plaintiff's motion for reconsideration on April 15, 2019. Subsequently, Defendant filed a brief in opposition (ECF No. 489) and Plaintiff filed a reply (ECF No. 490).

## II.  LEGAL STANDARD

"[R]econsideration is an extraordinary remedy, that is granted '*very sparingly*.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape,* 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353).

3

### III. <u>ANALYSIS</u>

The Court finds that reconsideration of its March 21, 2019 Opinion is not warranted. Plaintiff raises numerous contentions in the motion for reconsideration. First, Plaintiff contends that there is new evidence of Defendant's fraudulent scheme because the former chief financial officer of Defendant recently received a 10-year prison sentence for accounting and securities fraud. ECF No. 483-1 at 7. Second, Plaintiff contends that the Court erred by relying on Defendant's allegedly falsified figures and economic analysis, and construing all evidence in the light most favorable to the Defendant. Id. at 9–14. Third, Plaintiff contends that the Court erred by considering each aspect of Defendant's conduct in isolation rather than looking at Defendant's conduct as a whole. Id. at 16. Fourth, Plaintiff contends that the Court erred in reversing the findings of district judges who previously presided over the case. Id. Fifth, Plaintiff contends that the Court's ruling erred by characterizing statements made by Defendant's former chief executive officer during quarterly earning calls as anecdotal. Id. at 19. Finally, Plaintiff contends that the Court erred by finding that Plaintiff failed to provide sufficient evidence to support its Sherman Act and Clayton Act claims. Id. at 22.

The Court finds Plaintiff's contentions unavailing and notes that several of the arguments are improper attempts to relitigate issues already considered by this Court. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations and quotation marks omitted) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what i[t] had already thought through—rightly or wrongly."). Nonetheless, the Court will consider each of Plaintiff's arguments below.

First, Plaintiff's purportedly new evidence is not new. The Department of Justice press release cited by Plaintiff that discusses the sentencing of Defendant's former chief financial officer, Edward DiMaria, for accounting fraud, was published over five months before the March 21, 2019 Opinion was issued and the relevant conduct has been public knowledge since at least September 2015. *See* ECF No. 489 at 5.  This evidence was available to Plaintiff prior to the release of the Opinion on March 21, 2019 and could have been brought to the Court's attention prior to that date. *See Cranmer v. Philadelphia Indem. Ins. Co.*, No. 14-3206, 2016 WL 3566728, at *4 (D.N.J. June 30, 2016) ("[A]ll of the evidence submitted in support of the present motion appears to have been available during the pendency of summary judgment, and Plaintiffs provide no explanation why this evidence was not submitted in opposition to the motion.  This alone constitutes a sufficient basis for the court to disregard the new evidence.")  The Court also agrees with Defendant that this "new" evidence of Mr. DiMaria's accounting and securities fraud conviction does not appear material to the claim at issue here that Defendant monopolized the financial product interest rate market. *See* ECF No. 489 at 6.  For both of these independent reasons, Plaintiff's first argument for reconsideration fails.

Second, Plaintiff's contention that the Court relied upon the withdrawn report of Defendant's expert Mark J. Glueck is incorrect. ECF No. 483-1 at 9.  Glueck's credentials and expertise came under question during the course of this litigation and Defendant sought summary judgment without the support of any of Glueck's work. *See* ECF No. 443 at 4 n.2 ("[Defendant] has already informed the Court that it is not relying upon Mr. Glueck's opinions in any way in connection with the pending summary judgment motions, and [Defendant] has asked the Court to disregard the few citations to Mr. Glueck's reports contained in the summary judgment briefs.").

As a result, the Court explicitly noted it was not relying on the expert report of Glueck and arrived at its decision without referring to the disputed materials or any portions of Defendant's submissions that cited to Glueck's materials. *See* ECF No. 481 at 5–6 n.4 ("Accordingly, the Court has disregarded any citation to Mr. Glueck's report in the summary judgment briefing."). Plaintiff's second argument for reconsideration is thus inaccurate and fails.

Third, Plaintiff is incorrect that the Court improperly considered Defendant's conduct in isolation, rather than as a whole, in its monopoly analysis. Plaintiff argues that "[i]t was clear error for the Court to consider each aspect of Defendant's conduct in isolation rather than looking to the monopolist's conduct taken as a whole." ECF No. 483-1 at 16. Plaintiff fails to acknowledge the detailed analysis set forth in the Opinion wherein the Court considered all of the evidence Plaintiff offered as both direct and circumstantial evidence of Defendant's monopolization. The Court found that Plaintiff "adduce[d] neither direct nor circumstantial evidence that Bankrate possessed monopoly power" as required to support its various antitrust claims. Id. at 9. Plaintiff's mere disagreement with the Court's holding does not equate to an error of law and Plaintiff's third argument for reconsideration fails.

Fourth, Plaintiff's argument that the Opinion reverses a prior decision of Judge Esther Salas is incorrect. Plaintiff argues that Judge Salas previously held that Plaintiff plausibly alleged monopoly power in connection with its antitrust claim and that statements made by Defendant's officers during earnings calls were sufficient to support Plaintiff's claims. ECF No. 483-1 at 18–20. Plaintiff, however, ignores the fact that Judge Salas' holdings came in a decision on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), where Judge Salas was required to accept the facts in the fourth amended complaint as true and was determining

6

solely whether the fourth amended complaint contained plausible claims. *See* ECF No. 298 at 35 (emphasis added) ("[A]llegations in the 4AC, taken together, *when accepted as true*, plausibly support a showing of the first element, monopoly power."); id. at 39. In contrast, here the Court considered the evidence submitted by the parties as is required at the summary judgment stage of litigation in accordance with Federal Rule of Civil Procedure 56. *See* ECF No. 481 at 8. Judge Salas' prior ruling does not contradict or prohibit the Court's rulings at the summary judgment stage and Plaintiff's fourth argument for reconsideration fails.

To the extent Plaintiff makes a similar argument with respect to a ruling from Judge Susan Wigenton on a motion to dismiss in her 2009 opinion, the Court is unpersuaded that reconsideration is warranted on this basis. In fact, the cited ruling from Judge Wigenton found that Plaintiff had inadequately defined the relevant market and required Plaintiff to amend the complaint to address this issue. *See* ECF No. 75 at 5–6 ("[I]nconsistencies and confusion still cloud BanxCorp's definition of the relevant market. These must be corrected.").

Finally, Plaintiff's argument that the Court erred in finding that Plaintiff failed to provide sufficient economic evidence to support its claims is a prohibited attempt to relitigate arguments previously considered in the Opinion. This argument is clearly improper at this stage of the litigation and will not be reconsidered by the Court. *Gutierrez v. Johnson & Johnson*, No. 01-5302 WHW, 2007 WL 1101437, at *4 (D.N.J. Apr. 10, 2007) ("This is not the purpose of a motion for reconsideration. A party is not entitled to a second bite at the apple."); *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352 (A motion for reconsideration "may not be used to relitigate old matters.").

Accordingly, Plaintiff has failed to point to any change in controlling law, new evidence not available previously that alters the Court's prior decision, or a clear error of fact or law that must be addressed to avoid manifest injustice. *N. River Ins. Co.*, 52 F.3d at 1218.

## IV.     CONCLUSION

For the aforementioned reasons, Plaintiff's motion for reconsideration (ECF No. 483) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATE**: May 29, 2020

**CLAIRE C. CECCHI, U.S.D.J.**

8